JOSEPH DUFFY (State Bar No. 241854)
TAYLOR DAY (State Bar No. 267435)
MORGAN, LEWIS & BOCKIUS LLP
300 South Grand Avenue, Twenty-Second Floor
Los Angeles, CA 90071-3132
Telephone: 213.612.2500
Facsimile: 213.612.2501
E-mail: jduffy@morganlewis.com
       tday@morganlewis.com

KRISTOFOR T. HENNING (PAB 85047)
(*Pro Hac Vice application forthcoming*)
FRANCO A. CORRADO (PAB 91436)
(*Pro Hac Vice application forthcoming*)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Telephone: 215.963.5000
Facsimile: 215.963.5001
E-mail: khenning@morganlewis.com
       fcorrado@morganlewis.com

Attorneys for Defendant
HEWLETT-PACKARD COMPANY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT A. WALLER, JR., on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br>v.<br>HEWLETT-PACKARD COMPANY, a Delaware corporation, 3000 Hanover Street, Palo Alto, California 94304-1185, COSTCO WHOLESALE CORPORATION, a Washington corporation, P.O. Box 34331, Seattle, Washington 98124, WESTERN DIGITAL CORPORATION, a Delaware corporation, 3355 Michelson Drive, Suite 100, Irvine, California 92612, STAPLES, INC., a Delaware corporation, 500 Staples Drive, Framingham, Massachusetts 01702, and Does 1-100, inclusive,<br><br>Defendants. | Case No. **'11CV0454 LAB RBB**<br><br>**DEFENDANT HEWLETT-PACKARD COMPANY'S NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA** |

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE THAT Defendant Hewlett-Packard Company ("HP") hereby removes the above-entitled action to this Court from the Superior Court of the State of California (County of San Diego (North County Branch)) pursuant to the Class Action Fairness Act, 28 U.S.C. §§ 1332, 1441 and 1446, and in support thereof avers as follows:

**I.     REMOVAL IS TIMELY.**

1. Plaintiff Robert A. Waller, Jr. ("Plaintiff") initiated this action in the Superior Court of the State of California – County of San Diego (North County Branch) – on July 8, 2010. HP was served with Plaintiff's Complaint on July 22, 2010. *See* Ex. 1.

2. Plaintiff filed a First Amended Complaint ("FAC") on or about September 30, 2010. HP received Plaintiff's FAC on October 6, 2010. *See* Ex. 2.

3. Plaintiff filed a Second Amended Complaint ("SAC") on February 4, 2011. *See* Ex. 3. HP received Plaintiff's SAC that same day. Plaintiff's SAC is the first of his complaints over which this Court could exercise original jurisdiction.

4. Because this Notice of Removal is being filed within thirty (30) days after Plaintiff served his SAC upon HP, it is timely under 28 U.S.C. § 1446(b) and Fed. R. Civ. P. 6(a)(1)(C).

5. Plaintiff's Complaint, FAC and SAC are attached as Exhibits 1 – 3 respectively and all orders served on HP to date are attached collectively as Exhibit 4. *Cf.* 28 U.S.C. § 1446(a).

**II.     SUBJECT MATTER JURISDICTION EXISTS IN THIS COURT.**

6. Plaintiff's SAC alleges that HP, Costco Wholesale Corporation ("Costco"), Western Digital Corporation ("WD") and Staples, Inc. ("Staples") violated California's Unfair Competition Law, False Advertising Law and Consumer Legal Remedies Act by misrepresenting the characteristics of a "SimpleSave" external hard drive Plaintiff claims he purchased. *See* Ex. 3.

7. Plaintiff has sued on behalf of himself as well as a putative class consisting of "[a]ll persons who reside in California and who purchased an HP SimpleSave external hard drive

in California during the relevant period." *See* Ex. 3 at ¶ 33(a). Plaintiff alleges that the putative class he seeks to represent consists of more than 100 members. *See* Ex. 3 at ¶ 36. Accordingly, Plaintiff's lawsuit is a "class action" as defined in 28 U.S.C. § 1453 and 28 U.S.C. § 1332(d)(1)(B). *See also* 28 U.S.C. § 1332(d)(5)(B).[1]

8.  Removal of Plaintiff's SAC is effective without the consent of the other defendants. *See* 28 U.S.C. § 1453(b).

### III. MINIMAL DIVERSITY OF CITIZENSHIP EXISTS.

9.  District courts have subject matter jurisdiction over a "class action," as defined in 28 U.S.C. § 1453 and 28 U.S.C. § 1332(d)(1)(B), where, *inter alia*, "any member of a class of plaintiffs is a citizen of a State different from any defendant[.]" *See* 28 U.S.C. § 1332(d)(2)(A).

