# EXHIBIT 1

 **CT Corporation**

**Service of Process Transmittal**
07/22/2010
CT Log Number 516993318

TO: Lisa Brown, Legal Dept.
Hewlett-Packard Company
3000 Hanover Street, MS 1050
Palo Alto, CA 94304

RE: **Process Served in California**

FOR: Hewlett-Packard Company (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Robert A. Waller, Jr., etc., Pltf. vs. Hewlett-Packard Company, etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Cover Sheet, Instructions, Notice |
| **COURT/AGENCY:** | San Diego County, Superior Court, CA<br>Case # 37201000057144CUBTNC |
| **NATURE OF ACTION:** | Class Action - Defendant made, published, disseminated, circulated or placed before the public, advertisements and packaging claims concerning the attributes, qualities, characteristics, functions, and capabilities of the SimpleSave external hard drive which were untrue, deceptive, misleading or materially incomplete |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 07/22/2010 at 14:25 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Thomas F. Feerick<br>Feerick & Associates<br>519 Encinitas Boulevard<br>Suite 104<br>Encinitas, CA 92024<br>760-632-4850 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex Standard Overnight , 790228814265<br>Image SOP<br>Email Notification, Cindy Bunyan cindy.bunyan@eds.com<br>Email Notification, Lisa Brown lisa.brown@hp.com<br>Email Notification, John F. Schultz jschultz@hp.com<br>Email Notification, Ellen Brigham ellen.brigham@eds.com<br>Email Notification, Lady Custodio lady.custodio@hp.com<br>Email Notification, Paula Rozell paula.rozell@eds.com<br>Email Notification, Dorothy Culham dorothy.culham@eds.com<br>Email Notification, Amy Mello amy.mello@hp.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Nancy Flores |
| **ADDRESS:** | 818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Page 1 of 1 / HT

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

Exhibit 1, Page 6

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Hewlett-Packard Company, a Delaware corporation; Costco Wholesale Corporation, a Washington corporation; and DOES 1-100

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ROBERT A. WALLER, JR., on behalf of himself and all others similarly situated

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN DIEGO, NORTH COUNTY BRANCH
325 South Melrose Drive, Vista, California 92083

CASE NUMBER: 37-2010-00057144-CU-BT-NC

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Thomas F. Feerick (SBN176412), 519 Encinitas Blvd., Ste. 104, Encinitas, CA 92024 (760) 632-4850

DATE: JUL 0 8 2010    Clerk, by T. BUTACAN, Deputy
*(Fecha)*    *(Secretario)*    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* HEWLETT-PACKARD COMPANY, A DELAWARE CORPORATION; COSTCO, A WASHINGTON CORPORATION
   under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 7/27/10

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
American LegalNet, Inc.
www.FormsWorkflow.com

Exhibit 1, Page 7

FEERICK & ASSOCIATES
Thomas F. Feerick   SBN 176412
519 Encinitas Boulevard, Suite 104
Encinitas, California 92024
Telephone:   (760) 632-4850
Facsimile:    (760) 632-5853

Robert A. Waller, Jr.   SBN 169604
LAW OFFICE OF ROBERT A. WALLER, JR.
519 Encinitas Boulevard, Suite 104
Encinitas, California 92024
Telephone:   (760) 753-3118
Facsimile:    (760) 753-3206

Attorneys for Plaintiff Robert A. Waller, Jr.,
on behalf of himself and all others similarly situated

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN DIEGO - NORTH COUNTY BRANCH

| | |
|---|---|
| ROBERT A. WALLER, JR., on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>HEWLETT-PACKARD COMPANY, a Delaware corporation, COSTCO WHOLESALE CORPORATION, a Washington corporation, and Does 1-100, inclusive,<br><br>Defendants. | Case No: 37-2010-00057144-CU-BT-NC<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES**<br><br>1. Violation of Unfair Competition Law (Bus. & Prof. Code § 17200, et seq.);<br>2. Untrue and/or Misleading Advertising (Bus. & Prof. Code § 17500).<br>3. Violation of Consumers Legal Remedies Act (Civ. Code §1750)<br><br>**DEMAND FOR A JURY TRIAL** |

Plaintiff ROBERT A. WALLER, JR., on behalf of himself and all others similarly situated, complains of Defendants and/or DOES and for all causes of action alleges:

1. Plaintiff Robert A. Waller, Jr. is and at all times herein mentioned a resident of the County of San Diego, California.

