# EXHIBIT 2

1  Thomas F. Feerick, Esq.   (SBN176412)
   **FEERICK & ASSOCIATES**
2  519 Encinitas Boulevard, Suite 104
   Encinitas, California 92024
3  Telephone:   (760) 632-4850
   Facsimile:   (760) 632-4853
4

5  Attorneys for Plaintiffs
   ROBERT A. WALLER, JR.,
6  An Individual, and all others
   similarly situated
7

8

9                **SUPERIOR COURT STATE OF CALIFORNIA**

10           **COUNTY OF SAN DIEGO - NORTH COUNTY BRANCH**

11

12
   ROBERT A. WALLER, JR., An Individual on          CASE NO. 3702010-00057144-CU-BT-NC
13 behalf of himself and all others similarly
   situated,                                        **FIRST AMENDED COMPLAINT**
14
                                                    **1.  Violation of California Business and
15                      Plaintiffs,                 Professions Code §17200 et seq.**
                v.
16                                                  **2. Violation of California Business and
   HEWLETT-PACKARD COMPANY, a                       Professions Code §17500 et seq.**
17 Delaware corporation, COSTCO
   WHOLESALE CORPORAITON, a                         **3. Violation of California Civil Code
18 Washington corporation, and DOES 1 - 100,        §1750 et seq.**
   inclusive,
19                                                  **I/C Judge:**    **Hon. William S. Dato**
                      Defendants.                   **Dept:**         **31**
20                                                  **Trial Date:**   **Not Set**

21                                                  **[JURY TRIAL DEMANDED]**

22

23 Plaintiff ROBERT A. WALLER, JR., on behalf of himself and all others similarly situated,

24 complains of Defendants and/or DOES 1 to 100 and for all causes of action alleges:

25                           <u>**NATURE OF THE ACTION**</u>

26 1. The Defendants, and each of them, were involved in a scheme where they participated

27 in the design, manufacture, marketing, advertising, distributing and selling of a

28 computer backup product named SimpleSave to consumers throughout the State of

---

*Waller v. Hewlett-Packard Company et al.*
First Amended Complaint                        -1-              *Case No: 37-2010-00057144-CU-BT-NC*

Exhibit 2 , Page 23

1   California.  SimpleSave is an external portable hard drive back up system that plugs into

2   a personal computer using a USB port.  The Defendants, and each of them advertised

3   and marketed the SimpleSave product as "just plug it in, instant hands free backup,

4   automatic backup software, plug and play storage, no complicated setting, no software

5   to install, no files to select, yes it's that easy!,"  and the consumer's "important files" will

6   be saved without doing more.

7   2.   The Defendants, during the design, manufacture, marketing, advertising and selling

8   of SimpleSave, had actual and constructive knowledge that SimpleSave would not

9   backup a consumer's computer files unless the computer files matched SimpleSave's pre-

10  programmed file extensions.  Many consumers complained to the Defendants that

11  SimpleSave was not backing-up the common Word Perfect document files and other

12  important files.  Despite this knowledge the Defendants continued to market, advertise

13  and sell SimpleSave to consumers as "just plug it in, instant hands free backup,

14  automatic backup software, plug and play storage, no complicated setting, no software

15  to install, no files to select, yes it's that easy!,"  and the consumer's "important files."

16  3.      Plaintiff Robert A. Waller, Jr. is and at all times herein mentioned a resident of the

17  County of San Diego, California.

18  4.     Defendant HEWLETT-PACKARD COMPANY (herein after "HP") is and at all

19  times mentioned herein was a corporation duly organized and existing under the laws of

20  the State of Delaware, with its principle place of business and corporate nerve center in

21  Palo Alto, California, who is at all times herein mentioned authorized to and doing

22  business in the State of California as a designer, manufacturer, and distributor of a wide

23  range of technology products and services, including but not limited to the SimpleSave

24  external hard drive which is subject of this action.

