# EXHIBIT 3

1  Thomas F. Feerick, Esq. (SBN 176412)
   **FEERICK & ASSOCIATES**
2  539 Encinitas Boulevard, Suite 107
   Encinitas, California 92024
3  Telephone:   (760) 632-4850
   Facsimile:   (760) 632-4853

4

5  Attorney for Plaintiff Robert A. Waller, Jr.,
   for himself and all others similarly
6  situated

7

8              **SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

9              **COUNTY OF SAN DIEGO, NORTH COUNTY DIVISION**

10

11  ROBERT A. WALLER, JR., for himself          CASE NO.: 37-2010-00057144-CU-BT-NC
    and all others similarly situated,
12                                              **SECOND AMENDED CLASS
                                                COMPLAINT**
13              Plaintiffs,

14      v.
                                                I/C Judge: Hon. Timothy M. Casserly
15  HEWLETT-PACKARD COMPANY, a                  Dept. –31
    Delaware corporation, COSTCO
16  WHOLESALE CORPORATION, a
    Washington corporation, WESTERN
17  DIGITAL CORPORATION, a Delaware
    corporation, STAPLES, INC., a Delaware
18  corporation, and Does 1-100, inclusive,,

19              Defendants.

20

21  Plaintiff ROBERT A. WALLER, JR., on behalf of himself and all others similarly situated, complains

22  of Defendants and/or DOES and for all causes of action alleges:

23                                     I.

24                         **NATURE OF THE ACTION**

25  1. The Defendants, and each of them, were involved in a scheme where they participated in the

26  design, manufacture, marketing, advertising, distributing and selling of a computer backup product

27  named SimpleSave to consumers throughout the State of California.  SimpleSave is an external

28  portable hard drive back up system that plugs directly into a computer using a USB port.  The

---

*2ⁿᵈ Amended Class Complaint*          -1-      *Case No: 37-2010-00057144-CU-BT-NC*

Exhibit 3 , Page 31

1 | consumer can elect to purchase a 320 gigabyte system, a 1 terabyte system or a 2 terabyte system.

2 | An exact duplicate copy of the packaging, both front and back, for the 320 gigabyte SimpleSave

3 | system is attached hereto as Exhibit "1" and incorporated by reference as if fully set forth in it's

4 | entirety within this document. An exact duplicate copy of the packaging for the front and back of the

5 | 1 terabyte SimpleSave system is attached hereto as Exhibit "2" and incorporated by reference as if

6 | fully set forth in it's entirety within this document.

7 | 2.      The Defendants, and each of them, advertised and marketed all three SimpleSave systems by

8 | placing on the front of the packaging in large bright white font in capital letters against a blue

9 | background the words "INSTANT HANDS-FREE BACK UP." See Exhibits "1 & 2." On the back

10 | of the packaging, Defendants make the representation to the consumer to "Just plug it in." Below the

11 | representation to the consumer to "just plug it in", are further representations by the Defendants on

12 | all the SimpleSave packaging in very small font white letters on a dark background just above five

13 | paragraphs written in French, Chinese, Japanese and Spanish, the representations that, "Yes, it's that

14 | easy! Automatic, hands-free backup. No software to install, no files to select. Frequent backup update

15 | of changed files. Back up and restore multiple computers. Automatically supports most file types."

16 | See Exhibits "1 & 2."

17 | 3.      The experience of the consumer is they plug the SimpleSave system into their computer as

18 | directed and a small screen appears on their computer screen. The small screen tells the consumer

19 | "backup will automatically being in 25 seconds." There is a button on the screen that says "my

20 | options" but there are no instructions or guidance given to the consumer other than the system is

21 | going to perform an "instant hands-free backup." When the 25 seconds elapses the system begins

22 | backing up the computer and when it is finished a large green check mark appears on the screen and

23 | above the checkmark in large font  the words appear "your computer is now backed up!" In much

24 | smaller font below the checkmark are the words, "you can leave your SimpleSave drive plugged into

25 | your computer for simple automatic backups." Beneath the computer screen image in large white font

26 | are the words "Yes, It's that easy!"

27 | 4.      In September of 2009 a computer industry web site posted a review of the SimpleSave product

28 | after one of their writers tried to use the product. The article stated that "... if you work with a more

---

*2nd Amended Class Complaint*          -2-     *Case No: 37-2010-00057144-CU-BT-NC*

Exhibit __3__, Page __38__

1   specialized or uncommon kind of file type, then there is a chance it won't automatically recognize

2   the file type and not back it up. **You can go into the options and add that file type, however, it is**

3   **not at first obvious that one would even need to do that. In addition there are file names and**

4   **folder tree length restrictions, so if you have some files deeply nested in your hard drive they**

5   **may not be picked up either. Since the software works by saving only certain file types and**

6   **folders, it can't be used to restore an entire system.**"  This article and review provided actual

7   and/or constructive notice to Defendants and each of them that the SimpleSave did not perform as

8   represented. See, Exhibit 3.

9   5.      In December of 2009, three months after the review was published in the computer magazine,

10  the Defendants received written complaints from consumers that, "I just attached the 1TB version to

11  my Win XP system. **It backed up its preset list of extensions, but missed a bunch,** including

12  WordPerfect document files. Is there a way to back up ALL files, other than typing each and every

13  file extension.... It did not allow the wild card * in the file extension.  Can you specify a complete

14  backup dropping becomes laborious and defeats the purpose of an "automatic" backup."  A reply to

15  this complaint stated, "found a way to do it but I will finally use Backup Maker from ASCOMP

16  Software because even files with no extension  with HP SimpleSave.  Engineers do difficult things.

17  I can't believe HP programmers forgot this need when making this."  Another written complaint

18  stated "This is a major usability issue that the HP UX or Human Factors Engineers need to address.

19  **On my first back up it missed 10,000 files and I certainly can't track down all the file types.**"

20  Another written complaint stated "I would like to use my new HP 1 TB SIMPLE SAVE to back up

21  all my files, not just the ones that are in your extensive list.  It is very inconvenient to try to figure out

22  which extensions are already in your list."  This article and review provided actual and/or constructive

23  notice to Defendants and each of them that the SimpleSave did not perform as represented. See,

24  Exhibit 4.

25  6.      The Defendants, during the design, manufacture, marketing, advertising and selling of

26  SimpleSave, had actual and constructive knowledge that SimpleSave would not backup a consumer's

27  computer files unless the computer files matched SimpleSave's pre-programmed file extensions.

28  Numerous consumers sent written complaints to the Defendants which put the Defendants on actual

1  notice that their SimpleSave product was not performing as represented as it was not backing-up the
2  common Word Perfect document files and other important computer files.  The Defendants ignored
3  the complaints and continued to market, advertise, and sell SimpleSave to consumers with the exact
4  same representations as "just plug it in, instant hands free backup, automatic backup software, plug
5  and play storage, no complicated setting, no software to install, no files to select, yes it's that easy!,"
6  and the consumer's "important files."

7                                              **II.**

8                                **GENERAL ALLEGATIONS**

9  7.    This is a class action pursuant to California Code of Civil Procedure brought on behalf of
10 Plaintiff Robert A. Waller, Jr. ("Plaintiff") and all California residents who purchased HP SimpleSave
11 external hard drives from retail stores, including but not necessarily limited to Costco and Staples,
12 located throughout California within the relevant statutory period.

13 8.    Plaintiff alleges the defendants and each of them violated the California Unfair Competition
14 Law (California Business and Professions Code §17200) and advertised falsely the attributes,
15 qualities, characteristics, functions, and capabilities of the SimpleSave external hard drive in violation
16 of California Business and Professions Code §17500 and the California Consumers Legal Remedies
17 Act, Civil Code §1750 *et seq*.

