1  JOSEPH DUFFY (State Bar No. 241854)
2  TAYLOR DAY (State Bar No. 267435)
   MORGAN, LEWIS & BOCKIUS LLP
3  300 South Grand Avenue
   Twenty-Second Floor
4  Los Angeles, CA 90071-3132
   Telephone: 213.612.2500
5  Facsimile: 213.612.2501
   E-mail: jduffy@morganlewis.com
6          tday@morganlewis.com

7  KRISTOFOR T. HENNING (PAB 85047)
   (*Pro Hac Vice*)
8  FRANCO A. CORRADO (PAB 91436)
   (*Pro Hac Vice*)
9  MORGAN, LEWIS & BOCKIUS LLP
   1701 Market Street
10 Philadelphia, PA 19103
   Telephone: 215.963.5000
11 Facsimile: 215.963.5001
   E-mail: khenning@morganlewis.com
12         fcorrado@morganlewis.com

13
   Attorneys for Defendant
14 HEWLETT-PACKARD COMPANY

15              UNITED STATES DISTRICT COURT

16            SOUTHERN DISTRICT OF CALIFORNIA

17

18 ROBERT A. WALLER, JR., on behalf of        Case No. 11-cv-00454 LAB RBB
   himself and all others similarly situated,
19                                             **NOTICE OF MOTION AND MOTION OF**
                Plaintiff,                     **DEFENDANT HEWLETT-PACKARD**
20        v.                                   **COMPANY TO DISMISS PLAINTIFF'S**
                                               **SECOND AMENDED COMPLAINT;**
21 HEWLETT-PACKARD COMPANY, et                 **MEMORANDUM OF POINTS AND**
   al.,                                        **AUTHORITIES IN SUPPORT THEREOF**
22
                Defendants.                    **[Fed. R. Civ. P. 12(b)(1), (6)]**
23
                                               **Date:      April 25, 2011**
24                                             **Time:      11:15 a.m.**
                                               **Place:     Courtroom 9**
25                                             **Before:    Hon. Larry Alan Burns**

26

27

28

1    **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

2          PLEASE TAKE NOTICE that on April 25, 2011, at 11:15 a.m., in Courtroom 9 of the

3    above-captioned court, located at 940 Front Street, San Diego, CA, 92101-8900, or as soon

4    thereafter as may be heard, Defendant Hewlett-Packard Company ("HP") will, and hereby does,

5    move this Court for an order under Federal Rule of Civil Procedure 12(b)(1) and/or Rule 12(b)(6)

6    or, alternatively, Rule 56, dismissing or entering judgment for HP on all claims and causes of

7    action contained in Plaintiff Robert A. Waller, Jr.'s ("Plaintiff's") Second Amended Complaint

8    ("SAC").

9          Plaintiff has asserted claims against HP under the California Unfair Competition Law,

10   Cal. Bus. & Prof. Code § 17200 *et seq.* ("UCL"), the Consumer Legal Remedies Act, Cal. Civ.

11   Code § 1750 *et seq.* ("CLRA"), and the False Advertising Act, Cal. Bus. & Prof. Code § 17500 *et

12   seq.* ("FAA") for allegedly misrepresenting to him that his HP SimpleSave external hard drive

13   would back up all of his files.  Each of his claims fails, however, because Plaintiff has not alleged

14   that he received an actionable misrepresentation or omission from HP.  Plaintiff's claim under the

15   "unfair" prong of the UCL fails for the additional reason that he received the product HP

16   described.  Moreover, Plaintiff cannot sue HP for damages under the CLRA because he failed to

17   satisfy the statute's pre-suit notice requirement.  Finally, Plaintiff has not stated a claim against

18   HP because his alleged injury—namely, the temporary loss of alleged personal and business

19   computer files—was not caused by any statement HP made about the SimpleSave device.  Rather,

20   as alleged, Plaintiff temporarily lost computer files when his computer's hard drive crashed

21   through no fault of HP.

22          Not only does Plaintiff's SAC fail to state a claim upon which relief can be granted, but he

23   lacks standing to sue HP.  Plaintiff has admitted in a sworn interrogatory response that it was his

24   wife (not him) who purchased the HP SimpleSave device that is the subject of his SAC.  If

25   Plaintiff did not purchase the device at issue, he cannot have been injured by making such a

26   purchase—let alone suffered any injury as a result of HP's alleged representations.

27   ///

28   ///

1    HP's motion is based on this notice, the attached Memorandum of Points and Authorities, the

2    papers and pleadings on file herein, and on such additional papers and arguments as may be

3    presented at or before the hearing on this matter.

4    Dated:  March 11, 2011                    Respectfully Submitted,

5                                              **MORGAN, LEWIS & BOCKIUS LLP**

6                                              By: s/Joseph Duffy_____

7                                                  Joseph Duffy

8                                              Attorneys for HEWLETT-PACKARD COMPANY

HEWLETT-PACKARD COMPANY'S MOTION TO DISMISS PLAINTIFF'S SAC

# TABLE OF CONTENTS

I.      INTRODUCTION ................................................................................................. 1

II.     FACTS .................................................................................................................. 2

III.    LEGAL STANDARD ........................................................................................... 5

IV.     ARGUMENT ........................................................................................................ 6

        A.      All of Plaintiff's Claims Must Be Dismissed Because He Cannot
                Allege An Actionable Misrepresentation Or Omission From HP ......................... 6

                1.      Plaintiff Correctly Alleges That The SimpleSave Packaging
                        Accurately Informed Him That It Would Automatically
                        Back Up "Most" Of His Files ......................................................................... 7

                2.      Plaintiff's "Failure-To-Disclose" Theory Fails Because HP Did
                        Not Tell Him His SimpleSave Would Back Up All Of His Files ............... 8

        B.      Plaintiff's CLRA Claim Fails Because He Failed To Satisfy The CLRA's
                Pre-Suit Notice Requirement ........................................................................... 9

        C.      Plaintiff Cannot Show That His Alleged Injury Was Caused By Any
                Alleged Misstatement From HP ....................................................................... 10

