| | |
|---|---|
| 1 | JOSEPH DUFFY (State Bar No. 241854) |
| 2 | TAYLOR DAY (State Bar No. 267435)<br>MORGAN, LEWIS & BOCKIUS LLP |
| 3 | 300 South Grand Avenue<br>Twenty-Second Floor |
| 4 | Los Angeles, CA 90071-3132<br>Telephone: 213.612.2500 |
| 5 | Facsimile: 213.612.2501<br>E-mail: jduffy@morganlewis.com |
| 6 |        tday@morganlewis.com |
| 7 | KRISTOFOR T. HENNING (PAB 85047) |
| 8 | (*Pro Hac Vice*)<br>FRANCO A. CORRADO (PAB 91436) |
| 9 | (*Pro Hac Vice*)<br>MORGAN, LEWIS & BOCKIUS LLP |
| 10 | 1701 Market Street<br>Philadelphia, PA 19103 |
| 11 | Telephone: 215.963.5000<br>Facsimile: 215.963.5001 |
| 12 | E-mail: khenning@morganlewis.com<br>       fcorrado@morganlewis.com |
| 13 | |
| 14 | Attorneys for Defendant<br>HEWLETT-PACKARD COMPANY |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT A. WALLER, JR., on behalf of himself and all others similarly situated,<br><br>       Plaintiff,<br>  v.<br><br>HEWLETT-PACKARD COMPANY, et al.,<br><br>       Defendants. | Case No. 11-cv-00454 LAB RBB<br><br>**NOTICE OF MOTION AND MOTION OF DEFENDANT HEWLETT-PACKARD COMPANY TO STRIKE CLASS ACTION ALLEGATIONS FROM PLAINTIFF'S SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[Fed. R. Civ. P. 23(d)(1)(D), 12(f)]<br><br>Date:    April 25, 2011<br>Time:   11:15 a.m.<br>Place:  **Courtroom 9**<br>Before: **Hon. Larry Alan Burns** |

Case No. 11-cv-00454 LAB RBB

DEFENDANT HEWLETT-PACKARD COMPANY'S MOTION TO STRIKE

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on April 25, 2011, at 11:15 a.m., in Courtroom 9 of the above-captioned court, located at 940 Front Street, San Diego, CA, 92101-8900, or as soon thereafter as may be heard, Defendant Hewlett-Packard Company ("HP") will, and hereby does, move this Court for an order under Federal Rules of Civil Procedure 23(d)(1)(D) and 12(f), striking the class action allegations from Plaintiff Robert A. Waller, Jr.'s ("Plaintiff's") Second Amended Complaint ("SAC").

This motion will be made on the grounds that a named plaintiff in a putative class action lawsuit like Mr. Robert A. Waller, Jr. may not hire as putative class counsel an attorney with whom he has a business or personal relationship like Mr. Thomas F. Feerick. That relationship creates an impermissible conflict of interest between the named plaintiff and putative class counsel and the absent putative class members, including the tendency to attempt to maximize class counsel fees and individual recovery for the named plaintiff at the expense of compensation to the putative class. Consequently, Mr. Feerick (with whom Mr. Waller has a professional relationship evidenced by their prior service as co-counsel in other litigation and shared office suite) may not act as counsel to a putative class represented by Mr. Waller. Any class allegations must be stricken from Plaintiff's SAC as a result.

HP's motion will be based on this notice, the attached Memorandum of Points and Authorities, the papers and pleadings on file herein, and on such additional papers and arguments as may be presented at or before the hearing on this matter.

