# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT A. WALLER, JR., on behalf of himself and all others similarly situated,<br><br>            Plaintiff,<br><br>     vs.<br><br>HEWLETT-PACKARD COMPANY, etc., et al.,<br><br>            Defendants. | CASE NO. 11cv0454-LAB (RBB)<br><br>**ORDER DENYING MOTION TO REMAND** |

    This case involves a putative class action against Hewlett Packard, Costco, Western Digital Corporation, and Staples. Plaintiff's grievance is that a Hewlett Packard "SimpleSave" hard drive he purchased from Costco did not operate as advertised; he asserts claims under California's Unfair Competition Law, Consumer Legal Remedies Act, and False Advertising Act.

    There are three motions now pending: a motion to dismiss Plaintiff's claims and a motion to strike Plaintiff's class action allegations, both filed by HP, and a motion to remand filed by the Plaintiff. The Court previously stayed HP's motions. (Doc. No. 16.) The motion to remand is now fully briefed and ready for a ruling.

**I.     Legal Standard**

    Under the Class Action Fairness Act, "district courts shall have original jurisdiction of

any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2). But there are exceptions to CAFA, one of which is the so-called "local controversy" exception. Even when a district court has jurisdiction under § 1332(d)(2), it "shall decline to exercise jurisdiction"

> (i) over a class action in which–
>
>> (I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;
>>
>> (II) at least 1 defendant is a defendant–
>>
>>> (aa) from whom significant relief is sought by members of the plaintiff class;
>>>
>>> (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and
>>>
>>> (cc) who is a citizen of the State in which the action was originally filed; and
>>
>> (III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and
>
> (ii) during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons . . . .

28 U.S.C. § 1332(d)(4)(A). A district court should also decline to exercise jurisdiction under § 1332(d)(2) when "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B). This is called the "home state" exception, but

because Costco and Staples aren't California residents, Plaintiff does not rely on it.[1]

There appears to be some confusion in the briefing over the legal basis of Plaintiff's motion to remand, because he *quotes* § 1332(d)(4)(A) — the local controversy exception — and *cites* § 1332(d)(2) — the original jurisdiction provision. He also makes no mention in the motion, although he does in his reply brief, of the local controversy exception. Moreover, in a joint motion to stay the motions to dismiss and strike while the motion to remand is pending, filed (and presumably drafted) by the Plaintiff, the parties indicate that "[t]he motion for remand challenges the court's jurisdiction over the action on the ground there is not the requisite diversity amongst the parties under the Class Action Fairness Act (28 U.S.C. §1332(d)(2))." (Doc. No. 15 at 2:3–5.) The motion apparently left HP with the impression that Plaintiff's argument for remand is simply that the Court lacks original jurisdiction under § 1332(d)(2) — not that even if it *does* have jurisdiction under § 1332(d)(2) the local controversy exception of § 1332(d)(4)(A) applies anyway.

But that's not exactly reasonable on HP's part. Plaintiff's remand motion, front and center in a section titled "Legal Argument," quotes § 1332(d)(4)(A) and (B) in their entirety and proceeds to make arguments that are only meaningful in reference to the local controversy exception. The Court doesn't understand why HP focuses almost exclusively on § 1332(d)(2) in its opposition, and even goes so far as to assert that "Plaintiff has not raised any argument based on the 'local controversy' or 'home state' exceptions to CAFA jurisdiction" and that "Plaintiff's Motion contains a vague reference to at least one CAFA exception." (Opp'n Br. at 9 n.13.) Plaintiff could have provided more accurate citations to the actual legal basis for its motion, to be sure, but it's obvious, nonetheless, that he believes the local controversy exception of § 1332(d)(4)(A) applies here. And that doesn't foreclose him from arguing, also, that the Court lacks original jurisdiction under § 1332(d)(2) in the first place.

---

[1] There is a third enumerated exception to the jurisdiction conferred by CAFA, although it is discretionary, called the "interests of justice" exception. *See* 28 U.S.C. § 1332(d)(3). It too is unavailable to Plaintiff because, like the home state exception, it requires that the primary defendants be citizens of California. *Id.*

So the Court confronts two questions here. The first is whether it has original jurisdiction over this action pursuant to § 1332(d)(2). Assuming it does, the second question is whether the local controversy exception of § 1332(d)(4)(A) prevents it from exercising that jurisdiction.