10. Plaintiff alleges that he and the putative class members are residents of California. *See* Ex. 3 at ¶¶ 1, 17, 33.[2]

11. Plaintiff alleges that Costco is a citizen of Washington. *See* Ex. 3 at ¶ 19. As a result, at least one member of the putative class Plaintiff seeks to represent is a citizen of a different State than any defendant.

### IV. THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED.

12. District courts have subject matter jurisdiction over a "class action," as defined in 28 U.S.C. § 1453 and 28 U.S.C. § 1332(d)(1)(B), where, *inter alia*, "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." *See* 28 U.S.C. § 1332(d)(2). Pursuant to 28 U.S.C. § 1332(d)(6), the claims of each putative class member can be aggregated to determine whether the amount in controversy requirement is satisfied. Based on the allegations in Plaintiff's SAC and the nature of the relief Plaintiff seeks, the amount in controversy requirement is satisfied.

13. Plaintiff's SAC alleges that he paid $79.99 for his "SimpleSave" external hard drive. *See* Ex. 3 at ¶ 24. Plaintiff seeks the return of that purchase price for himself and

---

[1] HP does not agree that Plaintiff's claims are appropriate for class treatment in any form and reserves the right to make all available arguments in that regard, if necessary, at the appropriate time.
[2] For purposes of this Notice of Removal, HP has treated Plaintiff's allegations of residence as allegations of citizenship.

1  "thousands" of putative class members. *See* Ex. 3 at ¶ 36;[3] *see also* Ex. 3 at Prayer for Relief. Plaintiff also seeks, for himself and the putative class he seeks to represent, consequential damages, special damages, punitive damages, attorney's fees and an injunction requiring all of the defendants to change their advertising for the "SimpleSave" hard drive Plaintiff alleges that he bought. *See* Ex. 3 at ¶ 26; *see also* Ex. 3 at Prayer for Relief.

14.  Plaintiff's request for a refund of his and "thousands" of others' purchase price of approximately $80.00 or more, combined with his request for consequential and special damages, attorney's fees, punitive damages and the value of the injunctive relief he seeks satisfies the $5 million amount in controversy requirement.[4] *Cf. Sanchez v. Wal-Mart Stores, Inc.*, No. 06-cv-2573, 2007 WL 1345706, at *2 (E.D. Cal. May 8, 2007) (explaining that "[a]ttorney's fees, if authorized by statute or contract" and "punitive damages" are to be included when calculating amount in controversy under CAFA);[5] *Mora v. Harley-Davidson Credit Corp.*, No. 08-cv-01453, 2009 WL 464465, *5 (E.D. Cal. Feb. 24, 2009) (denying motion to remand and including aggregate value of injunctive relief as part of amount in controversy calculation).

**V.   VENUE.**

15.  Venue is proper in this district pursuant to 28 U.S.C. § 1441 (a).

---

[3] Plaintiff alleges that "thousands" of putative class members purchased their products at Costco stores in California. *See* Ex. 3 at ¶ 36. That figure is necessarily higher for all purchases made in California.

[4] HP disagrees that Plaintiff or any putative class member is entitled to any of the relief Plaintiff seeks and reserves its right to assert all available arguments in that regard, if necessary, at a later date. Still, Plaintiff's request for such relief satisfies the amount in controversy requirement.

The putative classes in Plaintiff's Complaint and FAC were limited to California residents who purchased certain "SimpleSave" hard drives from Costco stores in California. *See* Ex. 1 at ¶ 25; *see also* Ex. 2 at ¶ 27. The amount in controversy was not satisfied in those complaints. It was not until Plaintiff's SAC that Plaintiff sought to represent all California residents who purchased "SimpleSave" hard drives in California from *any* source and, therefore, satisfied the amount in controversy requirement.

[5] The value of potential attorney's fees are properly considered here because, among other reasons, Plaintiff has asserted claims against HP under the Consumer Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.*, which provides for the recovery of attorney's fees. *See* Cal. Civ. Code § 1780(e).

**VI.     NOTICE.**

16.    HP will promptly serve this Notice of Removal on all parties and will promptly file a copy of this Notice of Removal with the clerk of the state court in which this action has been pending.  *See* 28 U.S.C. § 1446(d).

**VII.    CONCLUSION.**

17.    HP respectfully removes this action to this Court.  If Plaintiff asserts any challenge to removal, HP requests the opportunity to present a brief and oral argument in support of its position that jurisdiction exists over this action in this Court.

Dated:  March 4, 2011                    Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP


By /s/ Joseph Duffy
    Joseph Duffy
    Attorneys for Defendant,
    HEWLETT-PACKARD COMPANY