2. Defendant HEWLETT-PACKARD COMPANY (herein after "HP") is and at all times mentioned herein was a a corporation duly organized and existing under the laws of the State of Delaware, with its principle place of business and corporate nerve center in Palo Alto, California, who is at all times herein mentioned authorized to and doing business in the State

1  of California as a designer, manufacturer, and distributor of a wide range of technology products and services, including but not limited to the SimpleSave external hard drive which is subject of this action.

3. Defendant COSTCO WHOLESALE COMPANY (herein after "Costco") is a corporation duly organized and existing under the laws of the State of Washington, with its principle place of business and nerve center in the State of Washington, who is authorized to do and is at all times mentioned herein doing business in the State of California as a membership warehouse which offers it's members low prices on a limited selection of nationally branded and select private label products in a wide range of merchandise categories.

4. Plaintiff is ignorant of the true names, capacities, and identities of those defendants sued herein as DOES 1 through 100, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names, capacities and identities when ascertained. Plaintiff is informed, believes and thereon alleges that each of the fictitiously named defendants is thereon responsible in some manner for the occurrences herein alleged, and that plaintiff's injuries as herein alleged were proximately caused by such acts.

5. Plaintiff is informed and believes, and based thereon alleges, that each Defendant and/or DOE acted in all respects pertinent to this action as the agent of the other Defendants and/or DOES, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant and/or DOE are legally attributable to the other Defendants and/or DOES.

I.

## GENERAL ALLEGATIONS

6. This is a class action pursuant to California Code of Civil Procedure brought on behalf of Plaintiff Robert A. Waller, Jr. ("Plaintiff") and all California residents who purchased HP SimpleSave external hard drives from Costco stores located in California within the relevant statutory period.

7. Plaintiff alleges that the defendants and each of them violated the California Unfair Competition Law (California Business and Professions Code §17200) and advertised falsely the attributes, qualities, characteristics, functions, and capabilities of the SimpleSave external hard drive in violation of California Business and Professions Code §17500 and the California Consumers Legal Remedies Act, Civil Code §1750 *et seq.*

8. Defendant HP designs, manufactures, and distributes, and defendant COSTCO sells to consumers two versions of the SimpleSave external hard drives, one having 1 TB (terabyte) capacity and one having 320 GB (gigabyte) capacity. Both versions contain the same essential advertisements and representations as herein alleged.

9. Central to defendant HP and Costco's advertising and marketing of the SimpleSave portable external hard drives are claims and representations about the ease, simplicity, thoroughness, and completeness of backing up computer files with the SimpleSave. HP and Costco both represent that purchasers of the SimpleSave can "just plug it in", the devise has "Automatic Backup Software", "Hands Free Backup", "Plug & Play Storage", "No complicated setting" and the consumer's "important files" will be saved without doing more.

10. The SimpleSave packaging echoes this sentiment, claiming to provide "instant hands-free backup" in large letters in a prominent position on the package. Similarly, the package includes other prominent references to the products' ease, simplicity, thoroughness, and completeness, and accessibility, including there is "no software to install" and "no files to select" and "automatically supports most file types" in the process of backing up files from the consumer's computer. Further, the package boasts the SimpleSave "finds and backs up all your important files the minute you plug it in." The device is represented to be so simple "anyone can use it" and that there is "no software to install and no files to select."

11. SimpleSave hard drives do not come with any instruction or user manual or any other printed literature to specify, clarify, alert instruct or warn the user before using the product which types or categories of files are automatically saved. SimpleSave does not provide any instruction or user manual or any other printed literature or any other information about which specific program, types, or categories of files are being automatically backed up that

would be pertinent to a consumer's expectations when saving large amounts of important data, financial data, word processing files, program back-up files, accounting data, pictures, or other types of computer files. Rather, upon plugging the SimpleSave into your computer, the product begins to save files almost immediately, leading the consumer to assume that, like the packaging states, all of their files are being transferred and backed up to the external disk for later recovery.

12. Contrary to HP's and Costco's advertising and representations, the SimpleSave does not save all of a consumer's important files, and gives the consumer no reason to know that these files were not saved even after the backup is complete.