25  5.     Defendant COSTCO WHOLESALE COMPANY (herein after "Costco")  is a

26  corporation duly organized and existing under the laws of the State of Washington, with

27  its principle place of business and nerve center in the State of Washington, who is

28  authorized to do and is at all times mentioned herein doing business in the State of

Exhibit  2 , Page 24

1   California as a membership warehouse which offers it's members low prices on a limited

2   selection of nationally branded and select private label products in a wide range of

3   merchandise categories.

4   6.      The true names and capacities of Defendants Does 1 through 100 are unknown to

5   Plaintiffs who therefore sue these Defendants by such fictitious names.  Said defendants

6   are believed to be other unknown designers, manufacturers, wholesalers, distributors,

7   marketers and/or sellers whose identities are currently unknown and therefore are sued

8   as  Does 1 through 100.  Plaintiffs are informed and believe, and thereon allege, that each

9   of the Doe Defendants are responsible in some manner for the events herein described.

10  The Plaintiffs will amend this Complaint to allege the identities of such Doe Defendants

11  when the same have been ascertained.

12  7.      Plaintiffs are further informed and believe, and thereupon allege, that each of the

13  Defendants named herein, including Does 1 through 100, were the agent, ostensible

14  agent, servant, employee, business partner, and/or alter ego of the other Defendants and

15  that, in doing the things alleged herein, including furnishing the means for the violation

16  of California Business & Professions Code §17200, §17500 and California Civil Code

17  §1750, were acting within the scope of their agency, employment, business relationship,

18  with the actual or apparent authority of each other.

19                                          I.

20                          **GENERAL ALLEGATIONS**

21  8.      This is a class action pursuant to California Code of Civil Procedure brought on

22  behalf of Plaintiff Robert A. Waller, Jr. ("Plaintiff") and all California residents who

23  purchased HP SimpleSave external hard drives from Costco stores located in California

24  within the relevant statutory period.

25  9.      Plaintiff alleges that the defendants and each of them violated the California

26  Unfair Competition Law (California Business and Professions Code §17200) and

27  advertised falsely the attributes, qualities, characteristics, functions, and capabilities of

28  the SimpleSave external hard drive in violation of California Business and Professions

---

*Waller v. Hewlett-Packard Company et al.*                    Case No: 37-2010-00057144-CU-BT-NC
First Amended Complaint                        -3-

Exhibit 2 , Page 25

1   Code §17500 and the California Consumers Legal Remedies Act, Civil Code §1750 *et seq.*

2   10.     Defendant HP designs, manufactures, and distributes, and defendant COSTCO

3   sells to consumers two versions of the SimpleSave external hard drives, one having 1 TB

4   (terabyte) capacity and one having 320 GB (gigabyte) capacity.  Both versions contain the

5   same essential advertisements and representations as herein alleged.

6   11.     Central to defendant HP and Costco's advertising and marketing of the

7   SimpleSave portable external hard drives are claims and representations about the ease,

8   simplicity, thoroughness, and completeness of backing up computer files with the

9   SimpleSave.  HP and Costco both represent that purchasers of the SimpleSave can "just

10  plug it in", the devise has "Automatic Backup Software", "Hands Free Backup", "Plug &

11  Play Storage", "No complicated setting" and the consumer's "important files" will be

12  saved without doing more "Yes it's that easy!".

13  12.     The SimpleSave packaging echoes this sentiment, claiming to provide "instant

14  hands-free backup" in large letters in a prominent position on the package.  Similarly,

15  the package includes other prominent references to the products' ease, simplicity,

16  thoroughness, and completeness, and accessibility, including there is "no software to

17  install" and "no files to select" and "automatically supports most file types" in the

18  process of backing up files from the consumer's computer.  Further, the package boasts

19  the SimpleSave "finds and backs up all your important files the minute you plug it in."

20  The device is represented to be so simple "anyone can use it" and that there is "no

21  software to install and no files to select" and "Yes, it's that easy!"  The Plaintiff read

22  these representations and relied on them to purchase the SimpleSave.