18 9.    Defendants Wester Digital and HP design, manufacture, and distribute, and defendants Costco
19 and Staples sells to consumers two versions of the SimpleSave external hard drives, one having 1 TB
20 (terabyte) capacity and one having 320 GB (gigabyte) capacity.  Both versions contain the same
21 essential advertisements and representations as herein alleged.

22 10.   All of the Defendants advertise and market the SimpleSave portable external hard drives by
23 making claims and representations about the ease, simplicity, thoroughness, and completeness of
24 backing up computer files with the SimpleSave product.  The Defendants represent to purchasers of
25 the SimpleSave product that all the consumer user has to do is  "just plug it in", the device has
26 "Automatic Backup Software", "Hands Free Backup", "Plug & Play Storage", "No complicated
27 setting" and it "finds and backs up all" the consumer's "important files" without doing anything more
28 and "Yes, it's that easy!"

1    11.    The SimpleSave packaging echoes this sentiment, claiming to provide "instant hands-free

2    backup" in large letters in a prominent position on the SimpleSave packaging.   Similarly, the

3    packaging includes other prominent references to the products' ease, simplicity, thoroughness,

4    completeness, and accessibility, including the representation that there is "no software to install" and

5    "no files to select" and "automatically supports most file types" in the process of backing up files

6    from the consumer's computer.  Further, the packaging boasts the SimpleSave "finds and backs up

7    all your important files the minute you plug it in."  The device is represented to be so simple "anyone

8    can use it" and that there is "no software to install and no files to select."

9    12.    In addition to those false and misleading representations contained on the SimpleSave

10   packaging itself, the retailers of the product, namely Costco and Staples, made additional and

11   reiterated false and misleading representations.  Costco made false and misleading representations

12   about the product by stating on its in-store display the product was "Automatic Backup Software" and

13   performed "Hands Free Backup" with "No complicated setting" and was "Plug & Play Storage".  See,

14   Exhibit 5.  Staples also made false and misleading representations about the product by stating on its

15   in-store display the product was "Hand-free backup software".  See, Exhibit 6.

16   13.    To compound the false and misleading misrepresentations to the consumer about the attributes,

17   qualities, characteristics, functions, and capabilities of the SimpleSave external hard drive, the

18   Defendants and each of them provide no instruction or user manual with the purchase of the

19   SimpleSave product.  No other printed literature comes with the SimpleSave product that would

20   specify, clarify, alert, instruct, warn or otherwise inform the user about the specific type or category

21   of files which will be automatically backed up, and more importantly to the consumer those which

22   would *not be backed up automatically*, which would be pertinent to the reasonable consumer's

23   expectation when saving large amounts of important data, financial data, word processing files,

24   program back-up files, accounting data, pictures, or other types of computer files.  Instead, when a

25   consumer plugs the SimpleSave product into their computer, the product begins to save files in less

26   than 30 seconds which leads the consumer into the false belief and sense of security that, like the

27   packaging represents, all of the consumer's files are being transferred and backed up to the external

28   disk for later recovery.

14.   Contrary to the Defendants' advertising and representations, the SimpleSave does not save all of a consumer's important files, and gives the consumer no warning or other reason to know that their computer files were not saved even after the backup is complete. Many consumers provided written complaints about these problems to the Defendants who choose to ignore those complaints and instead continue marketing, advertising and selling the SimpleSave product without warning the consumers the product would not back of all of their important files.

15.   Before purchasing the SimpleSave product, Plaintiff read the representations on the SimpleSave packaging which had been placed there by the Defendants and each of them, and based on those representations, Plaintiff purchased a SimpleSave hard drive. Contrary to the Defendants' representations, the SimpleSave product failed to backup many of the Plaintiff's essential personal and business computer files and documents, in particular WordPerfect files..

16.   Plaintiff is informed, believes and thereon alleges each of the SimpleSave devices purchased by the Class contained the same representations on the SimpleSave packaging as set forth herein. Contrary to such representations, Plaintiff is informed, believes and thereon alleges those similarly situated Class members also lost essential personal and business documents after they were not saved by the SimpleSave product.

## III.

## THE PARTIES

17.   Plaintiff Robert A. Waller, Jr. is and at all times herein mentioned a resident of the County of San Diego, California.

18.   Defendant HEWLETT-PACKARD COMPANY (herein after "HP") is and at all times mentioned herein was a corporation duly organized and existing under the laws of the State of Delaware, with its principle place of business and corporate nerve center in Palo Alto, California, who is at all times herein mentioned authorized to and doing business in the State of California as a designer, manufacturer, and distributor of a wide range of technology products and services, including but not limited to the SimpleSave external hard drive which is subject of this action.

19.   Defendant COSTCO WHOLESALE COMPANY (herein after "Costco") is a corporation duly organized and existing under the laws of the State of Washington, with its principle place of business

Exhibit 3 , Page 42

1  and nerve center in the State of Washington, who is authorized to do and is at all times mentioned

2  herein doing business in the State of California as a membership warehouse which offers it's

3  members low prices on a limited selection of nationally branded and select private label products in

4  a wide range of merchandise categories, including but not limited to the SimpleSave external hard

5  drive which is subject of this action.

6  20.    Defendant WESTERN DIGITAL CORPORATION, previously named as defendant DOE-1

7  (hereafter designated as "Western Digital")  is and at all times mentioned herein was a corporation

8  duly organized and existing under the laws of the State of Delaware, with its principle place of

9  business and corporate nerve center in Orange County, California, who is at all times herein

10  mentioned authorized to and doing business in the State of California as a designer, manufacturer,

11  and distributor of a wide range of technology products and services, including but not limited to the

12  SimpleSave external hard drive which is subject of this action.

13  21.    Defendant STAPLES, INC., previously named as Defendant DOE-2,  (hereafter designated as

14  "Staples")  is and at all times mentioned herein was a corporation duly organized and existing under

15  the laws of the State of Delaware and authorized to and doing business in the State of California as

16  a distributor and seller of a wide range of technology products and services, including but not limited

17  to the SimpleSave external hard drive which is subject of this action.

18  22.    Plaintiff is ignorant of the true names, capacities, and identities of those defendants sued herein

19  as DOES 3 through 100, inclusive, and therefore sues these defendants by such fictitious names.

20  Plaintiff will amend this Complaint to allege their true names, capacities and identities when

21  ascertained.  Plaintiff is informed, believes and thereon alleges that each of the fictitiously named

22  defendants is thereon responsible in some manner for the occurrences herein alleged, and that

23  plaintiff's injuries as herein alleged were proximately caused by such acts.

24  23.    Plaintiff is informed and believes, and based thereon alleges, that each Defendant and/or DOE

25  acted in all respects pertinent to this action as the agent or ostensible agent of the other Defendants

26  and/or DOES, and carried out a joint scheme, business plan or policy in all respects pertinent hereto,

27  and the acts of each Defendant and/or DOE are legally attributable to the other Defendants and/or

28  DOES.

1    **A.    <u>Plaintiff Waller and The Class</u>**

2    24.   Plaintiff Robert A. Waller, Jr. ("Plaintiff") is an individual who resides in the County of San

3    Diego, State of California.  On or about March 27, 2010, Plaintiff purchased a 320GB SimpleSave

4    external hard drive from the Costco store located on 951 Palomar Airport Road, Carlsbad, California,

5    92009 for the price of $79.99, plus applicable taxes.

6    25.   Plaintiff is suing in both his individual capacity and on behalf of all others similarly situated.