        D.      Plaintiff's UCL "Unfair" Claim Fails .............................................................. 11

V.      IN THE ALTERNATIVE, THE SAC MUST BE DISMISSED PURSUANT TO RULE
        12(B)(1) BECAUSE, ACCORDING TO PLAINTIFF, HE DID NOT PURCHASE THE
        SIMPLESAVE DEVICE THAT IS THE SUBJECT OF HIS LAWSUIT AND,
        CONSEQUENTLY, HE HAS NO STANDING ............................................................ 12

VI.     CONCLUSION ................................................................................................... 15

1

**TABLE OF AUTHORITIES**

2

**CASES**

3

*In re Actimmune Marketing Litig.*, No. 08-02376, 2009 WL 3740648
(N.D. Cal. Nov. 6, 2009) ) ....................................................................................... 13

4

5

*Annunziato v. eMachines, Inc.*, 402 F. Supp. 2d 1133 (C.D. Cal. 2005) ...................... 8

*Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) ...................................................................... 5

6

*Bardin v. DaimlerChrysler Corp.*, 136 Cal. App. 4th 1255 (4th Dist. 2006) ................ 11

7

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ...................................................... 5

8

*Blickman Turkus, LP v. MF Downtown Sunnyvale, LLC*, 162 Cal. App. 4th 858
(6th Dist. 2008) ......................................................................................................... 8

9

10

*Breaux v. United States Postal Serv.*, 202 F.3d 820 (5th Cir. 2000)............................... 14

11

*Brothers v. Hewlett-Packard Co.*, No. 06-2254, 2006 WL 3093685
(N.D. Cal. Oct. 31, 2006) ......................................................................................... 8

12

*Camacho v. Automobile Club of S. Cal.*, 142 Cal. App. 4th 1394 (2d Dist. 2006)........... 11

13

*Catacean Community v. Bush*, 386 F.3d 1169 (9th Cir. 2004) ......................................... 12

14

*Cattie v. Wal-Mart Stores, Inc.*, 504 F. Supp. 2d 939 (S.D. Cal. 2007)........................... 10

15

*Collins v. Safeway Stores*, 187 Cal. App. 3d 62 (1st Dist. 1986)..................................... 10

16

*Daugherty v. American Honda Motor Co.*, 144 Cal. App. 4th 824 (2d Dist. 2006)....... 7, 8

17

*Furia v. Helm*, 111 Cal. App. 4th 945 (1st Dist. 2003)..................................................... 7

18

*Gadda v. State Bar of Cal.*, 511 F.3d 933 (9th Cir. 2007) ................................................ 6

19

*Garza v. American Home Mortg.*, No. CV 08-1477, 2009 WL 1139594
(E.D. Cal. Apr. 28, 2009) ...................................................................................... 3, 8

20

21

*Goodwin v. Anheuser-Busch Cos., Inc.*, No. BC310105, 2005 WL 280330
(Cal. Super. Ct. Jan. 28, 2005) ................................................................................. 8

22

*Hoey v. Sony Electrics Inc.*, 515 F. Supp. 2d 1099 (N.D. Cal. 2007)........................... 6, 8

23

*Kaplan v. Rose*, 49 F.3d 1363 (9th Cir. 1994) ................................................................. 6

24

*Kearns v. Ford Motor Co.*, 567 F.3d 1120 (9th Cir. 2009)............................................... 6

25

*Laster v. T-Mobile USA, Inc.*, 407 F. Supp. 2d 1181 (S.D. Cal. 2005)...................... 9, 13

26

*Long v. Hewlett-Packard Co.*, No. 06-02816, 2007 WL 2994812
(N.D. Cal. July 27, 2007) ......................................................................................... 6

27

28

HEWLETT-PACKARD COMPANY'S MOTION TO DISMISS PLAINTIFF'S SAC

*Lopez v. Washington Mut. Bank, F.A.*, 302 F.3d 900 (9th Cir. 2002) ............................ 11

*Loving v. Boren*, 133 F.3d 771 (10th Cir. 1998) .................................................. 14

*Lujan v. Defenders of Wildlife*, 504 U.S. 555 (U.S. 1992) ................................... 12

*Marder v. Lopez*, 450 F.3d 445 (9th Cir. 2006) ................................................... 3

*Meinhold v. Sprint Spectrum, L.P.*, No. 07-00456, 2007 WL 1456141
    (E.D. Cal. May 16, 2007) ..................................................................... 7

*Norkunas v. Wynn Las Vegas, LLC*, No. 07-17159, 2009 WL 2610794
    (9th Cir. Aug. 26, 2009) .................................................................... 13

*Osborne v. Subaru of America, Inc.*, 198 Cal. App. 3d 646 (3d Dist. 1988) ................... 8

*Outboard Marine Corp. v. Superior Court*, 52 Cal. App. 3d 30 (3d Dist. 1975) .............. 9

*People v. Casa Blanca Convalescent Homes*, 159 Cal. App. 3d 509
    (4th Dist. 1984) ............................................................................ 11

*Stansfield v. Starkey*, 220 Cal. App. 3d 59 (2d Dist. 1990) ................................. 7

*Tietsworth v. Sears, Roebuck & Co.*, No. 09-cv-00288, 2009 WL 3320486
    (N.D. Cal. Oct. 13, 2009) ................................................................... 6

*In re Vaccine Cases*, 134 Cal. App. 4th 438 (2d Dist. 2005) ............................... 11

*Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097 (9th Cir. 2003) ........................... 5, 6

*Von Grabe v. Sprint PCS*, 312 F. Supp. 2d 1285 (S.D. Cal. 2003) ....................... 9, 13

*Wood v. City of San Diego*, No. 03-cv-1910, 2010 WL 4818012
    (S.D. Cal. Nov. 22, 2010) ............................................................. 12, 13

**STATUTES**

Fed. R. Civ. P. 9(b) ........................................................................... 6

Fed. R. Civ. P. 12(b) .................................................................. 5, 11, 12

Cal. Bus. & Prof. Code § 17200 ............................................................ 11

Cal. Bus. & Prof. Code §§ 17203, 17204, 17535 ........................................... 10

Cal. Civ. Code § 1761(d) ................................................................... 13

Cal. Civ. Code § 1780(a) ................................................................... 10

Cal. Civ. Code § 1782(a) .................................................................... 9

**OTHER**

13A Fed. Prac. & Proc. § 3531.4 (3d ed.) .................................................. 14

HEWLETT-PACKARD COMPANY'S MOTION TO DISMISS PLAINTIFF'S SAC

**MEMORANDUM OF POINTS AND AUTHORITIES**

Defendant Hewlett-Packard Company ("HP") hereby moves to dismiss Plaintiff Robert A. Waller, Jr.'s ("Plaintiff's") Second Amended Complaint ("SAC"). Plaintiff's SAC is his third attempt to state a claim for relief against HP where none exists. As a result, HP's motion should be granted and Plaintiff's SAC dismissed with prejudice.