Dated: March 11, 2011                     Respectfully Submitted,

**MORGAN, LEWIS & BOCKIUS LLP**

By: s/Joseph Duffy
      Joseph Duffy

Attorneys for HEWLETT-PACKARD COMPANY

# MEMORANDUM OF POINTS AND AUTHORITIES

Hewlett-Packard Company ("HP") has moved the Court to strike the class action allegations from Plaintiff Robert A. Waller, Jr.'s Second Amended Complaint ("SAC").[1]

## I. INTRODUCTION

Plaintiff Robert A. Waller, Jr. ("Plaintiff" or "Mr. Waller") and putative class counsel, Thomas F. Feerick ("Mr. Feerick"), have served as co-counsel in other litigation and, as recently as September 2010 (after this lawsuit was filed in state court), shared office space. Indeed, Mr. Waller initially attempted to act as both putative class representative and putative class counsel along with Mr. Feerick in this case.[2] Under well-established authority, Mr. Feerick may not serve as counsel to a putative class for which Mr. Waller also serves as a class representative. The reasons are obvious—such a proposed arrangement creates conflicts of interest that would: (1) compromise class counsel's ability to maintain the necessary objectivity to view the litigation from the perspective of all putative class members; and (2) motivate Plaintiff to advance his own individual interests as well as those of his co-counsel (namely, maximizing individual recovery and attorney fees) rather than the best interests of the class. No discovery or additional factual development can undo those conflicts of interest. They are apparent now from the face of Plaintiff's complaints and recognized by the law. For these reasons, and the additional reasons discussed herein, the Court should strike all class action allegations from Plaintiff's SAC pursuant to Federal Rules of Civil Procedure 23(d)(1)(D) and 12(f).[3]

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 23 provides a mechanism for excising defective class allegations before discovery. "[T]he court may issue orders that . . . require that the pleadings be

---

[1] HP has simultaneously filed a motion to dismiss Plaintiff's SAC pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). A decision dismissing Plaintiff's SAC with prejudice would moot HP's instant motion. Therefore, the Court can consider this motion in the alternative to HP's motion to dismiss.

[2] On September 21, 2010, following HP's motion to strike the class allegations from Plaintiff's original Complaint in state court, Plaintiff withdrew as counsel in favor of Mr. Feerick; thereby removing Mr. Waller as class counsel and eliminating his ability to share in any attorney fees in this matter. The reasons the law prohibits Mr. Feerick from serving as putative class counsel remain unaffected by Mr. Waller's withdrawal.

[3] To avoid needless repetition, HP incorporates by reference the statement of facts set forth in its motion to dismiss Plaintiff's SAC.

amended to eliminate allegations about representation of absent persons . . . ." Fed. R. Civ. P. 23(d)(1)(D). Federal Rule of Civil Procedure 12(f) likewise authorizes a Court to strike from a complaint "any . . . immaterial [or] impertinent . . . matter." Fed. R. Civ. P. 12(f). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues. . . ." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (citations omitted), *rev'd on other grounds*, *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994); *see also Stearns v. Select Comfort Retail Corp.*, No. 08-2746, 2010 WL 2898284, *8 (N.D. Cal. July 21, 2010) (same).

Under Rules 23(d)(1)(D) and 12(f), courts have the "authority to strike class allegations prior to discovery" where, among other reasons, any requirements under Rule 23(a), such as the requirement that the putative class representative "will fairly and adequately protect the interests of the class," are not satisfied. *Cf. Hovsepian v. Apple, Inc.*, No. 08-5788, 2009 WL 5069144, *2 (N.D. Cal. Dec. 17, 2009) (striking class allegations at pleading stage); *see also Kamm v. California City Dev. Co.*, 509 F.2d 205, 212 (9th Cir. 1975); *Sanders v. Apple, Inc.*, 672 F. Supp. 2d 978, 990 (N.D. Cal. 2009) (striking class claims pursuant to Rule 12(f) motion). Courts have substantial discretion in determining whether to issue orders under Rule 23(d)(1)(D), and such orders are considered "procedurally inseparable" from a court's duty under Rule 23(c)(1) to determine "[a]t an early practicable time after a person sues . . . whether to certify the action as a class action." Fed. R. Civ. P. 23(c)(1)(A). In accordance with these settled principles, the Court should exercise its substantial discretion and strike the class allegations from Plaintiff's SAC. *See Kamm*, 509 F.2d at 212.