**II.     Original Jurisdiction**

The Court has original jurisdiction over this action if more than $5 million is in controversy and any member of the putative class is from a different state than any defendant. 28 U.S.C. § 1332(d)(2). The minimal diversity requirement is obviously satisfied. Plaintiff is a California citizen (all putative plaintiffs are), and Defendants Costco and Staples are not. (Second Amended Complaint ¶¶ 17, 19, 21.) The contested question is whether the amount-in-controversy requirement is satisfied.

Plaintiff's complaint does not specify the amount of damages sought, which means HP "bears the burden of showing, by a preponderance of the evidence, that the amount in controversy exceeds the statutory amount."[2] *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 397 (9th Cir. 2010). It may rely upon affidavits and declarations to make that showing; the law in the Ninth Circuit "expressly contemplate[s] the district court's consideration of some evidentiary record." *Id.* at 400; *see also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (court may consider "summary-judgment-type evidence relevant to the amount in controversy at the time of removal"). It is best to make this showing in the notice of removal itself, but a party can supplement its showing in an opposition to a motion to remand. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 n. 1 (9th Cir. 2002).

HP claims to "not know the number of SimpleSave devices actually purchased from every store that carries them in California." (Opp'n Br. at 6 n. 7.) To approximate the

---

[2] Plaintiff suggests that HP must show to a "legal certainty" that the amount in controversy is greater than $5 million. That's incorrect. The Ninth Circuit has identified "at least three different burdens of proof which might be placed on a removing defendant under varying circumstances," and the "legal certainty" burden does not apply when, as is the case here, "it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled." *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). In fairness, Plaintiff does come around in his reply brief and concede the proper standard. (Reply Br. at 2.)

number, instead, it multiplies 725,000 — the number of SimpleSave units shipped to retailers in the United States from the product's launch in July 2009 through March 4, 2011 — by the percentage of Americans who live in California (12 percent), and by the price of the SimpleSave ($79.99). By the Court's calculation, 12 percent of the 725,000 units shipped is 87,000 units. At $79.99 a unit, the compensatory damages sought for the SimpleSave units alone comes out to $6,959,130.[3] HP suggests this is even a conservative estimate, considering that a SimpleSave with greater storage capacity than Plaintiff's retails for $99.99.

The Court admires HP's resourceful attempt to calculate the amount in controversy in this action, but it is reticent to work from the number of SimpleSave units shipped to retailers in America. *Shipping* data is very different from *sales* data, and it's unsafe to assume, as HP's method does, that every SimpleSave shipped to a retailer was actually sold by that retailer. A good number surely remain on shelves or in some kind of storage. (The Court has less of a problem with the 12 percent multiplier, considering that the average California resident is plausibly more likely to buy a SimpleSave than the average resident of many other states.)

HP doesn't need to rely on the number of SimpleSave devices *shipped* to retail outlets, though. Costco submitted the declaration of its Assistant General Manager of Merchandise, who provides the number of SimpleSave units Costco sold through July 6, 2010, the day the original complaint was filed, and October 5, 2010, the day the first amended complaint was filed. (*See* Shavery Decl., Doc. No. 24.) The number is confidential, but it is a very useful one. If the Court assumes that Costco sold as many SimpleSave units as all other California retailers combined, and doubles that number, and then multiplies it by $79.99, it arrives at an amount in controversy greater than $5,000,000.

---

[3] Plaintiff argues in his reply brief that "HP is being unrealistic when they argue that the minimum amount in controversy should be evaluated on a 100% reimbursement to the Class members." (Reply Br. at 2.) Actually, Plaintiff's complaint asks HP to "restore to Plaintiff and the members of the Class the amount of money spent to purchase the SimpleSave hard drives at the center of the dispute." (SAC ¶ 48.) In determining the amount in controversy, the Court considers the relief a plaintiff *seeks*, not what the plaintiff may reasonably or ultimately *obtain*. *Korn v. Polo Ralph Lauren Corp.*, 536 F.Supp.2d 1199, 1205 (E.D. Cal. 2008) ("The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will *actually* owe.").