13. Plaintiff purchased a SimpleSave hard drive based on these representations. Contrary to such representations, many of Plaintiff's essential business documents were not saved onto the SimpleSave, particularly, but not necessarily limited to, Plaintiff's WordPerfect word processing files.

14. Plaintiff is informed, believes and thereon alleges that those similarly situated Class members also purchased the SimpleSave hard drive based on the representations made by Defendants and/or DOES that the device would backup all files. Contrary to such representations, Plaintiff is informed, believes and thereon alleges those similarly situated Class members also lost many essential documents after they were not saved by the SimpleSave.

15. Similar to HP, defendant COSTCO advertises and represents in writing to the consumer through its in-store product description, presentation and display that the SimpleSave performs "automatic backup software", "hands free backup", plug & play storage."

## II.

## THE PARTIES

A. **Plaintiffs**

16. Plaintiff Robert A. Waller, Jr. ("Plaintiff") is an individual who resides in the County of San Diego, State of California. On or about April 2010, Plaintiff purchased a 320GB SimpleSave external hard drive from the Costco store located on Palomar Airport Drive,

1  Carlsbad, California, for the advertised price of $69.97, plus applicable taxes.

2  17.   Plaintiff is suing in both his individual capacity and on behalf of all others similarly situated. On information and belief, Plaintiff and all other members of the proposed Class purchased the SimpleSave hard drive from a Costco store located in California. On information and belief, the SimpleSave was purchased based on information and representations contained on the HP packaging and the Costco in-store product display. The SimpleSave did not perform according to the stated advertisements and representations as the product did not automatically select and back up important files such as those used by programs including but not limited to WordPerfect.

10 18.   Plaintiff suffered actual harm in that as a consequence of the SimpleSave not backing up automatically Plaintiff's WordPerfect files and after suffering a hard drive crash, Plaintiff was required to and did incur financial losses in having to hire an outside computer consultant to retrieve the WordPerfect files.

### B. Defendants

19.  Defendant HP and/or DOES are engaged in the business of designing, manufacturing, and/or distributing a variety of technological products, including the SimpleSave external backup hard drive. The products are sold by retailers within San Diego County and throughout the State of California. On information and belief, HP is the designer, manufacturer, and distributor of the SimpleSave external backup hard drives purchased by Plaintiff and other members of the proposed Class.

20.  Defendant Costco and/or DOES are engaged in the business of selling various products in a wide range of merchandise categories to consumers within San Diego County and throughout the State of California. On information and belief, Costco is the retailer of the SimpleSave external backup hard drive purchased by Plaintiff and other members of the proposed Class.

## III.

## JURISDICTION AND VENUE

21. This Court has subject matter jurisdiction over this action pursuant to California Business and Professions Code sections 17203, 17204, 17535 and Civil Code section 1780. This court has personal jurisdiction over the parties because Plaintiff and Class members submit to the jurisdiction of the Court, and Defendants and/or DOES systematically and continuously do business in the County of San Diego, State of California.

22. Venue is proper in this Court pursuant to California Code of Civil Procedure §395 and §395.5 and California Business and Professions Code §17203 because Plaintiff's transactions with both defendants took place in San Diego County in the city of Carlsbad, California.

23. Federal subject matter jurisdiction over this action does not exist. There is no diversity of citizenship as to all parties. As alleged above, Plaintiff is a citizen of the State of California, and defendant HP is a citizen of the State of California by virtue of the fact its principle place of business and corporate headquarters and nerve center is located in Palo Alto, California.

24. Further, Plaintiff and the members of the class assert no federal question. The state law claims mandate this action be heard in a California state court.

## IV.

## CLASS ACTION ALLEGATIONS

25. Plaintiff brings this suit as a class action pursuant to California Business and Professions Code section 17203 and Code of Civil Procedure section 382, on behalf of himself and all other similarly-situated persons as a member of a Class defined as followed:

    a.    All persons who reside in California and who purchased an HP SimpleSave external hard drive from a Costco store in California during the relevant period.

26. Plaintiff reserves the right pursuant to Rule 1855(b) of the California Rules of Court to amend or modify the Class description with greater specificity or further division into subclasses or limitation to particular issues.