23  13.     SimpleSave hard drives do not come with any instruction or user manual or any

24  other printed literature to specify, clarify, alert instruct or warn the user before using the

25  product which types or categories of files are automatically saved.  SimpleSave does not

26  provide any  instruction or user manual or any other printed literature or any other

27  information about which specific program, types, or categories of files are being

28  automatically backed up that would be pertinent to a consumer's expectations when

---

*Waller v. Hewlett-Packard Company et al.*
First Amended Complaint                        -4-                Case No: 37-2010-00057144-CU-BT-NC

1  saving large amounts of important data, financial data, word processing files, program

2  back-up files, accounting data, pictures, or other types of computer files.  Rather, upon

3  plugging the SimpleSave into your computer, the product begins to save files almost

4  immediately, leading the consumer to assume that, like the packaging states, all of their

5  files are being transferred and backed up to the external disk for later recovery.

6  14.      Contrary to HP's and Costco's promises and representations the SimpleSave does

7  not save all of a consumer's important files, and gives the consumer no reason to know

8  or expect that their computer files were not saved even after the backup is complete.

9  HP, Costco and DOES 1 through 100, had actual and constructive knowledge at the time

10  SimpleSave was first marketed, advertised and sold to the Plaintiff and other consumers

11  that SimpleSave was not programmed to perform a back-up of a consumer's important

12  files by "just plug it in", the devise has "Automatic Backup Software", "Hands Free

13  Backup", "Plug & Play Storage", "No complicated setting" and the consumer's

14  "important files" will be saved without doing more "no files to select", "no software to

15  install","Yes it's that easy!"

16  15.      Plaintiff purchased a SimpleSave hard drive based on these representations.

17  Contrary to such representations, many of Plaintiff's computer documents were not

18  saved onto SimpleSave, particularly, but not necessarily limited to, Plaintiff's

19  WordPerfect files.

20  16.      Plaintiff is informed, believes and thereon alleges that those similarly situated

21  Class members also purchased the SimpleSave hard drive based on the representations

22  made by Defendants and/or DOES that the device would backup all files.  Contrary to

23  such representations, Plaintiff is informed, believes and thereon alleges those similarly

24  situated Class members also lost many essential documents after they were not saved by

25  the SimpleSave.

26  17.      Similar to HP, defendant COSTCO advertises and represents in writing to the

27  consumer  through its in-store product description, presentation and display that the

28  SimpleSave performs "automatic backup software", "hands free backup", plug & play

Waller v. Hewlett-Packard Company et al.
First Amended Complaint                         -5-                    Case No: 37-2010-00057144-CU-BT-NC

Exhibit _2_, Page _27_

1  storage."

2                                    II.

3                            THE PARTIES

4        A.     Plaintiffs

5  18.     Plaintiff Robert A. Waller, Jr. ("Plaintiff") is an individual who resides in the

6  County of San Diego, State of California.  On or about April 2010, Plaintiff purchased a

7  320GB SimpleSave external hard drive from the Costco store located on Palomar Airport

8  Drive, Carlsbad, California, for the advertised price of $69.97, plus applicable taxes.

9  19.     Plaintiff is suing in both his individual capacity and on behalf of all others

10  similarly situated.  On information and belief, Plaintiff and all other members of the

11  proposed Class purchased the SimpleSave hard drive from a Costco store located in

12  California.  On information and belief, the SimpleSave was purchased based on

13  information, representations and promises contained on the HP packaging and the

14  Costco in-store product display.  The SimpleSave did not perform according to the

15  stated advertisements and representations as the product did not automatically select

16  and back up important files such as those used by programs including but not limited to

17  WordPerfect.

18  20.     The Plaintiff suffered a computer crash which caused the computer files on his

19  computer hard drive to be lost. He tried to retrieve the backed-up computer files from

20  the SimpleSave external hard drive only to find that SimpleSave did not back-up many

21  of his important computer files.  The Plaintiff, as a direct result of SimpleSave's failure to

22  perform the back-up as represented and promised, was required to and did incur

23  financial losses in having to hire an outside computer consultant to retrieve the

24  Plaintiff's computer files.

25        B.     Defendants

26  21.     Defendant HP and/or DOES are engaged in the business of designing,

27  manufacturing, and/or distributing a variety of technological products, including the

28  SimpleSave external backup hard drive.  The products are sold by retailers within San

1  Diego County and throughout the State of California.  On information and belief, HP is
2  the designer, manufacturer, and distributor of the SimpleSave external backup hard
3  drives purchased by Plaintiff and other members of the proposed Class.