7    On information and belief, Plaintiff and all other members of the proposed Class purchased the

8    SimpleSave hard drive from stores located throughout California, including but not limited to Costco

9    and/or Staples stores in California.  On information and belief, each SimpleSave purchased by the

10   Class contained the same false and misleading representations as herein stated.  The SimpleSave did

11   not perform according to the stated advertisements and representations as the product did not

12   automatically select and back up important personal and business files such as those used by programs

13   including but not limited to WordPerfect.

14   26.   Plaintiff suffered actual harm in that as a consequence of the SimpleSave not backing up

15   automatically Plaintiff's personal and business computer files and after suffering a hard drive crash,

16   Plaintiff was required to and did incur financial losses in having to hire an outside computer

17   consultant to retrieve the unsaved computer files.

18   **B.    <u>Defendants</u>**

19   27.   Defendant HP and Western Digital and/or DOES are engaged in the business of designing,

20   manufacturing, and/or distributing a variety of technological products, including the SimpleSave

21   external backup hard drive.  The products are sold by retailers within San Diego County and

22   throughout the State of California.  On information and belief, HP and Western Digital are the

23   designers, manufacturers, and distributors of the SimpleSave external backup hard drives purchased

24   by Plaintiff and other members of the proposed Class.

25   28.   Defendants Costco, Staples and/or DOES are engaged in the business of selling various products

26   in a wide range of merchandise categories to consumers within San Diego County and throughout the

27   State of California.  On information and belief, Costco and Staples are the retailers of the SimpleSave

28   external backup hard drive purchased by Plaintiff and other members of the proposed Class.

Exhibit  3  , Page  44

**IV.**

**JURISDICTION AND VENUE**

29.    This Court has subject matter jurisdiction over this action pursuant to California Business and Professions Code sections 17203, 17204, 17535 and Civil Code section 1780. This court has personal jurisdiction over the parties because Plaintiff and Class members submit to the jurisdiction of the Court, and Defendants and/or DOES systematically and continuously do business in the County of San Diego, State of California.

30.    Venue is proper in this Court pursuant to California Code of Civil Procedure §395 and §395.5 and California Business and Professions Code §17203 because Plaintiff's transactions with both defendants took place in San Diego County in the city of Carlsbad, California.

31.    Federal subject matter jurisdiction over this action does not exist. There is no diversity of citizenship as to all parties. As alleged above, Plaintiff is a citizen of the State of California, and defendant HP is a citizen of the State of California by virtue of the fact its principle place of business and corporate headquarters and nerve center is located in Palo Alto, California.

32.    Further, Plaintiff and the members of the class assert no federal question. The state law claims mandate this action be heard in a California state court.

**V.**

**CLASS ACTION ALLEGATIONS**

33.    Plaintiff brings this suit as a class action pursuant to California Business and Professions Code section 17203 and Code of Civil Procedure section 382, on behalf of himself and all other similarly-situated persons. The Class and/or Sub-classes are defined as followed:

  a. All persons who reside in California and who purchased an HP SimpleSave external hard drive in California during the relevant period.

  b. All persons who reside in California and who purchased an HP SimpleSave external hard drive from a Costco store in California during the relevant period.

  c. All persons who reside in California and who purchased an HP SimpleSave external hard drive from a Staples store in California during the relevant period.

34.   Plaintiff reserves the right pursuant to Rule 1855(b) of the California Rules of Court to amend or modify the Class description with greater specificity or further division into subclasses or limitation to particular issues.

35.   This action has been brought and may properly be maintained as a class action under the provisions of section 382 of the California Code of Civil Procedure because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

**A.**   **Numerosity**

36.   The potential members of the Class as defined are so numerous and are dispersed throughout California such that joinder of all Class members is impracticable. While the precise number of Class members has not been determined at this time, Plaintiff is informed and believes that thousands of persons have purchased HP SimpleSave external hard drives from Costco stores throughout California within the relevant time period, given the fact that HP sells an even greater number of these products nationwide annually.

**B.**   **Common Questions of Fact and Law**

37.   Common questions of fact and law exist as to all members of the Class and predominate over any questions affecting solely individual members of the Class. Among the questions of fact and law that predominate over any individual issues are:

a.      Whether Defendants and/or DOES violated section 17200, *et seq.* of the California Business and Professions Code by fraudulently and deceptively engaging in a business practice of including false and misleading information and representations on the packaging of its products.

b.      Whether Defendants and/or DOES violated section 17200, *et seq.* of the California Business and Professions Code by engaging in unfair, deceptive, untrue and/or misleading advertising of its products.

c.      Whether Defendants and/or DOES violated section 17500 of the California Business and Professions Code by publicly disseminating advertising which Defendant and/or DOES knew or should have known was untrue and/or misleading.

d.      Whether Plaintiff and Class members suffered damage by purchasing a SimpleSave product and/or incurred financial losses, including but not necessarily limited to lost money and/or

*2ⁿᵈ Amended Class Complaint*          -10-     *Case No: 37-2010-00057144-CU-BT-NC*

Exhibit 3 , Page 46

1   property as a result of Defendants' violations of section 17200 and/or 17500.

2   **C.   Typicality**

3   38.   The claims of the named Plaintiff are typical of the claims of the Class.  Plaintiff and all

4   members of the Class sustained injuries arising out of or caused by Defendants' and/or DOES'

5   common course of conduct in violation of laws and regulations that have the force and effect of laws

6   and statutes as alleged.

7   **D.   Adequacy of Representation**

8   39.   Plaintiff will fairly and adequately protect the interests of the members of the Class.  Counsel

9   who represents Plaintiff are competent and experienced in litigating class action cases and will

10  competently represent the class.

11  **E.   Superiority of Class Action**

12  40.   A class action is superior to all other means for the fair and efficient adjudication of this

13  controversy.  Individual joiner of all Class members is not practicable, and questions of law and fact

14  common to the Class predominate over any questions affecting only individual members of the class.

15  Each member of the Class has been damaged and is entitled to recovery by reason of Defendants'

16  and/or DOES' fraudulent, deceptive and/or misleading advertising and selling of HP SimpleSave

17  external backup hard drives to Class Members.

18  41.   Class action treatment will allow those similarly situated persons to litigate their claims in the

19  manner that is most efficient and economical for the parties and the judicial system.  Plaintiff is

20  unaware of any difficulties that are likely to be encountered in the management of this action that

21  would preclude its maintenance as a class action.

22                                          **VI.**

23                              **FIRST CAUSE OF ACTION**

24                  **UNFAIR, FRAUDULENT BUSINESS PRACTICES**

25                  **[California Bus. & Prof. Code §17200, *et seq.*]**

26  42.   Plaintiff and those similarly situated Class members hereby incorporate by reference each and

27  every other paragraph in this Complaint herein as if fully plead.

28

1   43.   Defendants' and/or DOES' false and/or misleading representations about the capabilities,

2   qualities and/or performance of the SimpleSave, as alleged herein, constitutes an unfair business

3   practice prohibited by California Business and Professions Code section 17200, *et seq.*, in that the

4   practice gives Defendants and/or DOES an unfair advantage over producers of similar products and,

5   thus, significantly threatens and harms competition.

6   44.   Further, Plaintiff and those similarly situated Class members allege that Defendants and/or

7   DOES  fraudulently concealed the material facts at issue herein by failing to disclose to consumers

8   the true facts regarding which files will be backed up automatically without the user doing anything

9   more than plugging in the SimpleSave, and more importantly to the consumer end-user of the

10  SimpleSave product, which files will not be automatically backed up when the SimpleSave is plugged

11  into a computer.