## I.   INTRODUCTION

Plaintiff's SAC alleges that he purchased an HP SimpleSave hard drive from Costco Wholesale Corporation ("Costco") on March 27, 2010 to back up data from his computer's hard drive and that it failed to operate as described. *See* SAC at ¶ 24 (alleging that "[o]n or about March 27, 2010, Plaintiff purchased a 320 GB SimpleSave external hard drive from" Costco). It appears that is not the case, however. After he filed his SAC, Plaintiff provided sworn interrogatory responses indicating that it was his wife—not Plaintiff—who purchased the hard drive that is the basis for this lawsuit. Declaration of Taylor Day ("Day Decl."), Ex. 1 at 3, lines 7-9. If Plaintiff's interrogatory response is correct, he did not suffer an injury that could support his lawsuit and he lacks standing to assert claims against HP. Regardless, whoever purchased the SimpleSave hard drive that is the basis for Plaintiff's lawsuit, the allegations in the SAC fail to state any claim against HP.

There is no dispute that the packaging for Plaintiff's SimpleSave hard drive disclosed that it automatically backed up "most" files. "Most" necessarily means less than "all." Still, Plaintiff, an attorney himself, has sued HP and three other defendants because his SimpleSave hard drive did not automatically back up *all* of his files. Specifically, according to Plaintiff, it did not back up certain of his WordPerfect files and, when his computer's hard drive crashed, he had to pay a third party to retrieve those files. Based on these allegations, Plaintiff has asserted claims against HP under the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* ("UCL"), the Consumer Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.* ("CLRA"), and the False Advertising Act, Cal. Bus. & Prof. Code § 17500 *et seq.* ("FAA") for allegedly misrepresenting to him that his SimpleSave hard drive would back up all of his files.

Plaintiff's SAC fails for the simple reason that "most" necessarily cannot mean "all."

Plaintiff and HP continue to agree that the product packaging for his SimpleSave hard drive informed him that the device would automatically back up "most" of his files.  Still, Plaintiff's SAC is based on an assertion that HP told him his SimpleSave hard drive would back up "all" of his files without any additional work from him beyond plugging the drive into his computer.  Plaintiff's apparent view that "most" means "all" does not make it so, however.  Thus, the linchpin to each claim he asserts—namely, that HP misled him into believing that the SimpleSave would back up "all" files—is illogical given his concession that the product packaging accurately informed him that the SimpleSave would automatically back up "most" files.  Simply put, the alleged misrepresentation that is the basis for Plaintiff's claims does not exist and his SAC should be dismissed in its entirety.

Plaintiff's SAC must also be dismissed for failure to satisfy the causation element of all of his claims.  Plaintiff claims he was injured because he paid a third party to retrieve files that remained on his computer (because they allegedly were not backed up to his SimpleSave hard drive) and then were temporarily lost when the hard drive in Plaintiff's computer crashed.  As alleged, however, that payment was caused by Plaintiff's hard drive crash—which Plaintiff does not attribute to HP—and not allegedly improper representations from HP.

Plaintiff already has amended his claims twice—once as of right and a second time through leave of the Court in state court—only to repeat the same flawed claims.  For these reasons and others set forth below, the Court should grant HP's motion and dismiss the SAC with prejudice.

## II.  **FACTS**

The SimpleSave 320 GB external hard drive allows a user to back up data from his/her computer onto the drive.[1]  SAC ¶ 13.  The SimpleSave's software does not require installation— the SimpleSave application launches directly from the SimpleSave drive once connected to a computer through a universal serial bus ("USB") port.  SAC, Ex. 1 (SimpleSave 320 GB packaging).  The device is pre-configured to support hundreds of different file extensions,

---

[1]    Except as otherwise noted herein, HP has accepted Plaintiff's version of the facts as true solely for purposes of its instant motion and reserves the right to contest any of Plaintiff's allegations, if necessary, at a later time.

1   including the most commonly used file types (*i.e.*, Microsoft Office files, photo and video files, e-

2   mail files and music files).  There are thousands of less common file types, like WordPerfect and

3   even special programs and user-created proprietary file types, that are not automatically supported

4   by the SimpleSave's default configuration.  That is not to say that the SimpleSave device is not

5   compatible with those files.  The SimpleSave software allows users to add those file extensions to

6   its list of file types that will be backed up to the drive.  Any user added file extension types are

7   then automatically supported, and backed up, by the SimpleSave.  *See generally* SAC at Ex. 3.

8   Thus, as the SimpleSave product packaging explained, it "automatically supports ***most*** file types."

9   SAC, Ex. 1 (SimpleSave 320 GB packaging) at 2 (emphasis added).  Plaintiff interprets this

10  disclosure as the equivalent of a disclosure for a larger size SimpleSave hard drive (the 1 TB) that

11  it "[a]utomatically supports most file types – Easily add additional file types."  *See* SAC at Ex. 2

12  (1 TB SimpleSave packaging); SAC at ¶ 9 (alleging that both 320 GB and 1 TB devices "contain

13  the same essential advertisements and representations").