### III.   ARGUMENT

Courts have expressed serious concern over the conflict of interest created whenever a named plaintiff's colleague seeks to act as counsel to a putative class. *See, e.g.*, *Apple Computer, Inc. v. Superior Court*, 126 Cal. App. 4th 1253, 1267 (2d Dist. 2005) (collecting cases); *Martin v. AT&T Wireless Corp.*, No. 07-cv-01127, 2008 WL 2096840, *1 (E.D. Cal. May 16, 2008) (noting federal courts' concern over "potential conflict of interest that arises where a class representative is closely related to the class attorney"). Courts, therefore, routinely prohibit the named plaintiff

in a putative class action from hiring "as counsel for the class a law partner or associate; or a spouse; or a member of the [putative class representative's] family." *Apple Computer*, 126 Cal. App. 4th at 1279 (citation omitted);[4] *see also id*. at 1265-66 (explaining that "the only adequate class representative . . . is a class member who *is* well-informed about the action and independent of its counsel") (quoting *In re California Micro Devices Sec. Litig.*, 168 F.R.D. 257, 275 (N.D. Cal. 1996), and emphasis in original).

*Apple Computer* is on point.[5] The *Apple Computer* court disqualified as class counsel not only the individual attorney whose presence in the case created the impermissible conflict of interest, but also his entire law firm. *Id.* at 1273 (holding that plaintiff-attorney and his firm "placed themselves in a position of *divided loyalties*—their own financial interest in recovering attorney fees versus their obligation" to maximize class recovery) (emphasis in original). The *Apple Computer* court also disqualified plaintiff's other counsel, members of a different law firm, because of the close business relationship between the two firms. *Id.* at 1274-79. As explained below, conflicts like those discussed in *Apple Computer* are present in this case.

Mr. Feerick's close relationship with Mr. Waller is evident from their prior service as co-counsel in other cases. Mr. Waller's professional website confirms as much, identifying two lawsuits on which Mr. Waller and Mr. Feerick acted as co-counsel. *See* Declaration of Taylor C. Day ("Day Decl."), Ex. 6. In addition to those cases and the present matter, a preliminary court docket search reveals that Mr. Waller and Mr. Feerick have collaborated as co-counsel on at least five (5) other lawsuits since December 2009.[6] *See Apple Computer*, 126 Cal. App. 4th at 1274-79

---

[4] *See also*, *Zylstra v. Safeway Stores, Inc.*, 578 F.2d 102 (5th Cir. 1978) (disqualification of counsel when named plaintiffs were partners or spouses); *Petrovic v. Amoco Oil*, 200 F.3d 1140, 1154-56 (8th Cir. 1999) (disqualification of counsel when class representatives were husband and sister-in-law); *Pattillo v. Schlesinger*, 625 F.2d 262 (9th Cir. 1980) (noting trial court's recognition of potential difficulties presented by fact that plaintiff's father was member of law firm that sought to appear as class counsel).

[5] *Apple Computer*, although decided by a California state court, relies extensively on federal authority because California state courts "look to federal authority for guidance on matters involving class action procedures." *Id.* at 1264 n.4 (citing cases); *see also Jolly v. Eli Lilly & Co.*, 44 Cal. 3d 1103, 1118-19 (1988) (same). Federal courts likewise "apply state law in determining" matters relating to attorney disqualification and conflicts of interest. *Martin*, 2008 WL 2096840 at *1 (citing *In re County of Los Angeles*, 223 F.3d 990, 995 (9th Cir. 2000)).

[6] *See, e.g.*, *Bergen, et al. v. Wine Steals, Inc.*, Docket No. No. 37-2009-00104693-CU-OE-CTL (Cal. Superior, San Diego County) (complaint filed December 29, 2009 and available at 2009 WL 5206909); *Ober v. California Dep't of Trans.*, Docket No. 37-2010-0084936-CU-PO-

3   Case No. 11-cv-00454 LAB RBB

DEFENDANT HEWLETT-PACKARD COMPANY'S MOTION TO STRIKE

1  (disqualifying firm that served as co-counsel to named plaintiff's firm in other cases); *see also*

2  *Susman v. Lincoln American Corp.*, 561 F.2d 86, 90 (7th Cir. 1977) ("The lower court's decision