That starting assumption is an extremely modest one, too; Costco most likely sold far fewer SimpleSave units than all other California retailers combined, which means that merely doubling the number of units sold by Costco generates a number of units that is substantially smaller than the number actually sold in all of California.[4]

The volume of SimpleSave sales is also not the only number that factors into the amount in controversy in this case. Plaintiff alleges that he paid $1,335 to an outside computer consultant to retrieve unsaved files after a hard drive crash, and he suggests that other members of the putative class had to do the same. (SAC ¶ 16, 26, 38; Interrog. 15.) Punitive damages, which Plaintiff seeks, may also be included in a computation of the amount in controversy necessary for this Court's jurisdiction. *Davenport v. Mutual Ben. Health & Acc. Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963). These additional, potential damages take the approximate amount in controversy, which already exceeds $5 million, much higher than that jurisdictional minimum.

The preponderance standard HP must satisfy is a "more likely than not" standard. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). Plaintiff's only real rebuttal to HP's argument is that it is speculative and HP fails to meet this standard. The Court disagrees. While it's true that the Court "cannot base [its] jurisdiction on a [d]efendant's speculation and conjecture," *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 1002 (9th Cir. 2007), it's equally true that HP isn't obligated to "research, state, and prove" the amount of total damages Plaintiff seeks. *McCraw v. Lyons*, 863 F.Supp. 430, 434 (W.D. Ky. 1994). The Court bases its computation of the amount in controversy on the *fact* that Costco sold a certain number of SimpleSave units in California, on the very reasonable assumption that *at least* that many units were sold by

---

[4] It's unclear why HP doesn't urge this method and instead works from the number of units shipped to retailers nationwide. HP does note that "[t]he number of SimpleSave devices sold in California as of the filing of Plaintiff's FAC was insufficient to reach the amount in controversy requirement." (Opp'n Br. at 9, n. 12.) That's true, but it's still easier, in the Court's judgment, to reach an approximate number of units sold in California by extrapolating from Costco's sales numbers rather than nationwide shipping data. To be clear, the Court doesn't mean to reject HP's method out of hand; the Court would likely find it sufficient if it had no other option.

other California retailers, on the *fact* that the SimpleSave unit retails for $79.99, on the *fact* that Plaintiff alleges he (and possibly other members of the putative class) spent $1,335 to recover lost computer files, on reasonable extrapolations from these numbers, and on the fact that Plaintiff also seeks punitive damages. The ultimate amount in controversy may not be *exact*, but neither is it a guess. The Court has sufficient confidence, based on Plaintiff's own allegations, facts presented by HP, and assumptions it believes are reasonable, that it is more likely than not that the amount in controversy in this case exceeds $5 million. The Court therefore has original jurisdiction over this case pursuant to 28 U.S.C. § 1332(d)(2).

### III.     Local Controversy Exception

Plaintiff bears the burden of showing that the local controversy exception applies here, and that remand is appropriate. *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021–22 (9th Cir. 2007) ("[W]e conclude that the party seeking remand bears the burden to prove an exception to CAFA's jurisdiction."). The argument that the exception does apply, however, hardly gets off the ground.

The local controversy exception applies to controversies that are *truly local*, and Plaintiff's action is local only in the trivial and almost tautological sense that the definition of the putative class and the legal bases of the asserted claims make it so. Courts have routinely looked beyond these formalities — and looked *to* the nature and scope of the alleged wrong — and rejected a plaintiff's invocation of the local controversy exception that relies on them. *See, e.g.*, *Brook v. UnitedHealth Group Inc.*, No. 06 CV 12954, 2007 WL 2827808 at *4 (S.D.N.Y. Sept. 27, 2007) ("Plaintiffs cannot simply evade federal jurisdiction by defining the putative class on a state-by-state basis, and then proceed to file virtually identical class action complaints in various state courts."). Even though there is no indication that Plaintiff's counsel envisions pursuing relief against HP and the other Defendants in other states, the broader point here is that the SimpleSave hard drives were marketed and sold *nationwide*, Plaintiff alleges nothing wrongful about their marketing and sale that is peculiar to California, and there is no reason to believe that the