27. This action has been brought and may properly be maintained as a class action under the provisions of section 382 of the California Code of Civil Procedure because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

### A. Numerosity

28. The potential members of the Class as defined are so numerous and are dispersed throughout California such that joinder of all Class members is impracticable. While the precise number of Class members has not been determined at this time, Plaintiff is informed and believes that thousands of persons have purchased HP SimpleSave external hard drives from Costco stores throughout California within the relevant time period, given the fact that HP sells an even greater number of these products nationwide annually.

### B. Common Questions of Fact and Law

29. Common questions of fact and law exist as to all members of the Class and predominate over any questions affecting solely individual members of the Class. Among the questions of fact and law that predominate over any individual issues are:

a. Whether Defendants and/or DOES violated section 17200, *et seq.* of the California Business and Professions Code by fraudulently and deceptively engaging in a business practice of including false and misleading information and representations on the packaging of its products.

b. Whether Defendants and/or DOES violated section 17200, *et seq.* of the California Business and Professions Code by engaging in unfair, deceptive, untrue and/or misleading advertising of its products.

c. Whether Defendants and/or DOES violated section 17500 of the California Business and Professions Code by publicly disseminating advertising which Defendant and/or DOES knew or should have known was untrue and/or misleading.

d. Whether Plaintiff and Class members lost money and/or property as a result of Defendants' violations of section 17200 and/or 17500.

### C. Typicality

30. The claims of the named Plaintiff are typical of the claims of the Class. Plaintiff and all members of the Class sustained injuries arising out of or caused by Defendants' and/or DOES' common course of conduct in violation of laws and regulations that have the force and effect of laws and statutes as alleged.

### D. Adequacy of Representation

31. Plaintiff will fairly and adequately protect the interests of the members of the Class. Counsel who represents Plaintiff are competent and experienced in litigating class action cases and will competently represent the class.

### E. Superiority of Class Action

32. A class action is superior to all other means for the fair and efficient adjudication of this controversy. Individual joiner of all Class members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the class. Each member of the Class has been damaged and is entitled to recovery by reason of Defendants' and/or DOES' fraudulent, deceptive and/or misleading advertising and selling of HP SimpleSave external backup hard drives to California consumers.

33. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

### FIRST CAUSE OF ACTION
### UNFAIR, FRAUDULENT BUSINESS PRACTICES
### [California Bus. & Prof. Code §17200, *et seq.*]

34. Plaintiff and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

35. Defendants' and/or DOES false representations about the capabilities of the SimpleSave, as alleged herein, constitutes an unfair business practice prohibited by California Business and Professions Code section 17200, et seq., in that the practice gives Defendants

and/or DOES an unfair advantage over producers of similar products and, thus, significantly threatens and harms competition.

36. Further, Plaintiff and those similarly situated Class members allege that Defendants and/or DOES fraudulently concealed the material facts at issue herein, by failing to disclose to consumers the true facts regarding which files are, and more importantly to the consumer end user of the product which files will not be, automatically backed up when the SimpleSave is plugged into a computer.

37. Given the advertisements and representations made on the SimpleSave's packaging, and Costco's sales display, a reasonable person purchasing the device is likely to be deceived by the claims and representations made to "just plug it in", the devise has "Automatic Backup Software", "Hands Free Backup", "Plug & Play Storage", "No complicated setting" and that "all important files" of the consumer will be saved without doing more and that no files have to be selected in order to be backed up.

38. Such a failure to disclose, as alleged herein, constitutes fraudulent and deceptive business practices, within the meaning of California Business and Professions Code section 17200, *et seq.*

39. As a result of their unfair, fraudulent and deceptive business practices, Defendants and/or DOES have realized and continue to realize unfair benefits at the expense of Plaintiff and the Class he seeks to represent. Defendants and/or DOES should be enjoined from this activity and made to disgorge all ill-gotten gains and restore to Plaintiff and the members of the Class the amount of money spent to purchase the SimpleSave hard drives at the center of this dispute. Plaintiff is informed and believes, and thereon alleges, that Defendants and/or DOES are unjustly enriched through their wrongful advertising and sale of misrepresented products alleged herein, that were purchased by Plaintiff and members of the Class.

40. According, Defendants and/or DOES have violated Business and Profession Code §17200's proscription against unfair, unlawful, or fraudulent business practices. Plaintiff and all similarly situated members of the Class are therefore entitled to the relief prayed for herein.

## SECOND CAUSE OF ACTION
## UNTRUE AND MISLEADING ADVERTISING
### [California Bus. & Prof. Code §17500]

41. Plaintiff and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

42. The acts, practices, misrepresentations, and omissions of Defendants and/or DOES as alleged herein are likely to mislead and have misled the general public and constitute false or misleading advertising in violation of California Business and Professions Code §17500, *et seq.*

43. The acts, practices, misrepresentations, and omissions of Defendants and/or DOES as alleged herein were intended to and did induce the purchase of SimpleSave external hard drives at issue to the consuming public and violated and continue to violate California Business and Professions Code §17500 for the following reasons:

    a. Defendants and/or DOES caused to be made, published, disseminated, circulated or placed before the public, advertisements and packaging claims concerning the attributes, qualities, characteristics, functions, and capabilities of the SimpleSave external hard drive at issue which contained statements that the SimpleSave drives automatically backup all important files without the consumer having to choose which files would be saved, which were known, or which by the exercise of reasonable care should have been known, by Defendants and/or DOES to be untrue, deceptive, misleading, or materially incomplete; and

    b. Defendants and/or DOES caused to be made, published, disseminated, circulated or placed before the public, advertisements and packaging claims concerning the SimpleSave external hard drives at issue which contained statements regarding the attributes, qualities, characteristics, functions, and capabilities of the SimpleSave external hard drive to automatically backup all important files without the consumer having to choose which files would be saved, which were untrue, deceptive, misleading, or materially incomplete, as part of a plan or scheme with the intent, design, or purpose not to sell such products as advertised.

44. Accordingly, Defendants and/or DOES have violated Business and Professions Code §17500's proscription against untrue or misleading advertising. Plaintiff and all other similarly situated members of the Class are therefore entitled to the relief prayed for herein.

### THIRD CAUSE OF ACTION
### VIOLATION OF CALIFORNIA CONSUMERS LEGAL REMEDIES ACT
### [California Civ. Code §1750]

45. Plaintiff and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

46. The acts, practices, misrepresentations, and omissions of Defendants and/or DOES alleged herein were intended to result and did result in the sale of HP SimpleSave external hard dives to the consuming public and violated and continue to violate the Consumers Legal Remedies Act, California Civil Code §1750, et seq., by violating at least Civil Code §1770(a)(7) and (9).

47. Defendants and/or DOES have misrepresented SimpleSave hard drives by advertising and representing the device automatically backs up all important files on a consumer's computer without requiring and/or forcing the consumer to choose which files would be, and more importantly which files would not be saved, and not intending to sell the hard drives as advertised. Defendants and/or DOES misrepresented the attributes, qualities, characteristics, functions, and capabilities of the SimpleSave external hard drive and have therefore misrepresented the standard, quality, or grade of the product.

48. Accordingly, Defendants and/or DOES have violated California Civil Code §1750, et seq., Plaintiff and the Class are therefore entitled to the relief prayed for herein.

///
///
///

## PRAYER FOR RELIEF

WHEREFORE Plaintiff, on behalf of himself and all other purchasers of the HP SimpleSave external hard drives at issue herein, prays for relief against Defendants and/or DOES as follows:

1. The Court determine this action may be maintained as a Class action;

2. For compensatory damages in an amount according to proof with interest thereon;

3. For economic and/or special damages in an amount according to proof with interest thereon;

4. For all monies for violations of California Civil Code section 1750, et seq.;

5. That Defendants HP and/or Costco and/or DOES be found to have engaged in unfair competition and false advertising in violation of Sections 17200, et seq., and 17500 of the California Business and Professions Code;

6. That Defendants and/or DOES be ordered and enjoined to make restitution to Plaintiff and the Class due to their unfair competition, pursuant to California Business and Professions Code sections 17203 and 17204;

7. That Defendants and/or DOES be enjoined to cease and desist from unfair competition in violation of Section 17200, et seq., of the California Business and Professions Code;

8. For attorneys' fees;

9. For interest accrued to date;

10. For costs of suit and expenses incurred herein;

11. For such other further relief as the Court may deem fair, just, equitable, proper and appropriate.

Dated: July 6, 2010

By:

FEERICK & ASSOCIATES

THOMAS F. FEERICK
Attorney for Plaintiff and the Class

---

Waller v. Hewlett-Packard Company, et. al
CLASS ACTION COMPLAINT         12

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Thomas F. Feerick (SBN176412)<br>Feerick & Associates<br>519 Encinitas Blvd., Suite 104<br>TELEPHONE NO.: 760-632-4850  FAX NO.: 760-632-4853<br>ATTORNEY FOR (Name): Plaintiff Robert A. Waller, Jr. | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 325 S. Melrose
MAILING ADDRESS:
CITY AND ZIP CODE: Vista, California 92083
BRANCH NAME: North County Branch

CASE NAME:
WALLER v. HEWLETT-PACKARD COMPANY, ET AL.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 37-2010-00057144-CU-BT-NC |
|---|---|---|
| [✓] Unlimited  [ ] Limited<br>(Amount  (Amount<br>demanded  demanded is<br>exceeds $25,000)  $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

   **Auto Tort**
   - [ ] Auto (22)
   - [ ] Uninsured motorist (46)

   **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
   - [ ] Asbestos (04)
   - [ ] Product liability (24)
   - [ ] Medical malpractice (45)
   - [ ] Other PI/PD/WD (23)

   **Non-PI/PD/WD (Other) Tort**
   - [✓] Business tort/unfair business practice (07)
   - [ ] Civil rights (08)
   - [ ] Defamation (13)
   - [ ] Fraud (16)
   - [ ] Intellectual property (19)
   - [ ] Professional negligence (25)
   - [ ] Other non-PI/PD/WD tort (35)

   **Employment**
   - [ ] Wrongful termination (36)
   - [ ] Other employment (15)

   **Contract**
   - [ ] Breach of contract/warranty (06)
   - [ ] Rule 3.740 collections (09)
   - [ ] Other collections (09)
   - [ ] Insurance coverage (18)
   - [ ] Other contract (37)

   **Real Property**
   - [ ] Eminent domain/Inverse condemnation (14)
   - [ ] Wrongful eviction (33)
   - [ ] Other real property (26)

   **Unlawful Detainer**
   - [ ] Commercial (31)
   - [ ] Residential (32)
   - [ ] Drugs (38)

   **Judicial Review**
   - [ ] Asset forfeiture (05)
   - [ ] Petition re: arbitration award (11)
   - [ ] Writ of mandate (02)
   - [ ] Other judicial review (39)

   **Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
   - [ ] Antitrust/Trade regulation (03)
   - [ ] Construction defect (10)
   - [ ] Mass tort (40)
   - [ ] Securities litigation (28)
   - [ ] Environmental/Toxic tort (30)
   - [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

   **Enforcement of Judgment**
   - [ ] Enforcement of judgment (20)

   **Miscellaneous Civil Complaint**
   - [ ] RICO (27)
   - [ ] Other complaint (not specified above) (42)

   **Miscellaneous Civil Petition**
   - [ ] Partnership and corporate governance (21)
   - [ ] Other petition (not specified above) (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action (specify): Three (3)
5. This case [✓] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 7/7/2010

Thomas F. Feerick
(TYPE OR PRINT NAME)                                                (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

Exhibit 1, Page 20

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property Damage/Wrongful Death
  Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/Wrongful Death
  Product Liability *(not asbestos or toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–Physicians & Surgeons
    Other Professional Health Care Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business Practice (07)
  Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
  Defamation (e.g., slander, libel) (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
  Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate Governance (21)
  Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

CM-010 [Rev. July 1, 2007]   **CIVIL CASE COVER SHEET**   Page 2 of 2

Exhibit 1, Page 21

| | |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO<br>STREET ADDRESS: 325 S. Melrose<br>MAILING ADDRESS: 325 S. Melrose<br>CITY AND ZIP CODE: Vista, CA 92081<br>BRANCH NAME: North County<br>TELEPHONE NUMBER: (760) 201-8031 | |

PLAINTIFF(S) / PETITIONER(S): ROBERT A WALLER, Jr

DEFENDANT(S) / RESPONDENT(S): Hewlett-Packard Company et.al.

WALLER VS. HEWLETT-PACKARD COMPANY

| NOTICE OF CASE ASSIGNMENT | CASE NUMBER:<br>37-2010-00057144-CU-BT-NC |
|---|---|

Judge: William S. Dato       Department: N-31

COMPLAINT/PETITION FILED: 07/08/2010

### CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING

Exhibit 1, Page 22