4  22.     Defendant Costco and/or DOES 1 throught 100 are engaged in the business of
5  selling various products in a wide range of merchandise categories to consumers within
6  San Diego County and throughout the State of California.  On information and belief,
7  Costco is the retailer of the SimpleSave external backup hard drive purchased by
8  Plaintiff and other members of the proposed Class.

9                                          III.

10                        JURISDICTION AND VENUE

11  23.     This Court has subject matter jurisdiction over this action pursuant to California
12  Business and Professions Code sections 17203, 17204, 17535 and Civil Code section 1780.
13  This court has personal jurisdiction over the parties because Plaintiff and Class members
14  submit to the jurisdiction of the Court, and Defendants and/or DOES systematically and
15  continuously do business in the County of San Diego, State of California.

16  24.     Venue is proper in this Court pursuant to California Code of Civil Procedure §395
17  and §395.5 and California Business and Professions Code §17203 because Plaintiff's
18  transactions with both defendants took place in San Diego County in the city of
19  Carlsbad, California.

20  25.     Federal subject matter jurisdiction over this action does not exist.  There is no
21  diversity of citizenship as to all parties.  As alleged above, Plaintiff is a citizen of the
22  State of California, and defendant HP is a citizen of the State of California by virtue of
23  the fact its principle place of business and corporate headquarters and nerve center is
24  located in Palo Alto, California.

25  26.     Further, Plaintiff and the members of the class assert no federal question.  The
26  state law claims mandate this action be heard in a California state court.

27  ///

28

---

*Waller v. Hewlett-Packard Company et al.*
First Amended Complaint                    -7-            *Case No: 37-2010-00057144-CU-BT-NC*

Exhibit 2, Page 29

# IV.

## CLASS ACTION ALLEGATIONS

27.    Plaintiff brings this suit as a class action pursuant to California Business and Professions Code section 17203 and Code of Civil Procedure section 382, on behalf of himself and all other similarly-situated persons as a member of a Class defined as followed:

> a.    All persons who reside in California and who purchased an HP SimpleSave external hard drive from a Costco store in California during the relevant period.

28.    Plaintiff reserves the right pursuant to Rule 1855(b) of the California Rules of Court to amend or modify the Class description with greater specificity or further division into subclasses or limitation to particular issues.

29.    This action has been brought and may properly be maintained as a class action under the provisions of section 382 of the California Code of Civil Procedure because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

### A.    Numerosity

30.    The potential members of the Class as defined are so numerous and are dispersed throughout California such that joinder of all Class members is impracticable.  While the precise number of Class members has not been determined at this time, Plaintiff is informed and believes that thousands of persons have purchased HP SimpleSave external hard drives from Costco stores throughout California within the relevant time period, given the fact that HP sells an even greater number of these products nationwide annually.

### B.    Common Questions of Fact and Law

31.    Common questions of fact and law exist as to all members of the Class and predominate over any questions affecting solely individual members of the Class. Among the questions of fact and law that predominate over any individual issues are:

---

*Waller v. Hewlett-Packard Company et al.*
First Amended Complaint                    -8-                    *Case No: 37-2010-00057144-CU-BT-NC*

Exhibit __2__, Page 30

1         a.     Whether Defendants and/or DOES violated section 17200, *et seq.* of the

2    California Business and Professions Code by fraudulently and deceptively engaging in a

3    business practice of including false and misleading information and representations on

4    the packaging of its products.

5         b.     Whether Defendants and/or DOES violated section 17200, *et seq.* of the

6    California Business and Professions Code by engaging in unfair, deceptive, untrue

7    and/or misleading advertising of its products.

8         c.     Whether Defendants and/or DOES violated section 17500 of the California

9    Business and Professions Code by publicly disseminating advertising which Defendant

10   and/or DOES knew or should have known was untrue and/or misleading.

11        d.     Whether Plaintiff and Class members lost money and/or property as a

12   result of Defendants' violations of section 17200 and/or 17500.

13   **C.**    **Typicality**

14   32..    The claims of the named Plaintiff are typical of the claims of the Class.  Plaintiff

15   and all members of the Class sustained injuries arising out of or caused by Defendants'

16   and/or DOES' common course of conduct in violation of laws and regulations that have

17   the force and effect of laws and statutes as alleged.

18   **D.**    **Adequacy of Representation**

19   33.    Plaintiff will fairly and adequately protect the interests of the members of the

20   Class.  Counsel who represents Plaintiff are competent and experienced in litigating class

21   action cases and will competently represent the class.

22   **E.**    **Superiority of Class Action**

23   34.    A class action is superior to all other means for the fair and efficient adjudication

24   of this controversy.  Individual joiner of all Class members is not practicable, and

25   questions of law and fact common to the Class predominate over any questions affecting

26   only individual members of the class.  Each member of the Class has been damaged and

27   is entitled to recovery by reason of Defendants' and/or DOES' fraudulent, deceptive

28   and/or misleading advertising and selling of HP SimpleSave external backup hard

---

*Waller v. Hewlett-Packard Company et al.*             *Case No: 37-2010-00057144-CU-BT-NC*
First Amended Complaint        -9-

1 | drives to California consumers.

2 | 35.     Class action treatment will allow those similarly situated persons to litigate their

3 | claims in the manner that is most efficient and economical for the parties and the judicial

4 | system.  Plaintiff is unaware of any difficulties that are likely to be encountered in the

5 | management of this action that would preclude its maintenance as a class action.

6 | **FIRST CAUSE OF ACTION**<br>**UNFAIR, FRAUDULENT BUSINESS PRACTICES**

7 | **[California Bus. & Prof. Code §17200, et seq.]**<br>**]**

8 | 36.     Plaintiff and those similarly situated Class members hereby incorporate by reference

9 | each and every other paragraph in this Complaint herein as if fully plead.

10 | 37.     Defendants' and/or DOES false representations about the capabilities of the

11 | SimpleSave, as alleged herein, constitutes an unfair business practice prohibited by

12 | California Business and Professions Code section 17200, et seq., in that the practice gives

13 | Defendants and/or DOES an unfair advantage over producers of similar products and,

14 | thus, significantly threatens and harms competition.

15 | 38.     Further, Plaintiff and those similarly situated Class members allege that Defendants

16 | and/or DOES fraudulently concealed the material facts at issue herein, by failing to disclose

17 | to consumers the true facts regarding which files are, and more importantly to the consumer

18 | end user of the product which files will not be, automatically backed up when the

19 | SimpleSave is plugged into a computer.

20 | 39.     Given the advertisements and representations made on the SimpleSave's packaging,

21 | and Costco's sales display, a reasonable person purchasing the device is likely to be

22 | deceived by the claims and representations made to "just plug it in", the devise has

23 | "Automatic Backup Software", "Hands Free Backup", "Plug & Play Storage", "No

24 | complicated setting" and that "all important files" of the consumer will be saved without

25 | doing more and that no files have to be selected in order to be backed up.

26 | 40.     Such a failure to disclose, as alleged herein, constitutes fraudulent and deceptive

27 | business practices, within the meaning of California Business and Professions Code section

28 | 17200, et seq.

---

*Waller v. Hewlett-Packard Company et al.*
First Amended Complaint                    -10-                    *Case No: 37-2010-00057144-CU-BT-NC*

1   41.    As a result of their unfair, fraudulent and deceptive business practices, Defendants

2   and/or DOES have realized and continue to realize unfair benefits at the expense of Plaintiff

3   and the Class he seeks to represent.  Defendants and/or DOES should be enjoined from this

4   activity and made to disgorge all ill-gotten gains and restore to Plaintiff and the members

5   of the Class the amount of money spent to purchase the SimpleSave hard drives at the

6   center of this dispute.   Plaintiff is informed and believes, and thereon alleges, that

7   Defendants and/or DOES are unjustly enriched through their wrongful advertising and sale

8   of misrepresented products alleged herein, that were purchased by Plaintiff and members

9   of the Class.

10   42.    According, Defendants and/or DOES have violated Business and Profession Code

11   §17200's proscription against unfair, unlawful, or fraudulent business practices.  Plaintiff

12   and all similarly situated members of the Class are therefore entitled to the relief prayed for

13   herein.

14

15                    **SECOND CAUSE OF ACTION**
                 **UNTRUE AND MISLEADING ADVERTISING**
16                     **[California Bus. & Prof. Code §17500]**

17   43.    Plaintiff and those similarly situated Class members hereby incorporate by reference

18   each and every other paragraph in this Complaint herein as if fully plead.

19   44.    The acts, practices, misrepresentations, and omissions of Defendants and/or DOES

20   as alleged herein are likely to mislead and have misled the general public and constitute

21   false or misleading advertising in violation of California Business and Professions Code

22   §17500, *et seq.*

23   45.    The acts, practices, misrepresentations, and omissions of Defendants and/or DOES

24   as alleged herein were intended to and did induce the purchase of SimpleSave external hard

25   drives at issue to the consuming public and violated and continue to violate California

26   Business and Professions Code §17500 for the following reasons:

27                    a.    Defendants and/or DOES caused to be made, published, disseminated,

28   circulated or placed before the public, advertisements and packaging claims concerning the

---

*Waller v. Hewlett-Packard Company et al.*          *Case No: 37-2010-00057144-CU-BT-NC*
First Amended Complaint                    -11-

Exhibit  2 , Page  33

1   attributes, qualities, characteristics, functions, and capabilities of the SimpleSave external

2   hard drive at issue which contained statements that the SimpleSave drives automatically

3   backup all important files without the consumer having to choose which files would be

4   saved, which were known, or which by the exercise of reasonable care should have been

5   known, by Defendants and/or DOES to be untrue, deceptive, misleading, or materially

6   incomplete; and

7               b.      Defendants and/or DOES caused to be made, published, disseminated,

8   circulated or placed before the public, advertisements and packaging claims concerning the

9   SimpleSave external hard drives at issue which contained statements regarding the

10  attributes, qualities, characteristics, functions, and capabilities of the SimpleSave external

11  hard drive to automatically backup all important files without the consumer having to

12  choose which files would be saved, which were untrue, deceptive, misleading, or materially

13  incomplete, as part of a plan or scheme with the intent, design, or purpose not to sell such

14  products as advertised.

15  46.    Accordingly, Defendants and/or DOES have violated Business and Professions Code

16  §17500's proscription against untrue or misleading advertising.  Plaintiff and all other

17  similarly situated members of the Class are therefore entitled to the relief prayed for herein.

18                          **THIRD CAUSE OF ACTION**
    **VIOLATION OF CALIFORNIA CONSUMERS LEGAL REMEDIES ACT**
19                          **[California Civ. Code §1750]**

20  47.    Plaintiff and those similarly situated Class members hereby incorporate by reference

21  each and every other paragraph in this Complaint herein as if fully plead.

22  48.    The acts, practices, misrepresentations, and omissions of Defendants and/or DOES

23  alleged herein were intended to result and did result in the sale of HP SimpleSave external

24  hard drives to the consuming public and violated and continue to violate the Consumers

25  Legal Remedies Act, California Civil Code §1750, et seq., by violating at least Civil Code

26  §1770(a)(7) and (9).

27  49.    Defendants and/or DOES have misrepresented SimpleSave hard drives by

28  advertising and representing the device automatically backs up all important files on a

---

*Waller v. Hewlett-Packard Company et al.*                   *Case No: 37-2010-00057144-CU-BT-NC*
First Amended Complaint                          -12-

Exhibit __2__, Page __34__

1   consumer's computer without requiring and/or forcing the consumer to choose which files

2   would be, and more importantly which files would not be saved, and not intending to sell

3   the hard drives as advertised.  Defendants and/or DOES misrepresented the attributes,

4   qualities, characteristics, functions, and capabilities of the SimpleSave external hard drive

5   and have therefore misrepresented the standard, quality, or grade of the product.

6   50.      Accordingly, Defendants and/or DOES have violated California Civil Code §1750,

7   *et seq.*, and the defendants and each of them should be enjoined from any further violations

8   and Plaintiff and the Class are therefore entitled to injunctive relief.

9                                **PRAYER FOR RELIEF**

10      **WHEREFORE** Plaintiff, on behalf of himself and all other purchasers of the HP

11  SimpleSave external hard drives at issue herein, prays for relief against Defendants and/or

12  DOES as follows:

13  **First Cause of Action for Violation of California Business and Professions Code §17200**

14  **et seq and Second Cause of Action for Violation of California Bus. & Prof. Code §17500.**

15          1.      The Court determine this action may be maintained as a Class action;

16          2.      The Court order restitution to effect complete justice;

17          3.      The Court order injunctive relief.

18  **Third Cause of Action for Violation of California Consumer Legal Remedies Act,**

19  **California Civil Code §1750.**

20          1.      The Court order injunctive relief;

21          2.      For attorneys' fees and costs pursuant to applicable statute;

22          3.      For such other further relief as the Court may deem fair, just, equitable, proper

23  and appropriate.

24  **Respectfully submitted,**

25                                      FEERICK & ASSOCIATES

26

27  Date: October 5, 2010

                                        THOMAS F. FEERICK
28                                      Attorney for Plaintiff and Class

---

*Waller v. Hewlett-Packard Company et al.*          Case No: 37-2010-00057144-CU-BT-NC
First Amended Complaint                  -13-

PROOF OF SERVICE BY MAIL
(CCP 1013a(1) & (3).)

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF SAN DIEGO, NORTH COUNTY

Robert A. Waller, Jr., Plaintiff, vs. Hewlett-Packard Company, *et al.*
CASE NO. 37-2010-00057144-CU-BT-NC

I, Krystle Aguilera, declare that: I am over the age of 18 years and not a party to the case; I am employed in, or am a resident of the County of San Diego, California, where mailing occurs; and my business address is 1420 Kettner Boulevard, Suite 600, San Diego, California 92101. I further declare that I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service; and that the correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business. I caused to be served the following document(s): (SET FORTH THE EXACT TITLE OF THE DOCUMENT(S) TO BE SERVED AND FILED)

1.     **FIRST AMENDED COMPLAINT**

by placing a true copy of each document in an envelope addressed to each addressee, respectively, as follows:

| | |
|---|---|
| Peter R. Afrasiabi, Esq.<br>Joseph K. Liu, Esq.<br>ONE LLP<br>4000 MacArthur Boulevard<br>West Tower, Suite 110<br>Newport Beach, California 92660<br><br>Attorney for Defendant Costco Wholesale Corporation | Joseph Duffy, Esq.<br>Taylor C. Day, Esq.<br>MORGAN, LEWIS & BOCKIUS LLP<br>300 South Grand Avenue<br>Twenty-Second Floor<br>Los Angeles, California 90071<br><br>Attorneys for Defendant HEWLETT-PACKARD COMPANY |
| Kristofor T. Henning, Esq.<br>Franco A. Corrado, Esq.<br>MORGAN, LEWIS & BOCKIUS LLP<br>1701 Market Street<br>Philadelphia, PA 19103 | |

I then sealed each envelope and, with postage thereon fully pre-paid, I placed each for deposit in the United States Postal Service, this same day, at my business address shown above, following ordinary business practices. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on October 6, 2010

Signature: _Krystle Aguilera_