12  45.   Given the advertisements and representations made on the SimpleSave's packaging, and in-store

13  sales displays at Costco and Staples, the reasonable consumer purchasing the device is likely to be

14  deceived by the representations to "just plug it in", the device has "Automatic Backup Software",

15  performs "Hands Free Backup", "Plug & Play Storage", "No complicated setting" and that "all

16  important files" of the consumer will be saved without the consumer doing more and there are "no

17  files to select" in order to be backed up.

18  46.   Such a failure to disclose, as alleged herein, constitutes fraudulent and deceptive business

19  practices, within the meaning of California Business and Professions Code section 17200, *et seq.*

20  "Although the unfair competition law defines "unfair competition" to include fraudulent business acts

21  or practices, a finding of fraud is not a prerequisite to the grant of relief for unfair competition.  In

22  fact, the unfair competition law imposes liability without the necessity of showing intent.  The statute

23  imposes strict liability; it is not necessary to show that the defendant intended to injure anyone.  The

24  fraud contemplated by the unfair competition law is different from common-law fraud or deception;

25  the test is whether the public is likely to be deceived. Thus, a violation of the unfair competition law,

26  unlike common-law fraud, can be shown even if no one was actually deceived, relied upon the

27  fraudulent practice, or sustained any damage. Instead, it is only necessary to show that members of

28  the public are likely to be deceived. As a general rule, proof of actual deception or confusion is not

*2nd Amended Class Complaint*          -12-    *Case No: 37-2010-00057144-CU-BT-NC*

1  necessary to establish unfair competition; protection is afforded against just the probability or
2  likelihood of deception or confusion." 61 Cal.Jur.3d, *Unfair Competition* §4 (2010) (citations
3  omitted).
4  47. "The unfair competition statute imposes strict liability, and it is therefore not necessary to show
5  that the defendant intended to injure anyone. Thus, to state a cause of action under the fraud prong
6  of the unfair competition law, a plaintiff need not show that he or she, or others, were actually
7  deceived or confused by the conduct or business practice in question. To state a claim under the
8  unfair competition law one need not plead and prove the elements of a tort; instead, one need only
9  show that members of the public are likely to be deceived by the defendant's practice. Reliance is not
10 a required element, nor is the intent to defraud. An allegation of actual damage is not necessary for
11 injunctive relief. With respect to the standard of proof, an unfair competition law violation is
12 established by the usual preponderance of the evidence. 61 Cal.Jur. 3d *Unfair Competition* §29
13 (citations omitted.)
14 48. As a result of their unfair, fraudulent and deceptive business practices, Defendants and/or DOES
15 have realized and continue to realize unfair benefits at the expense of Plaintiff and the Class he seeks
16 to represent. Defendants and/or DOES should be enjoined from this activity and made to disgorge
17 all ill-gotten gains and restore to Plaintiff and the members of the Class the amount of money spent
18 to purchase the SimpleSave hard drives at the center of this dispute. Plaintiff is informed and
19 believes, and thereon alleges, that Defendants and/or DOES are unjustly enriched through their
20 wrongful advertising and sale of misrepresented products alleged herein, that were purchased by
21 Plaintiff and members of the Class. According, Defendants and/or DOES have violated Business and
22 Profession Code §17200's proscription against unfair, unlawful, or fraudulent business practices.
23 49. As a further proximate result of the aforementioned acts. Plaintiff was required to and did
24 employ attorneys and other legal representatives to represent him and to prosecute these claims on
25 his behalf and on behalf of the Class and as a result is entitled to an award of attorney fees and costs
26 pursuant to applicable law, including but not limited to California Code of Civil Procedure §1021.5
27 in an amount according to proof. Plaintiff and all similarly situated members of the Class are
28 therefore entitled to the relief prayed for herein.

# VII.

## SECOND CAUSE OF ACTION

## UNTRUE AND MISLEADING ADVERTISING

### [California Bus. & Prof. Code §17500]

50.   Plaintiff and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

51.   The acts, practices, misrepresentations, and omissions of Defendants and/or DOES as alleged herein are likely to mislead and have misled the general public and constitute false or misleading advertising in violation of California Business and Professions Code §17500, *et seq*. "To state a cause of action for injunctive relief under the false advertising law, it is necessary only to show that members of the public are likely to be deceived. Allegations of actual deception, reasonable reliance, and damage are unnecessary. The court may also order restitution without individualized proof of deception, reliance, and injury if it determines that such a remedy is necessary to prevent the use or employment of the unfair practice." 13A Cal.Jur.3d *Consumer, etc. Protection Laws* §114 (2010) (citations omitted.)

52.   The acts, practices, misrepresentations, and omissions of Defendants and/or DOES as alleged herein were intended to and did induce the purchase of SimpleSave external hard drives at issue to the consuming public and violated and continue to violate California Business and Professions Code §17500 for the following reasons:

a.     Defendants and/or DOES caused to be made, published, disseminated, circulated or placed before the public, advertisements and packaging claims concerning the attributes, qualities, characteristics, functions, and capabilities of the SimpleSave external hard drive at issue which contained statements that the SimpleSave drives automatically backup all important files without the consumer having to choose which files would be saved, which were known, or which by the exercise of reasonable care should have been known, by Defendants and/or DOES to be untrue, deceptive, misleading, or materially incomplete; and

b.     Defendants and/or DOES caused to be made, published, disseminated, circulated or placed before the public, advertisements and packaging claims concerning the SimpleSave external

1   hard drives at issue which contained statements regarding the attributes, qualities, characteristics,

2   functions, and capabilities of the SimpleSave external hard drive to automatically backup all

3   important files without the consumer having to choose which files would be saved, which were

4   untrue, deceptive, misleading, or materially incomplete, as part of a plan or scheme with the intent,

5   design, or purpose not to sell such products as advertised.

6   53.   Accordingly, Defendants and/or DOES have violated Business and Professions Code §17500's

7   proscription against untrue or misleading advertising. "Negligent as well as intentional dissemination

8   of misleading advertising is prohibited." 13A Cal.Jur.3d *Consumer, etc. Protection Laws* § 97 (2010).

9   "The statute affords protection against the probability or likelihood, as well as the actuality, of

10  deception or confusion.   The legislative intent is to forbid something more than simply those

11  advertisements which are untrue, and regardless of its truth or falsity, a statement that is deceptive

12  or misleading violates the statute, whether or not it is made with specific intent to deceive, and is

13  punishable as a misdemeanor." 13A Cal.Jur.3d *Consumer, etc. Protection Laws* § 96 (2010) (citations

14  omitted.)

15  54.   "[T]hrough the unfair competition law, a plaintiff may obtain restitution and/or injunctive relief

16  against unfair or unlawful practices in order to protect the public and restore to the parties in interest

17  money or property taken by means of unfair competition." 61 Cal.Jur.3d *Unfair Competition* §34

18  (2010) (citations omitted.)  "An order for restitution is one compelling a defendant to return money

19  obtained through an unfair business practice to those persons in interest from whom the property was

20  taken, and may be ordered without individualized proof of harm.   This is also referred to as

21  disgorgement of profits or of the defendant's wrongful gains." *Id.* "Under the unfair competition law

22  an individual may recover profits unfairly obtained to the extent that these profits represent monies

23  given to the defendant or benefits in which the plaintiff has an ownership interest.  Unless otherwise

24  expressly provided, the remedies or penalties provided by the unfair competition law are cumulative

25  to each other and to the remedies or penalties available under all other laws of the state." *Id.*

26  55.   As a further proximate result of the aforementioned acts. Plaintiff was required to and did

27  employ attorneys and other legal representatives to represent him and to prosecute these claims on

28  his behalf and on behalf of the Class and as a result is entitled to an award of attorney fees and costs

1  pursuant to applicable law, including but not limited to California Code of Civil Procedure §1021.5

2  in an amount according to proof.  Plaintiff and all other similarly situated members of the Class are

3  therefore entitled to the relief prayed for herein.

4                                                     **VIII.**

5                                         **THIRD CAUSE OF ACTION**

6  **VIOLATION OF CALIFORNIA CONSUMERS LEGAL REMEDIES ACT**

7                                      **[California Civ. Code §1750]**

8  56.   Plaintiff and those similarly situated Class members hereby incorporate by reference each and

9  every other paragraph in this Complaint herein as if fully plead.

10  57.   The acts, practices, misrepresentations, and omissions of Defendants and/or DOES alleged

11  herein were intended to result and did result in the sale of HP SimpleSave external hard drives to the

12  consuming public and violated and continue to violate the Consumers Legal Remedies Act, California

13  Civil Code §1750, et seq., by violating at least Civil Code §1770(a)(7) and (9).

14  58.   On September 30, 2010, more than 30 days prior to the filing of this second amended complaint,

15  the Plaintiff notified all Defendants of their deceptive business practices and demanded that the

16  Defendants rectify the deception as required by Civ. Code, § 1782.  A copy of plaintiff's demand is

17  attached as Exhibit "7" and incorporated herein by reference.  The Defendants refused, and still

18  refuse, to rectify their deceptive business practices.

19  59.   Defendants and/or DOES have misrepresented SimpleSave hard drives by advertising and

20  representing the device automatically backs up all important files on a consumer's computer without

21  requiring and/or forcing the consumer to choose which files would be, and more importantly which

22  files would not be saved, and not intending to sell the hard drives as advertised.  Defendants and/or

23  DOES misrepresented the attributes, qualities, characteristics, functions, and capabilities of the

24  SimpleSave external hard drive and have therefore misrepresented the standard, quality, or grade of

25  the product.

26  60.   Accordingly, Defendants and/or DOES have violated California Civil Code §1750, *et seq.*, and

27  the Defendants and each of them should pay actual and statutory damages, attorney's fees and be

28  enjoined from any further violations and Plaintiff and the Class are therefore entitled to injunctive

Exhibit 3 , Page 52

1  relief the relief prayed for herein.

2  61.   Defendants Western Digital and/or HP intentionally misled Plaintiff and Class Members when

3  they manufactured, distributed, advertised their SimpleSave product as "instant hands free backup,

4  just plug it in, no software to install, no files to select, finds and backs up all of your important files

5  the minute you plug it in, frequent backup update of changed files, yes, it's that easy!"

6  62.   Over a year before Plaintiff and Class Members purchased the SimpleSave product, defendants

7  Western Digital and/or HP had received written complaints from consumers that the SimpleSave

8  product was not "instant hands free backup" but required the user to go into his computer and perform

9  the laborious task of selecting the consumers computer files so those files would be backed up by

10 SimpleSave. Many of the consumers advised Western Digital and HP that it was such a difficult task

11 to try to figure out which files needed to be selected to get SimpleSave to perform the backup that

12 they elected to purchase and use a different backup software.  Despite having this knowledge Western

13 Digital and HP did nothing to warn or alert the Plaintiff and Class Members that the SimpleSave

14 product was not "hands free" and many important files would not be backed up unless the consumer

15 performed the laborious task of selecting each file to be backed up.

16 63.   Western Digital and HP, in addition to receiving written complaints about their SimpleSave

17 product, knew as early as the design and testing stage of the SimpleSave product that it would not

18 perform as "instant hands free backup, just plug it in, no software to install, no files to select...".

19 Western Digital and HP intentionally and wilfully concealed these material facts about the

20 performance capabilities of the SimpleSave product from the Plaintiff and Class Members. The

21 intentional concealment of material facts concerning the performance of the SimpleSave product by

22 Western Digital and HP was despicable conduct carried out with a motive for profit and a wilful and

23 conscious disregard of the rights of the Plaintiff and Class Members.   The Plaintiff and Class

24 Members seek an award of punitive damages against Western Digital and HP as a way of punishing

25 them for acting with fraud, oppression and malice and to deter similar conduct by Western Digital and

26 HP in the future.

27 64.   As a further proximate result of the aforementioned acts. Plaintiff was required to and did

28 employ attorneys and other legal representatives to represent him and to prosecute these claims on

*2nd Amended Class Complaint*          -17-    *Case No: 37-2010-00057144-CU-BT-NC*

Exhibit 3 , Page 53

1   his behalf and on behalf of the Class and as a result is entitled to an award of attorney fees and costs

2   pursuant to applicable law, including but not limited to California Civil Code §1780 in an amount

3   according to proof.  Plaintiff and all other similarly situated members of the Class are therefore

4   entitled to the relief prayed for herein.

5                               **PRAYER FOR RELIEF**

6          **WHEREFORE** Plaintiff, on behalf of himself and all other purchasers of the HP SimpleSave

7   external hard drives at issue herein, prays for relief against Defendants and/or DOES as follows:

8          1.      The Court determine this action may be maintained as a Class action;

9          2.      For compensatory damages in an amount according to proof with interest thereon;

10         3.      For economic and/or special damages in an amount according to proof with interest

11  thereon;

12         4.      For punitive damages for wilfully violating California Civil Code §1750;

13         5.      For all injunctive and any other equitable relief the court should deem fair, just and proper

14  for defendants' and each of their violations of California Civil Code §1750, *et seq.*;

15         6.      That Defendants HP and/or Costco and/or Staples, and/or Western Digital, and/or DOES

16  be found to have engaged in unfair competition and false advertising in violation of Sections 17200,

17  *et seq.*, and/or Section 17500, *et seq.*, of the California Business and Professions Code;

18         7.      That Defendants and/or DOES be ordered to cease and enjoined from continuing their

19  unfair and deceptive business practices pursuant to Sections 17200, et seq., and/or Section 17500, *et*

20  *seq.*, of the California Business and Professions Code;

21         8.      That Defendants and each of them be ordered to make restitution to Plaintiff and the

22  Class and to disgorge profits or other wrongful gains realized by Defendants and each of them as a

23  result of their unfair competition and/or unlawful business practices as alleged pursuant to California

24  Business and Professions Code sections 17200, *et seq.* and/or 17500, *et seq.*, and/or Civil Code

25  section 1750;

26         9.      That Defendants and/or DOES be enjoined and/or ordered to cease and desist from future

27  unfair competition and/or unlawful business practices pursuant to California Business and Professions

28  Code Sections 17200, *et seq.*, and/or 17500, *et seq.*, and/or Civil Code section 1750;

1    10.    For attorneys' fees pursuant to applicable law including but not limited to California Civil

2 Code §1780 and/or California Code of Civil Procedure §1021.5, *et seq.* according to proof.

3    11.    For interest accrued to date;

4    12.    For costs of suit and expenses incurred herein;

5    13.    For such other further relief as the Court may deem fair, just, equitable, proper and

6 appropriate.

7 Dated: February 3, 2011                              **FEERICK & ASSOCIATES**

8

9                                                      THOMAS F. FEERICK
                                                       Attorney for Plaintiff and the Class
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*2nd Amended Class Complaint*                -19-    *Case No: 37-2010-00057144-CU-BT-NC*

Exhibit 3 , Page 55

# EXHIBIT 1

Exhibit 3 , Page 56





# SimpleSave



USB port
Microsoft  Windows  XP,
Windows Vista , Windows 7



 

320 GB/Go

| | | |
|---|---|---|
| up to jusqu'à | 38 | Hours HD / Heures HD |
| or ou | 80,000 | MP3 |
| or ou | 64,000 | JPG |





Exhibit 3 , Page 58

# EXHIBIT 2

Exhibit 3 , Page 59

Exhibit 3 , Page 60



SimpleSave

# EXHIBIT 3



- [About](#)
- [Advertise](#)
- [Contact](#)
- [Tweet](#)
- [Rss](#)

# Technology and Gadgets

from a girl's perspective

- [Accessories & Cases](#)
- [Cell Phones](#)
- [Fashion](#)
- [iPhone](#)
- [Laptops](#)
- [TV](#)
- [MORE +](#)
  - [Apple](#)
  - [Cameras](#)
  - [Celebrity](#)
  - [CES 2011](#)
  - [Clocks](#)
  - [Contests](#)
  - [Desktops](#)
  - [Digital Frames](#)
  - [E-Readers](#)
  - [European Tech](#)
  - [general](#)
  - [giftguide](#)
  - [Hard Drives & USB](#)
  - [headphones](#)
  - [Home](#)
  - [iPad](#)
  - [iPod & MP3](#)
  - [iPod Docks](#)
  - [Mice & Keyboards](#)
  - [Monitors](#)
  - [Music](#)
  - [News](#)
  - [Printers](#)
  - [Retro](#)
  - [Reviews](#)
  - [Science](#)
  - [Smartphones](#)

Exhibit 3 , Page 63



Share   3
tweets

retweet

# HP SimpleSave Hard Drive Review

29 and 0
Posted by Tiffani in Hard Drives & USB, Reviews on September 14, 2009 at 12:00am
· Ads by Google   USB Hard Drive      Hard Drive      HP 200T Review  HP USB Treiber



Anybody who has ever had their computer crash on them and lost precious irreplaceable files knows just how important it is to back your computer up. The more backups the better. Not only does backing your computer up protect you from when (not if) your computer will have a complete meltdown, it also gives you the peace of mind knowing that your files are safe even if you accidentally delete them.

For many computer users, however, backing up their computer is a difficult and intimidating task. So they don't do it and hope for the best. The **HP Portable SimpleSave hard drive** is HP's answer to this issue. It is intended to make the entire backup process simple, painless, and almost hands-free. Essentially it is trying to be Apple's Time Machine for PC users (note: it is NOT usable on a Mac). The SimpleSave does a pretty good job of being a handsfree backup solution, though it does have a couple shortcomings.

Really, backing up your hard drive with the SimpleSave couldn't be much easier. It's as simple as plugging in the hard drive, starting the HP Launcher software, and letting it run. You only click once to accept the user agreement and it does the rest. Restoring your files is just as easy, and you can choose to restore individual folders, or your entire computer. We especially liked how it could back

up multiple computers and the files were stored uncompressed on the hard drive so you can easily go through them and grab certain things you need quickly.

However, the software does not do a carbon copy of your hard drive. It only backs up certain file extensions. The list of extensions is… extensive and this is usually no problem. The software backs up almost every extension an average computer user could want, over 330 out of box.  Common files like music, photos, documents, and emails will all be saved automatically and easily. However if you work with a more specialized or uncommon kind of file type, then there is a chance it won't automatically recognize the file type and not back it up. You can go into the options and add that file type, however, it is not at first obvious that one would even need to do that. In addition there are file names and folder tree length restrictions, so if you have some files deeply nested in your hard drive they may not be picked up either. Since the software works by saving only certain file types and folders, it can't be used to restore an entire system.



The drive itself is sleek, piano black, and minimalist. It requires only the included USB cable to run and power it. With a single blue light and an HP logo, the design is as simple as the software, and its tiny footprint makes it easy to transport. The drive can also be used as a drag and drop drive if you desire.

The entire Simple Save backup process is designed to run in the background or while your computer is idle. It's not particularly fast- If you have a 60-80 gigabyte hard drive, expect the backup process to take at least 2-3 hours to run the first time. This is normal with any backup software though the first time. Afterwards backups are much more speedy. However that is not a big deal since performance isn't really an issue with a hard drive intended for back up purposes.

**Conclusion**

Exhibit 3 , Page 65

The HP SimpleSave Hard Drive is great for the average consumer in need of a no-brainer back-up solution. For the average user it does its job very well of making the backup process quick and pain free. For the more advanced user there are perhaps some limitations that could cause issues. Although in reality a more advanced user likely knows how to back their entire computer up anyway and won't require the automated software that comes on the hard drive.

If you or a loved one is operating a computer and not backing it up, give them the gift of a HP SimpleSave Hard Drive and let them sleep a little easier at night. The **HP SimpleSave 320 GB** retails for $74.99 and the **HP SimpleSave 500 GB** retails for $102.99 at Amazon.

*The Good:* Automatic, easy to use, and everything an average computer user could want.
*The Bad:* Advance back up isn't as easy as it could be. No Mac client

Tags: <u>backup</u>, <u>hard drive</u>, <u>HP</u>, <u>Simplesave</u>

## Share This, Please!!!

0

- ¡
- ¡

| Share |

| submit |

| reddit |

| Like |   Sign Up to see what your friends like.

<u>Previous Story</u>
<u>Next Story</u>

# Related Stories



- <u>Memorex's Suer Cheap SimpleSave Photo & Video Back-Up Disc ››</u>

Exhibit 3, Page 66

# EXHIBIT 4

Exhibit 3 , Page 67

SimpleSave backup drive - HP Support Forum                           Page 1 of 3

Support in other languages:  English

 HP Support Forum
› Contact HP



## Other HP Consumer Products and
## Technologies

Register · Sign In · Help                                  [                    ]  Board  [      ]

Home › Other HP Products › Other Products › SimpleSave backup drive

[Reply]  Topic Options                              Message Listing   Previous Topic   Next Topic

Previous   1   2   Next

**andy77** °            **SimpleSave backup drive**                              Options
Student               12-13-2009 06:50 AM

                      I just attached the 1TB version to my Win XP system.  It backed up its preset list of extensions, but missed a bunch, including WordPerfect document
                      files.

Posts: 7              Is there a way to back up ALL files, other than typing each and every file extension (and then it would miss files with no extension, of which I have
Registered: 12-13-2009  some).  It did not allow the wild card * in the file extension.  Can you specify a complete backup?  Can you specify entire directories?  Dragging and
                      dropping becomes laborious and defeats the purpose of an "automatic" backup.

        1             Thanks for your help.

                      Andy

Report Inappropriate Content   Everyone's Tags:  extensions files backup   View All (1)        [Reply]
Message 1 of 11 (2,270 Views)

**sanchezcaro**        **Re: SimpleSave backup drive**                           Options
Visitor               12-27-2009 02:43 PM

                      Found a way to do it but I will finally use Backup Maker from ASCOMP Software because even with this solution there would be NO WAY to backup
                      files with no extension with HP Simple Save.
Posts: 5              Engineers do difficult things, I can't believe HP programmers forgot this need when making this software:
Registered: 12-27-2009
                      1. The file Categories.dat in F:\HP SimpleSave Application\  contains the default extensions that appear the first time you use the program
        0
                      2. Open this file with notepad

                      3. Add the following line near the end of file, just after the tag  <Category Name="Custom Extensions" Selected="1" Customized="1" ResID="192">:

                              <FileType Description="*" Extension="*.*" Selected="1"/>
                      You can add as much lines as extensions you want to backup

                      4. Close HP Simple Save even it's icon visible in the taskbar

                      5. Open HP Simple Save again

                      6. Go to "My options" where you check filetypes and click on applying default settings (first configurations). After clicking on that, the extensions
                      specified in the file Categories.dat that we have modified will be applied

                      7. You will see that the extension *.* appears in Custom extensions, but despite of that, the backup won't still select all files. Annoying isn't it?

                      So the only way to do it is by adding, with this method, instead of the extension *.*, all possible combinations of extensions, like *.000, *.001, *.002,...
                      *.AAA, *.AAB, *.AAC,... and so on...
                      The only human way to do this is by creating a macro in excel, using "For" loops and the instruction Chr(i) where i=48 to 57 for combinations of
                      numbers and i=65 to 90 for letters, in order to write all the possible combinations in cells and then pasting them to the file Categories.dat  (even with
                      all the combinations you won't be able to select files without extension)

                      Nice thing for getting fun, isn't it? But this is HP job and I don't wanna waste an evening in this issue. That's why I preferred to use Backup Maker

                      Best regards

Report Inappropriate Content                                                         [Reply]
Message 2 of 11 (2,200 Views)

**andy77**            **Re: SimpleSave backup drive**                           Options
Student               12-27-2009 03:03 PM

                      Wow!! Thanks for all that work.  I'm not sure I have the courage to try it.  You are right-the HP engineers should have done this for us.

Exhibit  3 , Page 68

SimpleSave backup drive - HP Support Forum                                    Page 2 of 3

Posts: 7                          Andy
Registered: 12-13-2009

1

Report Inappropriate Content                                                        [ Reply ]
Message 3 of 11 (2,198 Views)

sanchezcaro                  **Re: SimpleSave backup drive**                    Options
Visitor                      12-29-2009 08:33 AM

Posts: 5                     After installing and using Backup Maker, it's rubish because it zips the backup and if it's too large it returns an error of lack of space i don't understand
Registered: 12-27-2009       (with more than 700Gb free in the destination hard drive!!).

                             I have tried Cobian Backup 9.51212 which is freeware and definitely I will use this instead HP Simple Save

0

Report Inappropriate Content                                                        [ Reply ]
Message 4 of 11 (2,151 Views)

andy77                       **Re: SimpleSave backup drive**                    Options
Student                      12-29-2009 01:10 PM

                             Thanks again,

Posts: 7                     Andy
Registered: 12-13-2009

0

Report Inappropriate Content                                                        [ Reply ]
Message 5 of 11 (2,141 Views)

josephculkar                 **Re: SimpleSave backup drive**                    Options
Visitor                      02-28-2010 01:07 PM

                             TO: HP Support

Posts: 1                     I would like to use my new HP 1 TB SIMPLE SAVE to back up all my files, not just the ones that are in your extensive list.  It is very inconvenient to try
Registered: 02-28-2010       to figure out which extentions are already in your list.

                             Can you give us all an option to select all files (including files with no extention)?  Can you give us a utility that shows us all extentions and the number
0                            of files with that extention?

                             The SIMPLE SAVE concept is fantastic, but in my opinion HP needs to address the above issues.

                             In addition to my SIMPLE SAVE, I have given away 2 other units to family members.  This change would be very welcome.
Report Inappropriate Content   Everyone's Tags:  simple save all files    View All (1)                        [ Reply ]
Message 6 of 11 (1,685 Views)

LogCastle                    **Re: SimpleSave backup drive**                    Options
Visitor                      05-13-2010 10:41 PM

                             I gave this clever hack a try but it did not work.  No new item showed up in the custom filetypes.  Do you have any further instruction or troubleshooting
Posts: 2                     info?
Registered: 05-13-2010
                             This certainly is a major usability issue that the HP UX or Human Factors Engineers need to address.  On my first backup it missed 10,000 files and I
                             certainly can't track down all the file types.

0

Report Inappropriate Content                                                        [ Reply ]
Message 7 of 11 (1,398 Views)

LogCastle                    **Re: SimpleSave backup drive**                    Options
Visitor                      05-14-2010 07:06 AM

                                                                              Exhibit 3, Page 69

SimpleSave backup drive - HP Support Forum                                   Page 3 of 3



Posts: 2
Registered: 05-13-2010

0

After moving the backup drive to another PC (vista) the *.* entry did show up.  But when I moved it back to the first PC (XP pro) it was not in the set of custom extensions.  This is very strange....ideas?

Report Inappropriate Content
Message 8 of 11 (1,383 Views)                                                              [ Reply ]

andy77
Student

Posts: 7
Registered: 12-13-2009

0

**Re: SimpleSave backup drive**                                              Options
05-16-2010 07:20 PM

Well, my main idea is that HP should fix this, not us.  I am not a software engineer (I got Basic to print my name on the screen-pretty good, huh?
:-) ).How do they expect us ever to buy their backup drive again, or recommend it to others, when it does not do the basic function it is sold to do?
Sorry to vent, but it continues to be annoying!

Report Inappropriate Content
Message 9 of 11 (1,339 Views)                                                              [ Reply ]

rawallerjr
Visitor

Posts: 1
Registered: 06-30-2010

0

**Re: SimpleSave backup drive**                                              Options
06-30-2010 09:30 AM

Andy77-
I just had the same problem where SimpleSave didn't back up any of my WordPerfect files.  Unfortunately, I didn't figure this out until my hard drive crashed and I went to go restore and NONE of the WordPerfect files were on SimpleSave.  It's not like WordPerfect is some obscure program.  What other files did SimpleSave not back up for you?

Has anyone else had a similar problem with SimpleSave not backing up files and then losing them in a crash?

Report Inappropriate Content
Message 10 of 11 (1,121 Views)                                                             [ Reply ]

Previous    1    2    Next

                                                 Message Listing       Previous Topic      Next Topic

                                                              POWERED BY ✦lithium

† The opinions expressed above are the personal opinions of the authors, not of HP. By using this site, you accept the Terms of Use and Rules of Participation

© 2011 Hewlett-Packard Development Company, L.P.

# EXHIBIT 5





Exhibit 3, Page 73

# EXHIBIT 6

Exhibit 3 , Page 74





EXHIBIT 7

# FEERICK & ASSOCIATES
ATTORNEYS AT LAW

**North Coast Business Park**

539 Encinitas Blvd., Suite 107
Encinitas, CA 92024
Phone: 760-632-4850
Fax: 760-632-4853
Toll Free: 866-385-3851
Toll Free: 866-721-3851 (Fax)
E-Mail: Feericklaw@aol.com

September 30, 2010

Hewlett-Packard Company
c/o CT Corporation System
818 W 7th Street
Los Angeles, California 90017

Costco Wholesale Corporation
c/o CT Corporation System
818 W 7th Street
Los Angeles, California 90017

Staples, Inc.
c/o CT Corporation System
818 W 7th Street
Los Angeles, California 90017

Western Digital
c/o CSC - Lawyers Incorporating Service
2730 Gateway Oaks Drive, Ste. 100
Sacramento, California 95833

Re:   **California Consumer Legal Remedies Act (CLRA)**
      **30-Day Statutory Notice Civil Code Section 1782.**

Dear Businesses,

You are hereby notified that on or about April 2010, in carrying out the terms of a transaction you entered into with Robert A. Waller, Jr., namely the purchase of a HP 320GB SimpleSave external hard drive, you violated the provisions of the California Consumers Legal Remedies Act.

In addition to the HP 320GB SimpleSave external hard drive, your company also produces a HP 1TB SimpleSave external hard drive which is packaged, advertised, marketed, and otherwise held out for sale in the same way.  Your violations were perpetrated by misrepresenting HP SimpleSave external hard drives by advertising and representing the device automatically backs up all important files on a consumer's computer without requiring and/or forcing the consumer to choose which files would be, and more importantly which files would not be saved. The HP SimpleSave external hard drives do not come with any user manual or instruction manual other than what is written on the packaging.  The HP SimpleSave external hard drive packaging states the following:

> **"Automatic, hands-free backup - Finds and backs up all your important files the minute you plug it in;"**
> **"Backup so simple, anyone can use it - No software to install, no files to select."**

Mr. Waller purchased a HP 320GB SimpleSave external hard drive based on these

Exhibit 3 , Page 77

CLRA 30-Day Statutory Notice
September 30, 2010
*Page 2 of 2*

representations. Contrary to such representations, many of Mr. Waller's essential documents were not saved onto the HP 320GB SimpleSave external hard drive, particularly, but not necessarily limited to, his WordPerfect word processing files. In addition, other Consumers purchased the SimpleSave external hard drive and suffered the same or similar problems with the product.

Due to your misrepresenting the attributes, qualities, characteristics, functions, and capabilities of the HP SimpleSave external hard drive you have misrepresented the standard, quality, or grade of this product. Your acts, practices, misrepresentations, and omissions which were intended to result and did result in the sale of HP SimpleSave external hard drives to the consuming public in direct violation of the Consumers Legal Remedies Act, California Civil Code §1750, and Civil Code §1770(a)(7) and (9).

Demand is hereby made that you correct *or* repair *or* replace *or* otherwise rectify the HP 320GB SimpleSave and HP 1TB SimpleSave external hard drives within 30 days after receipt of this notice.

Sincerely,
**FEERICK & ASSOCIATES**

Thomas F. Feerick, Esq.
Attorney for Robert A. Waller, Jr. &
other similarly situated Consumers

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Hewlett-Packard Company
C/o CT Corporation System
818 W. 7th Street
Los Angeles, CA 90017

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____   ☐ Agent
                               ☐ Addressee

B. Received by ( Printed Name )      C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
   ☑ Certified Mail      ☐ Express Mail
   ☐ Registered          ☐ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
   (Transfer from service label)

7009 0080 0000 8391 2395

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

**OFFICIAL USE**

| | |
|---|---|
| Postage | $ $0.44 | 0074 |
| Certified Fee | $2.80 | 18 |
| Return Receipt Fee (Endorsement Required) | $2.30 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | |
| Total Postage & Fees | $ $5.54 | 09/30/2010 |

Sent To  Hewlett-Packard Company , C/o CT Corporation

Street, Apt No.; or PO Box No.  818 W. 7th Street    System

City, State, ZIP+4  Los Angeles, CA 90017

7009 0080 0000 8391 2395

PS Form 3800, August 2006          See Reverse for Instructions

Exhibit 3 , Page 41

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete
   item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
   so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
   or on the front if space permits.

1. Article Addressed to:

Costco Wholesale Corporation
c/o CT Corporation System
818 W. 7th Street
Los Angeles, CA 90017

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent
                            ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☐ Certified Mail   ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)

7009 3410 0001 3514 1436

PS Form 3811, February 2004      Domestic Return Receipt      102595-02-M-1540

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

**O F F I C I A L   U S E**

| | | |
|---|---|---|
| Postage | $ | $0.44 | 0024 |
| Certified Fee | | $2.80 | |
| Return Receipt Fee (Endorsement Required) | | $2.30 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 | 18 |
| Total Postage & Fees | $ | $5.54 | 09/20/2010 |

Sent To  Costco Wholesale Corp. c/o CT Corporation System
Street, Apt No.; 818 W. 7th Street
or PO Box No.
City, State, ZIP+4  Los Angeles, CA 90017

7009 3410 0001 3514 1436

PS Form 3800, August 2006      See Reverse for Instructions

Exhibit  3 , Page  80

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Staples, Inc.
c/o CT Corporation System
818 W. 7th Street
Los Angeles, CA 90017

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _Rudolph Reines_  ☐ Agent
                    ☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
   ☑ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)

7009 0080 0000 8391 2388

PS Form 3811, February 2004       Domestic Return Receipt       102595-02-M-

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

**OFFICIAL USE**

| | |
|---|---|
| Postage | $ $0.44 |
| Certified Fee | $2.80 |
| Return Receipt Fee (Endorsement Required) | $2.30 |
| Restricted Delivery Fee (Endorsement Required) | $0.00 |
| Total Postage & Fees | $ $5.54 |

Postmark Here 18   09/30/2010

Sent To
Staples, Inc. c/o CT Corporation System
Street, Apt. No.; or PO Box No.
818 W. 7th Street
City, State, ZIP+4
Los Angeles, CA 90017

7009 0080 0000 8391 2388

PS Form 3800, August 2006       See Reverse for Instructions

Exhibit _3_, Page _81_

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Western Digital
c/o CSC - Lawyers Incorporating Service
2730 Gateway Oaks Dr, Suite 100
Sacramento, CA 95833

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X Rhonda Tuell    ☐ Agent  ☐ Addressee

B. Received by ( Printed Name )     C. Date of Delivery

Rhonda Tuell

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
   ☑ Certified Mail   ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)

7009 0080 0000 8391 2371

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

**OFFICIAL USE**

| | | |
|---|---|---|
| Postage | $ | $0.44 | 0024 |
| Certified Fee | | $2.80 | 18 |
| Return Receipt Fee
(Endorsement Required) | | $2.30 | Postmark Here |
| Restricted Delivery Fee
(Endorsement Required) | | $0.00 | |
| Total Postage & Fees | $ | $5.54 | 09/30/2010 |

7009 0080 0000 8391 2371

Sent To  Western Digital
Street, Apt No.;  c/o CSC - Lawyers Incorporating Service
or PO Box No.  2730 Gateway Oaks Dr, Suite 100
City, State, ZIP+4  Sacramento, CA 95833

PS Form 3800, August 2006          See Reverse for Instructions

Exhibit 3 , Page 82

PROOF OF SERVICE BY MAIL
(CCP 1013a(1) & (3).)

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF SAN DIEGO, NORTH COUNTY DIVISION

**Robert A. Waller, Jr., Plaintiff, vs. Hewlett-Packard Company,** *et al.*

**CASE NO. 37-2010-00057144-CU-BT-NC**

I, <u>Krystle Aguilera</u>, declare that: I am over the age of 18 years and not a party to the case; I am employed in, or am a resident of the County of San Diego, California, where mailing occurs; and my business address is 539 Encinitas Blvd., Suite 107, Encinitas, California 92024. I further declare that I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service; and that the correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business. I caused to be served the following document(s): (SET FORTH THE EXACT TITLE OF THE DOCUMENT(S) TO BE SERVED AND FILED)

1.      **SECOND AMENDED CLASS ACTION COMPLAINT**

by placing a true copy of each document in an envelope addressed to each addressee, respectively, as follows:

**SERVICE LIST**

| | |
|---|---|
| Joseph Duffy, Esq.<br>Taylor C. Day, Esq.<br>MORGAN, LEWIS & BOCKIUS LLP<br>300 South Grand Ave, 22nd Floor<br>Los Angeles, California 90071-3132<br>Tel: (213) 612-2500<br>Fax: (213) 612-2501 | Peter R. Afrasiabi, Esq.<br>Joseph K. Liu, Esq.<br>ONE LLP<br>4000 Mac Arthur Blvd.<br>West Tower, Suite 1100<br>Newport Beach, California 92660<br>Tel: (949) 502-2870<br>Fax: (949) 258-5081 |

I then sealed each envelope and, with postage thereon fully pre-paid, I placed each for deposit in the United States Postal Service, this same day, at my business address shown above, following ordinary business practices. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on February 4, 2011                     Signature: _____

Exhibit 3 , Page 83