14      Plaintiff alleges that he purchased a 320 GB HP SimpleSave external hard drive from a

15  Costco store in March 2010.  SAC at ¶ 24.  Plaintiff concedes that the packaging for his

16  SimpleSave hard drive disclosed that the device automatically supports "***most*** file types" and

17  even attached a copy of that packaging to his SAC.[2]  *Id.* at ¶ 11 (emphasis added); *see also* SAC,

18  Ex. 1 at 2 (same).  Plaintiff also affirmatively alleges that he read that representation before his or

19  his wife's purchase.  *See* SAC at ¶ 15 ("Before purchasing the SimpleSave product, Plaintiff read

20  the representations on the SimpleSave packaging. . . .").  According to Plaintiff, his SimpleSave

21  did not automatically "select and back up" WordPerfect files stored on his computer—files

22  Plaintiff identified in his original Complaint as "essential business documents" but now claims

23  were comprised of "essential personal and business computer files."[3]  *Id*. at ¶ 15; Day Decl., Ex. 2

24  ---

[2]      The SimpleSave packaging and other documents attached as exhibits to Plaintiff's SAC
25  are appropriately considered at the Rule 12 stage.  *Garza v. American Home Mortg.*, No. CV 08-
1477, 2009 WL 1139594, *2 (E.D. Cal. Apr. 28, 2009) ("[A] court may consider exhibits
26  submitted with the complaint" in deciding Rule 12(b)(6) motion) (citation omitted); *see also*
*Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) ("A court may consider evidence on which
27  the complaint 'necessarily relies' if:  (1) the complaint refers to the document; (2) the document is
central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to
28  the 12(b)(6) motion.").
[3]      Plaintiff's SAC marks the first appearance of any allegation that he temporarily lost

1   (Original Complaint) ¶ 13.  Plaintiff further alleges that he paid a third party to retrieve those files

2   after his computer's hard drive crashed.  SAC ¶ 26.

3       Approximately six (6) months before Plaintiff (or his wife) purchased the SimpleSave

4   hard drive that is the subject of this lawsuit, "a computer industry website" article upon which

5   Plaintiff relies in his SAC (not authored by HP) praised how easy the SimpleSave is to use and

6   further noted that it did not automatically back up every file type ever created:

7       [R]eally, backing up your hard drive with the SimpleSave couldn't be much

8       easier.  It's as simple as plugging in the hard drive, starting the HP Launcher

9       software, and letting it run . . . .

10      [T]he list of [file] extensions [it automatically backs up] is . . . extensive and this

11      is usually no problem.  The software backs up almost every extension an average

12      computer user could want, over 330 out of box.  Common files like music, photos,

13      documents, and e-mails will all be saved automatically and easily.  However, if

14      you work with a more specialized or uncommon kind of file type, then there is a

15      chance it won't automatically recognize the file type and not back it up. . . .

16      [T]he HP SimpleSave Hard Drive is great for the average consumer in need of a

17      no-brainer back-up solution.  For the average user it does its job very well of

18      making the backup process quick and pain free.  For the more advanced user there

19      are perhaps some limitations that could cause issues.  Although in reality a more

20      advanced user likely knows how to back their entire computer up anyway and

21      won't require the automated software that comes on the hard drive.

22  "personal" documents.  Plaintiff's original Complaint alleged that he lost "business documents,"
    and HP responded with a demurrer on the grounds that Plaintiff lacked CLRA standing because
23  that statute applies only to purchases for personal (but not business) use.  In response, Plaintiff
    removed from his First Amended Complaint ("FAC") the reference to his "business documents"
24  that appeared in his original Complaint in favor of an ambiguous reference to "computer"
    documents.  *Compare* Day Decl., Ex. 2 (Original Complaint) at ¶ 13 (pleading loss of "essential
25  business documents" as basis for claims) *with* Day Decl., Ex. 3 (FAC) at ¶ 15 (basing claim on
    allegedly lost "computer documents").  HP, therefore, again argued in its demurrer to the FAC
26  that Plaintiff lacked standing to pursue a CLRA claim.  Mr. Waller obviously knows what he used
    his SimpleSave device for and, logically, was able to allege accurately the purpose of that use
27  from the inception of this litigation (particularly given that he is a lawyer).   Plaintiff's failure to
    do so despite his unique knowledge regarding the use of his SimpleSave device is telling.
28

HEWLETT-PACKARD COMPANY'S MOTION TO DISMISS PLAINTIFF'S SAC

> If you or a loved one is operating a computer and not backing it up, give them the
>
> gift of a HP SimpleSave Hard Drive and let them sleep a little easier at night. . . .

*See* SAC at ¶ 4; *see also id.* at Ex. 3.  Plaintiff alleges that the article put HP on notice that the SimpleSave did not back up all file types; but rather that some more unusual file types could be added for backup at the user's discretion.  *See* SAC at ¶ 4.  If a third party's article put HP on notice of that point (which was apparent from the SimpleSave packaging), then it necessarily also served as notice to the public of the same.

## III.   LEGAL STANDARD

A court should dismiss a complaint under Fed. R. Civ. P. 12(b)(6) where the plaintiff fails to allege facts sufficient to establish all of the essential elements of its claims.  *See generally Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009).  As the Supreme Court explained in *Twombly*, a complaint's allegations must rise above the "speculative," "conceivable" or "possible," and instead must "state a claim to relief that is plausible on its face."  *See id.* at 547, 555, 563, 570.  The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949.  Indeed, a claim is facially plausible only when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged.  *See id.*

Now that the Supreme Court has "retired" the "no set of facts" phrase commonly cited in the past, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and the complaint must state "enough facts to raise a reasonable expectation that discovery will reveal evidence" of the necessary elements.  *Twombly*, 550 U.S. at 555-56.  For this reason, to survive a motion to dismiss, a complaint must include more "than labels and conclusions . . . a formulaic recitation of the elements of a cause of action will not do."  *Id.* at 555.  Although well-pleaded allegations are accepted as true, legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are not.  *Iqbal*, 129 S. Ct. at 1949-50.

Where, as here, a plaintiff alleges a claim sounding in fraud, he must plead the circumstances constituting fraud with particularity.  Fed. R. Civ. P. 9(b); *see also Vess v. Ciba-*

HEWLETT-PACKARD COMPANY'S MOTION TO DISMISS PLAINTIFF'S SAC

*Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003) (holding that Rule 9(b) requirement "that the circumstances of the fraud must be stated with particularity" applies to state-law claims brought before a federal court). "'Rule 9(b)'s heightened pleading standards apply to claims for violations of the CLRA and UCL where such claims are based on a fraudulent course of conduct." *Id.* at *17 (quoting *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009)). Here, Plaintiff alleges that, *inter alia*, HP violated the UCL, FAA and CLRA by making misrepresentations regarding SimpleSave external hard drive devices. *See, e.g.*, SAC at ¶¶ 42-64. These allegations sound in fraud. Plaintiff thus must meet the heightened pleading requirements of Rule 9(b), and, to do so, his allegations "'must be accompanied by the who, what, when, where, and how of the misconduct charged.'" *Hoey v. Sony Elecs. Inc.*, 515 F. Supp. 2d 1099, 1103 (N.D. Cal. 2007) (quoting *Vess*, 317 F.3d at 1106); *see also Tietsworth v. Sears, Roebuck & Co.*, No. 09-cv-00288, 2009 WL 3320486, *11 (N.D. Cal. Oct. 13, 2009) ("claims based in fraud 'must state precisely the time, place, and nature of the misleading statements, misrepresentations, and specific acts of fraud'") (quoting *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994)).

Finally, while leave to amend may be given after a motion to dismiss is granted, a court has wide discretion to deny leave to amend when amending the complaint would prove futile. *Gadda v. State Bar of Cal.*, 511 F.3d 933, 939 (9th Cir. 2007) (affirming dismissal where plaintiff did "not suggest[] any possible way that he could cure his complaint to survive dismissal upon amendment"); *Long v. Hewlett-Packard Co.*, No. 06-02816, 2007 WL 2994812, *8 (N.D. Cal. July 27, 2007) (dismissing, without leave to amend, claims based on alleged failure to disclose non-safety related defects in laptop computers).

## IV.   ARGUMENT

### A.   All Of Plaintiff's Claims Must Be Dismissed Because He Cannot Allege An Actionable Misrepresentation Or Omission From HP.

Plaintiff alleges that HP violated the UCL, FAA and CLRA by misrepresenting that his SimpleSave hard drive would automatically back up *all* of his files (including his WordPerfect files) without any additional work from him and by failing to disclose that, in fact, the SimpleSave drive automatically backs up "most" files without any further user involvement and

permitted him to separately select additional files to back up.  *See generally* SAC at ¶¶ 42-64.  Plaintiff's SAC admits, however, that HP made no such misrepresentation and, therefore, both his misrepresentation and omission claims fail as a matter of law.

          **1.**      **Plaintiff Correctly Alleges That The SimpleSave Packaging Accurately Informed Him That It Would Automatically Back Up "Most" Of His Files.**

A UCL, FAA and CLRA plaintiff asserting fraud based claims must, not surprisingly, identify with specificity an actual false statement made by the defendant.  *Furia v. Helm*, 111 Cal. App. 4th 945, 956 (1st Dist. 2003); *see also Stansfield v. Starkey*, 220 Cal. App. 3d 59, 72-73 (2d Dist. 1990).  Plaintiff's SAC is based on his assertion that HP informed him that his SimpleSave hard drive would automatically back up every one of his files without any additional work beyond connecting the drive to his computer.   SAC at ¶¶ 13-15.  That is not what the SimpleSave packing said, however, and Plaintiff's own allegations confirm as much.   Plaintiff correctly alleges that the packaging on his 320 GB SimpleSave hard drive disclosed that the device would "automatically support[] *most* file types."  *Compare* SAC at ¶ 11 (quoting packaging disclosure) (emphasis added) *with* SAC, Ex. 1 (320 SimpleSave packaging) at 2 (indicating device "[a]utomatically supports most file types").   According to his SAC, Plaintiff read that representation and considered it the same as a disclosure that other file types could be easily added.  *See* SAC at ¶¶ 15, 9; *see also id.* at Ex. 2.  By informing Plaintiff that the SimpleSave would automatically capture "*most* file types," the packaging for Plaintiff's product necessarily disclosed to him that the SimpleSave hard drive device would not automatically back up *all* file types.  Put simply, therefore, the alleged misrepresentation that is the basis for Plaintiff's claims does not exist, even accepting his own allegations as true.  Because Plaintiff has not alleged a false statement from HP that could support his claims, his entire SAC must be dismissed.[4]

[4]    *See, e.g., Daugherty v. American Honda Motor Co.*, 144 Cal. App. 4th 824, 834 (2d Dist. 2006) (holding that car buyers did not state claim against manufacturers under CLRA because complaint "fail[ed] to identify any representation by Honda that its automobiles had any characteristic they do not have"); *see also Meinhold v. Sprint Spectrum, L.P.*, No. 07-00456, 2007 WL 1456141, *6 (E.D. Cal. May 16, 2007) (dismissing claims under §§ 17200 and 17500 when plaintiff did not describe "how the statements made . . . were untrue or misleading"); Day Decl., Ex. 4 (March 16, 2010 Order Granting HP's Motion to Dismiss in *Young v. Hewlett-Packard Co.*,

**2.      Plaintiff's "Failure-To-Disclose" Theory Fails Because HP Did Not Tell Him His SimpleSave Would Back Up All Of His Files.**

Plaintiff's failure-to-disclose theory fares no better than his misrepresentation theory. SAC at ¶¶ 42-64.   Under settled California law, a product manufacturer is under no duty to disclose information unless that information is contrary to an actual representation made by the manufacturer.   *See, e.g.*, *Daugherty*, 144 Cal. App. 4th at 836; *Blickman Turkus, LP v. MF Downtown Sunnyvale, LLC*, 162 Cal. App. 4th 858, 867 (6th Dist. 2008) ("It goes without saying that no one can be liable in tort for causing injury to another unless he . . . was legally obligated to act differently.   Liability cannot arise from silence unless the law commands the defendant to speak.").   Here, because there is no dispute that HP did not inform Plaintiff that his SimpleSave device, in its default setting, would automatically back up *all* of his files—but rather informed him that the device would automatically back up only "most" file types—Plaintiff's omission theory fails as a matter of law.   *See* SAC at ¶ 11.   Even though HP was under no duty to do so, it

No. CV 09-00315 (C.D. Cal.)) at 3 (dismissing fraud claim when alleged misrepresentation refuted by product user guide); *Brothers v. Hewlett-Packard Co.*, No. 06-2254, 2006 WL 3093685, *5 (N.D. Cal. Oct. 31, 2006) (dismissing plaintiff's UCL claims and stating that "[n]evertheless, the statement is not actionable as there are no allegations that such fact is false or misleading . . . .   That the Pavilion contained an NVIDIA GeForce card is a factual assertion that cannot be disputed as false since plaintiff does not allege that the notebook does not come with that graphics card."); *Hoey v. Sony Elecs., Inc.*, 515 F. Supp. 2d 1099, 1104 (N.D. Cal. 2007) (dismissing CLRA claim because complaint failed to identify any representation by defendant that computers at issue had characteristic they did not have).

Plaintiff's references to statements like "anyone can use" the SimpleSave and that the device provides "instant hands-free backup" of "important files" with "no complicated setting," "plug and play storage" and "easy" operation do not help him.   *See generally* SAC at ¶¶ 10-11.   Those types of marketing and advertising slogans constitute non-actionable sales talk or puffery under settled California law because they are "incapable of objective verification," "not expected to induce reasonable customer reliance," and not "factual representations about important characteristics like a product's safety."   *Annunziato v. eMachines, Inc.*, 402 F. Supp. 2d 1133, 1139-40 (C.D. Cal. 2005) (dismissing UCL claim predicated on statements regarding the product's "quality," "reliability," "performance" and "technology" as mere puffery); *see also Goodwin v. Anheuser-Busch Cos., Inc.*, No. BC310105, 2005 WL 280330, at *5 (Cal. Super. Ct. Jan. 28, 2005) (explaining that "puffery or . . . qualities that are not affirmations of fact . . . [are] not actionable under the CLRA"); *Osborne v. Subaru of America, Inc.*, 198 Cal. App. 3d 646, 660 n.8 (3d Dist. 1988) ("Sellers are permitted to 'puff' their products by stating opinions about the quality of the goods so long as they do not cross the line and make factual representations about important characteristics like a product's safety.").   In addition, the website article upon which Plaintiff himself relies agrees that the SimpleSave device is exceptionally easy to use and, therefore, confirms that those types of statements are accurate.   *See* SAC at Ex. 3; *cf. Garza*, 2009 WL 1139594 at *2.

1    disclosed the information Plaintiff claims was omitted—*i.e.*, that his SimpleSave device

2    "automatically supports **most** file types."  *Id.* (emphasis added).  HP, therefore, cannot be held

3    liable on a failure-to-disclose theory and the SAC should be dismissed with prejudice for this

4    additional reason.

5           **B.     Plaintiff's CLRA Claim Fails Because He Failed To Satisfy The CLRA's Pre-**

6                  **Suit Notice Requirement.**

7           Plaintiff lacks standing to assert any claim for damages against HP under the CLRA

8    because he failed to satisfy the CLRA's pre-suit notice requirement.  *See* Cal. Civ. Code §

9    1782(a) (setting forth 30-day notice requirement).   Strict application of the CLRA notice

10   requirement is necessary to achieve the statute's goals and, therefore, a plaintiff's failure to

11   provide pre-suit notice requires dismissal of any claim for CLRA damages.  *Outboard Marine*

12   *Corp. v. Superior Court*, 52 Cal. App. 3d 30, 40-41 (3d Dist. 1975) (explaining that the "clear

13   purpose [of the CLRA notice requirement] may only be accomplished by a literal application of

14   the notice provisions" and finding that post-lawsuit letter could not satisfy CLRA notice

15   requirements); *see also Laster v. T-Mobile USA, Inc.*, 407 F. Supp. 2d 1181, 1196 (S.D. Cal.

16   2005) (explaining "§ 1782 scrupulously prohibits any action for damages unless its notice

17   provisions are met . . . the Legislative goals would be eviscerated if consumers were allowed to

18   sue for damages without first providing the statutorily mandated period for remediation"); *Laster*,

19   407 F. Supp. 2d at 1195-96 (granting motion to dismiss CLRA damages claim with prejudice

20   even though plaintiff's premature prayer for damages was "based upon inadvertence and

21   excusable neglect") (internal citation omitted); *Von Grabe v. Sprint PCS*, 312 F. Supp. 2d 1285,

22   1303-04 (S.D. Cal. 2003) (granting motion to dismiss CLRA damages claim with prejudice based

23   upon plaintiff's failure to timely deliver proper statutory notice and further finding that post-

24   complaint notice attempts "do not satisfy the requirements of § 1782").

25          Plaintiff never sent the required CLRA notice to HP before he filed his original Complaint

26   in state court, which asserted claims for damages under the CLRA, and there is no allegation to

27   the contrary in his SAC.  Instead, on September 30, 2010—after HP demurred to Plaintiff's

28   original Complaint in state court—Plaintiff's counsel sent what he characterized as a CLRA

notice letter to HP and others.  Day Decl., Ex. 5.  Notice *after* filing a CLRA damages claim, however, is ineffective.  *See Cattie v. Wal-Mart Stores, Inc.*, 504 F. Supp. 2d 939, 950 (rejecting plaintiff's attempt to amend complaint after giving post-suit CLRA notice and dismissing CLRA claim with prejudice as a result).  That makes perfect sense given the need for strict compliance with the CLRA's pre-suit notice requirement.  Accordingly, Plaintiff's claim for damages under the CLRA must be dismissed.

### C.   Plaintiff Cannot Show That His Alleged Injury Was Caused By Any Alleged Misstatement From HP.

To sustain his claims, Plaintiff must allege not only that he suffered an injury, but that HP's allegedly improper conduct caused his injury.[5]  Plaintiff's own allegations, however, demonstrate that he cannot satisfy this causation element of his claims.  Therefore, his SAC can and should be dismissed for this reason as well.

Plaintiff's alleged injury appears to be the payment he made to a third party to recover files that were not backed up by his SimpleSave hard drive that he believed he lost as a result of a subsequent hard drive crash.  SAC at ¶ 26 ("Plaintiff suffered actual harm in that as a consequence of the SimpleSave not backing up automatically Plaintiff's personal and business computer files and after suffering a hard drive crash, Plaintiff was required to and did incur financial losses in having to hire an outside computer consultant to retrieve the unsaved computer files.").  That payment, however, was not caused by any statement HP made about the SimpleSave hard drive.  Even assuming, as Plaintiff alleges, that he did not back up his WordPerfect files with his SimpleSave hard drive, those files were not lost as a result and, therefore, no payment was required to retrieve them.  They remained on his computer.  It was not until Plaintiff's hard drive crashed that those files were allegedly lost and Plaintiff was allegedly required to pay a third party to retrieve them.  In other words, no statement from HP caused

---

[5]   *See* Cal. Bus. & Prof. Code §§ 17204, 17203, 17535 (requiring UCL and FAA plaintiff to show that he/she "suffered an injury in fact and . . . lost money or property as a result of" defendant's conduct); Cal. Civ. Code § 1780(a) (requiring CLRA plaintiff to show "damage as a result of" defendant's conduct); *see also Collins v. Safeway Stores*, 187 Cal. App. 3d 62, 72 (1st Dist. 1986) ("California law has long required that a person suffer detriment in order to have a claim for recovery of damages").

1    Plaintiff to pay to retrieve files he thought he lost—*i.e.*, the alleged injury asserted in Plaintiff's

2    SAC.  Any such payment resulted instead from a hard drive crash not attributed to HP and,

3    therefore, Plaintiff cannot establish the causation element of his claims based on any such

4    payment.

5           **D.**     **Plaintiff's UCL "Unfair" Claim Fails.**

6           The UCL generally prohibits fraudulent, unlawful or unfair conduct.  *See* Cal. Bus. &

7    Prof. Code § 17200.  HP already explained above why Plaintiff has not alleged actionable

8    fraudulent conduct from HP either in the form of a misrepresentation or omission.  In addition,

9    because Plaintiff has not stated a FAA or CLRA claim, he cannot state a claim under the

10   "unlawful" prong of the UCL.[6]  That leaves only Plaintiff's attempt to state an "unfair" UCL

11   claim—which likewise fails as a matter of law.

12          To sustain an "unfair" UCL claim, Plaintiff must allege that (1) his alleged consumer

13   injury was substantial; (2) but not outweighed by any benefits to consumers; and (3) he could not

14   have avoided his alleged injury.  *See Camacho v. Auto. Club of S. Cal.*, 142 Cal. App. 4th 1394,

15   1403 (2d Dist. 2006); *see also People v. Casa Blanca Convalescent Homes*, 159 Cal. App. 3d

16   509, 530 (4th Dist. 1984) (explaining conduct considered "unfair" under UCL when it "offends

17   an established public policy" or "is immoral, unethical, oppressive, unscrupulous, or substantially

18   injurious to consumers").  As explained above, Plaintiff suffered no injury at all (let alone a

19   "substantial" injury) because the packaging on his SimpleSave hard drive expressly disclosed that

20   it would automatically back up "most" files—which Plaintiff alleges it did.  Having received

21   exactly the product HP described, Plaintiff cannot sustain any claim that HP somehow acted

22   "unfairly" toward him.  *See, e.g.*, SAC at ¶¶ 15, 25; *see also Bardin v. DaimlerChrysler Corp.*,

23   136 Cal. App. 4th 1255, 1270-71 (4th Dist. 2006).

24

25

26   [6]     *Lopez v. Washington Mut. Bank, F.A.*, 302 F.3d 900, 907 (9th Cir. 2002) (explaining that
     UCL borrows violations from other laws and treats them as independently actionable and,
27   therefore, an "unlawful" UCL claim fails where there is no violation of a predicate law); *In re
     Vaccine Cases*, 134 Cal. App. 4th 438, 459 (2d Dist. 2005) (dismissing UCL claim where "no
28   statutory violation remains to provide the 'unlawful' business act or practice necessary").

1  **V.  IN THE ALTERNATIVE, THE SAC MUST BE DISMISSED PURSUANT TO**
2  **RULE 12(b)(1) BECAUSE, ACCORDING TO PLAINTIFF, HE DID NOT**
3  **PURCHASE THE SIMPLESAVE DEVICE THAT IS THE SUBJECT OF HIS**
4  **LAWSUIT AND, CONSEQUENTLY, HE HAS NO STANDING.**

5      HP has demonstrated above that the packaging for Plaintiff's SimpleSave hard drive

6  contains no actionable misrepresentation or omission.  That fact—apparent from the allegations in

7  and exhibits to Plaintiff's own SAC—precludes any of the claims found in the SAC no matter

8  who bought the device that is the subject of this lawsuit.  There is, however, an additional reason

9  to dismiss Plaintiff's claims—he did not, at least according to him, purchase the specific product

10  over which he has sued HP and, therefore, has not suffered any injury that could support his

11  claims and he lacks standing as a result.[7]

12      Article III standing is a constitutional limitation on this Court's jurisdiction over this

13  matter.  *See Catacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004) (affirming dismissal or

14  lack of subject matter jurisdiction because plaintiffs lacked standing to sue).  In particular, a

15  lawsuit brought by a plaintiff who lacks Article III standing "is not a 'case or controversy,' . . . .

16  [and] should be dismissed under Rule 12(b)(1)."  *Id.* (citations omitted).  It is axiomatic that a

17  plaintiff bears "the burden of establishing the existence of subject matter jurisdiction" once

18  constitutional standing is challenged.  *Wood v. City of San Diego*, No. 03-cv-1910, 2010 WL

19  4818012, *5 (S.D. Cal. Nov. 22, 2010) (citation omitted).  To have constitutional standing to

20  bring a claim, and, therefore, in order for this Court to have subject matter jurisdiction, Plaintiff

21  must demonstrate that: (1) he has suffered an "injury-in-fact"; (2) the complained of injury is

22  traceable to the challenged action of the defendant; and (3) the injury can redressed by a favorable

23  decision.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (U.S. 1992).

24      When, like here, a party makes a factual attack on the existence of subject matter

25  jurisdiction, Plaintiff's allegations receive "no presumption of . . . truthfulness."  *Wood*, 2010 WL

26

27  [7]    HP demonstrated above that Plaintiff's alleged injury in the form of a payment to a third
party to retrieve computer files cannot support his claim.   In addition, as HP explained herein,
28  Plaintiff cannot rely on the purchase of his SimpleSave device as his alleged injury because he
did not purchase the device.

1   4818012 at *5; *Norkunas v. Wynn Las Vegas, LLC*, No. 07-17159, 2009 WL 2610794, *1 (9th

2   Cir. Aug. 26, 2009) (affirming Rule 12(b)(1) dismissal and explaining "[t]he court need not

3   presume the truthfulness of the plaintiff's allegations" when considering factual challenges to

4   subject matter jurisdiction). The Court, likewise, is "not restricted to the face of the pleadings,

5   but may review any evidence to resolve factual issues relevant to the jurisdictional determination"

6   pursuant to a Rule 12(b)(1) challenge. *Wood*, 2010 WL 4818012 at *5 (citations omitted); *see

7   also*, *id.* (explaining "court may examine extrinsic evidence without converting the [Rule

8   12(b)(1)] motion to one for summary judgment"); *Norkunas*, 2009 WL 2610794 at *1 (noting

9   factual attack on subject matter jurisdiction "allows the court to consider evidence outside the

10  complaint without converting the motion into a summary judgment motion") (citation omitted).[8]

11          Plaintiff's claims are all based on the assumption that he purchased the 320 GB

12  SimpleSave hard drive that is referenced in the SAC. *See, e.g.,* SAC at ¶ 24. The reason is

13  obvious. In a product misrepresentation case, only the product purchaser could possibly suffer an

14  actionable injury. *Cf. In re Actimmune Marketing Litig.*, No. 08-02376, 2009 WL 3740648, *16

15  (N.D. Cal. Nov. 6, 2009) (granting motion to dismiss UCL, FAA and CLRA claims because

16  putative named plaintiffs did not purchase product in reliance on alleged misrepresentations and,

17  thus, lacked standing); *Laster*, 407 F. Supp. 2d at 1194 (putative named plaintiffs who did not

18  "enter[] into the transaction *as a result* of" challenged advertisements lacked standing to assert

19  claims under UCL and FAA) (italics in original). To be sure, on its face, the CLRA limits

20  standing to those who "*purchase[d] or lease[d]*" the product at issue. Cal. Civ. Code § 1761(d)

21  (defining "consumer" with standing to sue as "an individual who seeks or acquires, by purchase

22  or lease, any goods or services for personal, family, or household purposes"); *Von Grabe*, 312 F.

23  Supp. 2d at 1303 (only a "consumer" who "seeks or acquires, by *purchase or lease*, any goods or

24  services for personal, family, or household purposes" has standing to assert CLRA claim)

25  (emphasis added). Indeed, presumably recognizing this fact, Plaintiff limited his putative class

26  ───────────────
    [8]     Even if the Court were inclined to convert this portion of HP's motion into a motion for
27  summary judgment before disposing of Plaintiff's claims, no discovery or additional briefing
    would be necessary. Plaintiff does not need any discovery from HP to know who bought the
28  device that is the subject of his lawsuit and, in fact, he has already identified his wife as the
    purchaser of that device.

1   definition only to SimpleSave purchasers. *See* SAC at ¶ 33. In his sworn interrogatory responses

2   served after he filed his SAC, however, Plaintiff claims his wife purchased the hard drive that is

3   the basis of his lawsuit. *See* Day Decl., Ex. 1 at 2, lines 1-9.[9] In that case, Plaintiff has suffered

4   no injury and his SAC should be dismissed with prejudice.[10]

5

6

7

8

9

10

11   [9]      Specifically, when asked to identify "the name of the store, retailer, distributor, supplier,

12   on-line website or place where it was purchased, the date of purchase, the PERSON who made
    such purchase and the purchase price" for the SimpleSave device at issue in this lawsuit, Plaintiff

13   responded that his wife purchased the device:

14      SPECIAL INTERROGATORY NO. 2:

15          For YOUR SIMPLESAVE and any other external portable hard drive back up
        system identified in response to Interrogatory No. 1, identify the name of the store,
        retailer, distributor, supplier, on-line website or place where it was purchased, the date of

16        purchase, the PERSON who made such purchase and the purchase price.

17      RESPONSE TO SPECIAL INTERROGATORY NO. 2:

18          1.    Costco Wholesale, 951 Palomar Airport Road, Carlsbad, California 92009;
        3/27/2010. Purchase was made by Karen M. Waller, plaintiff's wife; purchase price was

19        $79.99, plus sales tax . . .

20   Day. Decl., Ex. 1 at 2, lines 1-9.

21   [10]      Applying these principles, courts routinely hold that a plaintiff does not suffer the
    requisite "injury-in-fact" for constitutional standing to challenge a particular practice or law,

22   when the plaintiff was not subject to that practice or law. *See, e.g.*, *Breaux v. United States
    Postal Serv.*, 202 F.3d 820, 821 (5th Cir. 2000) (named plaintiff lacked standing to bring putative

23   class action based on alleged failure to deliver mail timely because plaintiff did not allege that his
    mail was delivered untimely); *Loving v. Boren*, 133 F.3d 771, 771 (10th Cir. 1998) (professor

24   lacked standing to bring claims based on allegedly blocking access to news server because
    plaintiff "presented no evidence that he ever attempted to access news groups through the full

25   service news server . . . or that he intended to attempt access"); 13A Fed. Prac. & Proc. § 3531.4
    (3d ed.) (no injury-in-fact exists when "there is no showing that the challenged act or law has had

26   any impact on the plaintiff and no reason to anticipate any future impact"). Logically, because
    Plaintiff did not purchase the SimpleSave device at issue, he could not have acted based on any

27   alleged misrepresentations or omissions and, therefore, was not subject to the practice challenged
    here. Neither has Plaintiff alleged, nor can he allege, that he will be misled by the purported

28   misrepresentations in the future.

14      Case No. 11-cv-00454 LAB RBB

HEWLETT-PACKARD COMPANY'S MOTION TO DISMISS PLAINTIFF'S SAC

1

## VI.   <u>CONCLUSION</u>

2

The Court should dismiss Plaintiff's SAC with prejudice.

3

Dated:  March 11, 2011.                                    **MORGAN, LEWIS & BOCKIUS LLP**

4

5

By:   <u>s/Joseph Duffy</u>
                                                                             Joseph Duffy

6

Attorneys for Defendant
7                                                                          Hewlett-Packard Company

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

15        Case No. 11-cv-00454 LAB RBB