3  is supported by a majority of courts which have refused to permit class attorneys, their relatives,

4  or business associates from acting as class representatives.").[7]  Mr. Feerick also cannot serve as

5  putative class counsel because, at the time this lawsuit was filed and continuing at least until late

6  September 2010, he and Mr. Waller shared an office suite.  *See* Day Decl., Ex. 2 (Original

7  Complaint) at 1, lines 1-7 (revealing shared office space).[8]  Merely "sharing office space or suite

8  space with an attorney class representative *during the preparation or pendency* of a . . . class

9  action" bars an attorney from serving "as counsel to the class." *Apple Computer*, 126 Cal. App.

10 4th at 1266-67 (quoting *Kramer v. Scientific Control Corp.*, 534 F.2d 1085, 1093 (3d Cir. 1976))

11 (emphasis added).  Accordingly, Mr. Feerick's relationship with Mr. Waller creates the same kind

12 of conflict of interest that the *Apple Computer* court found impermissible.  The Court should

13 strike any class allegations from Plaintiff's SAC as a result.

14 There is no need for discovery or additional factual development to identify the conflicts

15 of interest that preclude Mr. Feerick from serving as putative class counsel.  They are apparent

16 from the face of Plaintiff's complaints, Mr. Waller's own website and public court records and

17 settled under the law.  Accordingly, the Court should strike all class allegations from Plaintiff's

18 CTL (Cal. Superior, San Diego County) (complaint filed Feb. 4, 2010 and available at 2010 WL 561330); *Shank v. American Cellular Labs*, Docket No. 30-2010-00385363-CU-PL-CXC (Cal.
19 Superior, Orange County) (complaint filed June 28, 2010 and available at 2010 WL 2992702); *Ribera v. Matanane*, Docket No. 37-2010-00097206-CU-PO-CTL (Cal. Superior, San Diego
20 County) (complaint filed August 3, 2010 and available at 2010 WL 3214697); *Busby v. Tappe*, Docket No. 10-CV-1618-LAB (S.D. Cal.) (counterclaim filed Aug. 20, 2010 and available at
21 2010 WL 3710335).  Notably, the caption of each complaint/counterclaim referenced above reveals a shared office address for Messrs. Waller and Feerick—519 Encinitas Boulevard, Suite
22 104, Encinitas, California 92024—which is the same office they occupied together at the time they initiated the present lawsuit.  *See* footnote 8 *infra*.
23 [7]   Courts routinely find that a plaintiff associated with the putative class attorney's law firm cannot adequately protect class members' interests. *E.g.*, *Turoff v. May Co.*, 531 F.2d 1357 (6th
24 Cir. 1976); *Brick v. CPC Intern., Inc.*, 547 F.2d 185 (2d Cir. 1976); *Cotchett v. Avis Rent A Car System, Inc.*, 56 F.R.D. 549 (S.D.N.Y. 1972).
25 [8]   According to the original Complaint Mr. Waller filed in state court, Mssrs. Waller and Feerick shared office space located at 519 Encinitas Boulevard, Suite 104, Encinitas, California
26 92024.  *See* Day Decl., Ex. 2 at 1, lines 1-7; *see also* Day Decl., Ex. 3 (First Amended Complaint) at 1, lines 2-3 (listing same address for Mr. Feerick).  On October 2, 2010, nearly one month after
27 HP filed a motion to strike the class action allegations from the original Complaint, Mr. Feerick informed counsel for HP of a new office address:  539 Encinitas Blvd., Suite 107, Encinitas, CA
28 92024.

SAC without further delay or expense to HP or the Court. *Apple Computer*, 126 Cal. App. 4th at 1274 n.8.

## IV. CONCLUSION

If any part of Plaintiff's SAC survives HP's motion to dismiss, the Court should strike all of Plaintiff's class action allegations.

Dated: March 11, 2011                    **MORGAN, LEWIS & BOCKIUS LLP**

                                         By:   s/Joseph Duffy
                                               Joseph Duffy

                                         Attorneys for Defendant
                                         Hewlett-Packard Company