Defendants aren't vulnerable to suit on very similar grounds beyond California. That isn't characteristic of a local dispute. *See Kearns v. Ford Motor Co.*, No. CV 05-5644, 2005 WL 3967998 (C.D. Cal. Nov. 21, 2005) (controversy not local when defendant "faces nationwide exposure" on theories similar to those alleged in class action complaint filed in state court).

Remanding this case would enable precisely the kind of situation CAFA was enacted to prevent, namely, the litigation of a class action of national significance in a state-by-state manner. The Senate Judiciary Committee's Report on CAFA speaks directly to this.

> [I]f the defendants engaged in conduct that could be alleged to have injured consumers throughout the country or broadly throughout several states, the case would not qualify for [the local controversy] exception, even if it were brought only as a single-state class action . . . . In other words, this provision looks at where the principal injuries were suffered by everyone who was affected by the alleged conduct — not just where the proposed class members were injured.

*Kearns* at *12 (quoting S.Rep. No. 109-14 at 40–41.) Faced with *Brook* and *Kearns* and the legislative history of CAFA, Plaintiff really has no argument here. Indeed, Plaintiff's opposition brief only attempts to develop § 1332(d)(4)(A)(II), which requires that at least one defendant be a citizen of the state in which the complaint is filed, and that *that* defendant's conduct forms a basis for the claims asserted and the relief sought. It ignores altogether § 1332(d)(4)(A)(III), which is the crack in Plaintiff's argument that the local controversy exception applies here. The principal injuries resulting from the alleged conduct are not in any meaningful way limited to California.

HP's removal of this case pursuant to 28 U.S.C. § 1332(d)(2) was legitimate, and the Court finds no basis for remand pursuant to 28 U.S.C. § 1332(d)(4)(A).

### IV. Timeliness of Removal

The Court addresses, finally, Plaintiff's argument that HP's removal of this case was untimely under 28 U.S.C. § 1446(b) because it should have been removed within 30 days after the filing of the original complaint. That argument is borderline frivolous. The fact is that Plaintiff's original and first amended complaint defined the putative class as

California residents who bought a SimpleSave hard drive from a California Costco. (Compl. ¶ 6; FAC ¶ 27.) So limited, HP would have been unable to argue that the amount in controversy was greater than $5 million to trigger original jurisdiction under § 1332(d)(2). But the second amended complaint broadened the class substantially, to include *all* California residents who bought a SimpleSave in California, and with this expansion the amount in controversy changed. Plaintiff's only response to this is that the original complaint specified that the SimpleSave hard drives "are sold by retailers within San Diego County and throughout the State of California," but that is background information about the SimpleSaves and HP that has nothing to do with the scope of the lawsuit. (Compl. ¶ 19.) Contrary to Plaintiff's argument, "[a]dding the actual stores who sold the SimpleSave" *does* "enlarge the amount in controversy beyond what was stated in the original complaint." (Mot. at 7–8.) This addition expands the number of claims dramatically, from Costco buyers to all California buyers, and as the number of claims increases the amount in controversy does too.

## V.     Conclusion

Plaintiff's motion to remand is **DENIED**. The Court finds it has original jurisdiction over this case pursuant to 28 U.S.C. § 1332(d), and it further finds that the local controversy exception to jurisdiction articulated in 28 U.S.C. § 1332(d)(4)(A) does not apply. The alleged wrong in this case — that a product manufactured and marketed by HP, and sold by Staples, Costco and other retailers, did not function as advertised — is not local to California in any meaningful sense.

The Court will calendar oral argument on the pending motions to dismiss and strike for Monday, June 20 at 11:15 a.m. Plaintiff's opposition will be due two weeks before that date. HP's reply will be due one week before that date.

**IT IS SO ORDERED**.

DATED: May 10, 2011

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge