JOSEPH DUFFY (State Bar No. 241854)
TAYLOR DAY (State Bar No. 267435)
MORGAN, LEWIS & BOCKIUS LLP
300 South Grand Avenue
Los Angeles, CA 90071-3132
Telephone: 213.612.2500
Facsimile: 213.612.2501
E-mail: jduffy@morganlewis.com
            tday@morganlewis.com

KRISTOFOR T. HENNING (*Pro Hac Vice*)
FRANCO A. CORRADO (*Pro Hac Vice* application forthcoming)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Telephone: 215.963.5000
Facsimile: 215.963.5001
E-mail: khenning@morganlewis.com
            fcorrado@morganlewis.com

Attorneys for Defendant
HEWLETT-PACKARD COMPANY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT A. WALLER, JR., individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>        vs.<br><br>HEWLETT-PACKARD COMPANY, et al.<br><br>                    Defendants. | Case No. 11-cv-00454-LAB<br><br>**ANSWER OF HEWLETT-PACKARD COMPANY TO PLAINTIFF'S SECOND AMENDED CLASS COMPLAINT** |

        Defendant Hewlett-Packard Company ("HP") hereby answers Plaintiff Robert A. Waller,

Jr.'s Second Amended Class Complaint ("Complaint") and asserts affirmative defenses to the

Complaint as follows.

        1.        Admitted in part, denied in part.  HP admits only that the SimpleSave hard drive

device "plugs directly into a computer using a USB port" and has been available in different sizes

including 320 gigabyte and 1 terabyte.  The allegations in this paragraph regarding the

SimpleSave packaging pertain to written documents that speak for themselves and any characterization thereof is denied.  HP denies the remaining allegations in this paragraph and specifically denies that it acted unlawfully or improperly in any way.

2.  Denied.  The allegations in this paragraph pertain to written documents that speak for themselves and any characterization thereof is denied.  HP specifically denies that the SimpleSave packaging is misleading in any regard.

3.  Denied.

4.  Denied.  The allegations in this paragraph pertain to a written document that speaks for itself and any characterization thereof is denied.  HP denies the allegations in the last sentence of this paragraph.  HP specifically denies that the SimpleSave packaging is misleading in any regard and/or that the "SimpleSave did not perform as represented."

5.  Denied.  HP specifically denies that the SimpleSave packaging is misleading in any regard and/or that the "SimpleSave did not perform as represented."  HP denies the allegations in the last sentence of this paragraph.  The remaining allegations in this paragraph pertain to written documents that speak for themselves and any characterization thereof is denied.

6.  Denied.

7.  Admitted in part, denied in part.  HP admits only that Plaintiff seeks to assert claims on behalf of a proposed class.  HP denies that Plaintiff is entitled to any relief and further denies that certification of any proposed class is appropriate.

8.  Admitted in part, denied in part.  HP admits only that Plaintiff asserts the claims and seeks the relief identified in this paragraph.  HP denies that Plaintiff is entitled to any relief and further denies that certification of any proposed class is appropriate.  HP denies that it acted unlawfully or improperly in any way.

9.  Denied.

10.  Denied.  The allegations in this paragraph pertain to written documents that speak for themselves and any characterization thereof is denied.  HP specifically denies that the SimpleSave packaging is misleading in any regard.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PHILADELPHIA

**HP'S ANSWER TO PLAINTIFF'S
COMPLAINT**                    2                    CASE NO. 11-00454-LBB

11.     Denied.  The allegations in this paragraph pertain to written documents that speak for themselves and any characterization thereof is denied.  HP specifically denies that the SimpleSave packaging is misleading in any regard.

12.     Denied.  HP denies the allegations in the first sentence of this paragraph.  The remaining allegations in this paragraph pertain to defendants other than HP, and, therefore, no responsive pleading from HP is required.  To the extent a responsive pleading is required, HP denies the remaining allegations in this paragraph and denies that it acted unlawfully or improperly in any way.

13.     Denied.

14.     Denied.

15.     Denied.  After reasonable investigation, HP is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph or to determine the source thereof, and the allegations are therefore denied.  By way of further answer, HP denies that Plaintiff purchased the SimpleSave device that is the subject of his claims against HP because he has indicated in interrogatory responses that his wife purchased the device.

16.     Denied.  After reasonable investigation, HP is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph because they purport to recite Plaintiff's subjective belief.  HP denies that it acted unlawfully or improperly in any way.  By way of further answer, HP denies that Plaintiff purchased the SimpleSave device that is the subject of his claims against HP because he has indicated in interrogatory responses that his wife purchased the device.

17.     Denied.  After reasonable investigation, HP is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph or to determine the source thereof, and the allegations are therefore denied.

18.     Admitted in part, denied in part.  HP admits that it is a Delaware corporation with its headquarters in Palo Alto, California.  The remaining allegations in this paragraph, including any characterization of any of HP's offices as HP's "principal place of business," are denied as conclusions of law.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PHILADELPHIA

**HP'S ANSWER TO PLAINTIFF'S
COMPLAINT**                                       3                              CASE NO. 11-00454-LBB

19.   Denied.  The allegations in this paragraph pertain to a defendant other than HP, and, therefore, no responsive pleading from HP is required.

20.   Denied.  The allegations in this paragraph pertain to a defendant other than HP, and, therefore, no responsive pleading from HP is required.

21.   Denied.  The allegations in this paragraph pertain to a defendant other than HP, and, therefore, no responsive pleading from HP is required.

22.   Denied.  The allegations in this paragraph pertain to a defendant other than HP, and, therefore, no responsive pleading from HP is required.

23.   Denied.  Moreover, the allegations in this paragraph constitute conclusions of law to which no responsive pleading is required and which therefore are denied.

24.   Denied.  After reasonable investigation, HP is without sufficient knowledge or information to form a belief as to the truth of these allegations or to determine the source thereof, and the allegations are therefore denied.  By way of further answer, HP denies that Plaintiff purchased the SimpleSave device that is the subject of his claims against HP because he has indicated in interrogatory responses that his wife purchased the device.

25.   Admitted in part, denied in part.  HP admits only that Plaintiff is asserting claims on his own behalf and on behalf of a proposed class.  The remaining allegations in this paragraph are conclusions of law to which no responsive pleading is required and which therefore are denied.  To the extent deemed in whole or in part to be factual, HP denies those allegations.  HP expressly denies that Plaintiff is entitled to any relief and further denies that certification of any proposed class is appropriate.  HP also denies that the SimpleSave device failed to perform as described or that it made any misleading statements or otherwise acted unlawfully or improperly in any way.  HP further denies that Plaintiff purchased the SimpleSave device that is the subject of his claims against HP because he has indicated in interrogatory responses that his wife purchased the device.

26.   Denied.

27.   Denied.  By way of further answer, HP denies that Plaintiff purchased the SimpleSave device that is the subject of his claims against HP because he has indicated in

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PHILADELPHIA

**HP'S ANSWER TO PLAINTIFF'S
COMPLAINT**                          4                    CASE NO. 11-00454-LBB

1    interrogatory responses that his wife purchased the device.

2        28.    Denied.  The allegations in this paragraph pertain to defendants other than HP,

3    and, therefore, no responsive pleading from HP is required.  By way of further answer, HP denies

4    that Plaintiff purchased the SimpleSave device that is the subject of his claims against HP because

5    he has indicated in interrogatory responses that his wife purchased the device.

6        29.    Denied.  The allegations in this paragraph constitute conclusions of law to which

7    no responsive pleading is required and which therefore are denied.  To the extent the allegations

8    of this paragraph are deemed in whole or in part to be factual, HP denies those allegations

9        30.    Denied.  The allegations in this paragraph constitute conclusions of law to which

10   no responsive pleading is required and which therefore are denied.  To the extent the allegations

11   of this paragraph are deemed in whole or in part to be factual, HP denies those allegations.  By

12   way of further response, however, HP does not deny that venue is proper in this Court.

13       31.    Denied.  The allegations in this paragraph constitute conclusions of law to which

14   no responsive pleading is required and which therefore are denied.  To the extent the allegations

15   of this paragraph are deemed in whole or in part to be factual, HP denies those allegations.  By

16   way of further response, jurisdiction in this Court is appropriate pursuant to the Class Action

17   Fairness Act of 2005, Pub. L No. 109-2 (enacted Feb. 18, 2005), codified at 28 U.S.C. §§

18   1332(d), 1453 and 1711-1715 ("CAFA").  *See* Docket No. 29 (5/10/11 Order Denying Motion to

19   Remand).

20       32.    Denied.  By way of further response, jurisdiction in this Court is appropriate

21   pursuant to CAFA.  *See* Docket No. 29 (5/10/11 Order Denying Motion to Remand).

22       33.    Admitted in part, denied in part.  HP admits only that Plaintiff seeks to bring a

23   class action on behalf of himself and the putative class described in this paragraph.  HP denies

24   that certification of any class is appropriate.  HP further denies that it has engaged in any

25   wrongful conduct, or that it has acted unlawfully in any way.

26       34.    Denied.

27       35.    Denied.  The allegations in this paragraph constitute conclusions of law to which

28   no responsive pleading is required and which therefore are denied.  To the extent the allegations

**HP'S ANSWER TO PLAINTIFF'S
COMPLAINT**                           5                    CASE NO. 11-00454-LBB

of this paragraph are deemed in whole or in part to be factual, HP denies those allegations.  HP specifically denies that certification of any class is appropriate.

36.    Denied.  The allegations in this paragraph constitute conclusions of law to which no responsive pleading is required and which therefore are denied.  To the extent the allegations of this paragraph are deemed in whole or in part to be factual, HP denies those allegations because it lacks sufficient knowledge or information to form a belief as to the truth of these allegations or to determine the source thereof.

37.    Denied.  The allegations in this paragraph constitute conclusions of law to which no responsive pleading is required and which therefore are denied.  To the extent the allegations of this paragraph are deemed in whole or in part to be factual, HP denies those allegations.  HP specifically denies that certification of any class is appropriate.

38.    Denied.  The allegations in this paragraph constitute conclusions of law to which no responsive pleading is required and which therefore are denied.  To the extent the allegations of this paragraph are deemed in whole or in part to be factual, HP denies those allegations.  HP specifically denies that certification of any class is appropriate.

39.    Denied.  The allegations in this paragraph constitute conclusions of law to which no responsive pleading is required and which therefore are denied.  To the extent the allegations of this paragraph are deemed in whole or in part to be factual, HP denies those allegations.  HP specifically denies that certification of any class is appropriate.

40.    Denied.  The allegations in this paragraph constitute conclusions of law to which no responsive pleading is required and which therefore are denied.  To the extent the allegations of this paragraph are deemed in whole or in part to be factual, HP denies those allegations.  HP specifically denies that certification of any class is appropriate.

41.    Denied.  The allegations in this paragraph constitute conclusions of law to which no responsive pleading is required and which therefore are denied.  To the extent the allegations of this paragraph are deemed in whole or in part to be factual, HP denies those allegations.  HP specifically denies that certification of any class is appropriate.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PHILADELPHIA

HP'S ANSWER TO PLAINTIFF'S
COMPLAINT                                    6                    CASE NO. 11-00454-LBB

42.     HP incorporates and realleges its responses to the preceding paragraphs as if fully set forth herein.

43.     Denied.  The allegations in this paragraph constitute conclusions of law to which no responsive pleading is required and which therefore are denied.  To the extent the allegations of this paragraph are deemed in whole or in part to be factual, HP denies those allegations.

44.     Denied.  The allegations in this paragraph constitute conclusions of law to which no responsive pleading is required and which therefore are denied.  To the extent the allegations of this paragraph are deemed in whole or in part to be factual, HP denies those allegations.

45.     Denied.  The allegations in this paragraph constitute conclusions of law to which no responsive pleading is required and which therefore are denied.  To the extent the allegations of this paragraph are deemed in whole or in part to be factual, HP denies those allegations.

46.     Denied.  The allegations in this paragraph constitute conclusions of law to which no responsive pleading is required and which therefore are denied.  To the extent the allegations of this paragraph are deemed in whole or in part to be factual, HP denies those allegations.

47.     Denied.  The allegations in this paragraph constitute conclusions of law to which no responsive pleading is required and which therefore are denied.  To the extent the allegations of this paragraph are deemed in whole or in part to be factual, HP denies those allegations.

48.     Denied.  The allegations in this paragraph constitute conclusions of law to which no responsive pleading is required and which therefore are denied.  To the extent the allegations of this paragraph are deemed in whole or in part to be factual, HP denies those allegations.  By way of further response, HP denies that it has engaged in any wrongful conduct, that it has acted unlawfully in any way, and that it is liable to Plaintiff or the putative class.  HP further denies that Plaintiff purchased the SimpleSave device that is the subject of his claims against HP because he has indicated in interrogatory responses that his wife purchased the device.

49.     Denied.

50.     HP incorporates and realleges its responses to the preceding paragraphs as if fully set forth herein.

**HP'S ANSWER TO PLAINTIFF'S
COMPLAINT**                    7                    CASE NO. 11-00454-LBB

51.     Denied.  The allegations in this paragraph constitute conclusions of law to which no responsive pleading is required and which therefore are denied.  To the extent the allegations of this paragraph are deemed in whole or in part to be factual, HP denies those allegations.

52.     Denied.  The allegations in this paragraph constitute conclusions of law to which no responsive pleading is required and which therefore are denied.  To the extent the allegations of this paragraph are deemed in whole or in part to be factual, HP denies those allegations.

53.     Denied.  The allegations in this paragraph constitute conclusions of law to which no responsive pleading is required and which therefore are denied.  To the extent the allegations of this paragraph are deemed in whole or in part to be factual, HP denies those allegations.

54.     Denied.  The allegations in this paragraph constitute conclusions of law to which no responsive pleading is required and which therefore are denied.  To the extent the allegations of this paragraph are deemed in whole or in part to be factual, HP denies those allegations.

55.     Denied.  The allegations in this paragraph constitute conclusions of law to which no responsive pleading is required and which therefore are denied.  To the extent the allegations of this paragraph are deemed in whole or in part to be factual, HP denies those allegations.

56.     HP incorporates and realleges its responses to the preceding paragraphs as if fully set forth herein.

57.     Denied.  The allegations in this paragraph constitute conclusions of law to which no responsive pleading is required and which therefore are denied.  To the extent the allegations of this paragraph are deemed in whole or in part to be factual, HP denies those allegations.

58.     Denied.   The Court has dismissed Plaintiffs' claims for damages under the Consumer Legal Remedies Act ("CLRA") with prejudice.  Accordingly, HP is not required to provide a response to the allegations in this paragraph.  By way of further response, HP denies that it has engaged in any wrongful conduct, that it has acted unlawfully in any way, and that it is liable to Plaintiff or the putative class.  Plaintiff's allegations in this paragraph regarding a September 30, 2010 letter are also based on a written document that speaks for itself and any characterization thereof is denied.  HP further denies that Plaintiff complied with the CLRA notice requirements.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PHILADELPHIA

**HP'S ANSWER TO PLAINTIFF'S
COMPLAINT**                    8                    CASE NO. 11-00454-LBB

59.     Denied.

60.     Denied.  The allegations in this paragraph constitute conclusions of law to which no responsive pleading is required and which therefore are denied.  To the extent the allegations of this paragraph are deemed in whole or in part to be factual, HP denies those allegations.

61.     Denied.  By way of further response, the allegations in this paragraph appear to pertain to a written document that speaks for itself and any characterization thereof is denied.

62.     Denied.  By way of further response, the allegations in this paragraph appear to pertain to a written document that speaks for itself and any characterization thereof is denied.  By way of further answer, HP denies that Plaintiff purchased the SimpleSave device that is the subject of his claims against HP because he has indicated in interrogatory responses that his wife purchased the device.

63.     Denied.  The Court has dismissed Plaintiffs' claims for damages under the CLRA with prejudice.  Accordingly, HP is not required to provide a response to the allegations in this paragraph.  By way of further response, HP denies that it has engaged in any wrongful conduct, that it has acted unlawfully in any way, and that it is liable to Plaintiff or the putative class

64.     Denied.

HP denies that Plaintiff, or any putative class, is entitled to any relief, including, without limitation, that for which Plaintiff has prayed.

All allegations not specifically admitted are denied.

HP denies that Plaintiff is entitled to a jury trial for any claims on which he has no right to a jury trial.

///
///
///
///
///
///
///

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PHILADELPHIA

**HP'S ANSWER TO PLAINTIFF'S
COMPLAINT**                          9                     CASE NO. 11-00454-LBB

1

## SEPARATE AND ADDITIONAL AFFIRMATIVE DEFENSES

2    By alleging the Separate and Additional Affirmative Defenses set forth below, HP intends

3 no alteration of the burden of proof and/or burden of going forward with evidence which

4 otherwise exists with respect to any particular issue at law or in equity.  Furthermore, all such

5 defenses are pled in the alternative and do not constitute an admission of liability or that Plaintiff

6 is entitled to any relief whatsoever.

7

### FIRST SEPARATE AND ADDITIONAL AFFIRMATIVE DEFENSE

8

### (Lack of Damages)

9    Plaintiff and the putative class members have not sustained any injury or damage as a

10 result of any actions allegedly taken by HP, and are thus barred from asserting any claim against

11 HP.

12

### SECOND SEPARATE AND ADDITIONAL AFFIRMATIVE DEFENSE

13

### (Laches)

14    The Complaint and each purported cause of action contained therein are barred, in whole

15 or in part, by the doctrine of laches.

16

### THIRD SEPARATE AND ADDITIONAL AFFIRMATIVE DEFENSE

17

### (Estoppel)

18    The Complaint and each purported cause of action contained therein are barred, in whole

19 or in part, by the doctrine of estoppel.

20

### FOURTH SEPARATE AND ADDITIONAL AFFIRMATIVE DEFENSE

21

### (Waiver)

22    The Complaint and each purported cause of action contained therein are barred, in whole

23 or in part, by the doctrine of waiver.

24

### FIFTH SEPARATE AND ADDITIONAL AFFIRMATIVE DEFENSE

25

### (Other Causes)

26    The Complaint and each purported cause of action contained therein are barred, in whole

27 or in part, because Plaintiff's damages, if any, were caused by independent, intervening and/or

28 superseding events including, but not limited to, accident, misuse, abuse or other external causes

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PHILADELPHIA

**HP'S ANSWER TO PLAINTIFF'S
COMPLAINT**    10    CASE NO. 11-00454-LBB

1   beyond the control of HP and/or unrelated to HP's product.

2   **SIXTH SEPARATE AND ADDITIONAL AFFIRMATIVE DEFENSE**

3   **(Abandonment/Waiver of Warranty)**

4   Plaintiff and/or the putative class members abandoned, or, alternatively, willingly and

5   voluntarily waived all and any part of claims they may have had against HP under the applicable

6   Warranty, to the extent that, *inter alia*, they failed to notify HP of any product defects, or return

7   any defective products to HP, within the warranty period.

8   **SEVENTH SEPARATE AND ADDITIONAL AFFIRMATIVE DEFENSE**

9   **(Good Faith)**

10   HP alleges, without admitting any liability whatsoever, that at all times HP's actions were

11   undertaken in good faith to advance legitimate business interests.

12   **EIGHTH SEPARATE AND ADDITIONAL AFFIRMATIVE DEFENSE**

13   **(Compliance with the Law)**

14   HP is absolved from any and all liability for the wrongs alleged in the Complaint by

15   reason of its full compliance with all statutes, regulations or other laws in effect at the time of the

16   conduct alleged in the Complaint.

17   **NINTH SEPARATE AND ADDITIONAL AFFIRMATIVE DEFENSE**

18   **(Conduct Is Not "Unfair")**

19   Plaintiff's claims and the claims of the putative class are barred, in whole or in part,

20   because HP's business practices and conduct, as alleged in the Complaint, are not unfair.

21   **TENTH SEPARATE AND ADDITIONAL AFFIRMATIVE DEFENSE**

22   **(No Substantial Injury Under the UCL)**

23   To the extent Plaintiff or any putative class member suffered any injury, that injury was

24   not substantial such that a violation of the UCL has occurred.

25   **ELEVENTH SEPARATE AND ADDITIONAL AFFIRMATIVE DEFENSE**

26   **(Safe Harbor)**

27   HP's business practices and conduct, including, but not limited to, it's Limited Warranty,

28   comply with and may be expressly authorized by California and/or federal law or the law of the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PHILADELPHIA

**HP'S ANSWER TO PLAINTIFF'S
COMPLAINT**                                    11                    CASE NO. 11-00454-LBB

1   jurisdiction in which each putative class member resides.

2   ## TWELFTH SEPARATE AND ADDITIONAL AFFIRMATIVE DEFENSE

3   ### (No Right To Restitution Under UCL)

4   With respect to Plaintiff's claims and the claims of the putative class for restitution under

5   California Business & Professions Code Sections 17200 *et seq.*, those claims are barred to the

6   extent that Plaintiff and the members of the purported class did not pay money to HP.

7   ## THIRTEENTH SEPARATE AND ADDITIONAL AFFIRMATIVE DEFENSE

8   ### (Due Process; Full Faith and Credit Clause/

9   ### Application of California Law to Non-Residents)

10  Application of California law to the claims of non-residents under the circumstances of

11  this case would violate the Due Process Clause and the Full Faith and Credit Clause of the United

12  States Constitution and would otherwise be unconstitutional.

13  ## FOURTEENTH SEPARATE AND ADDITIONAL AFFIRMATIVE DEFENSE

14  ### (Failure to Mitigate Damages)

15  As a defense to Plaintiff's Complaint and each and every allegation contained therein, HP

16  alleges that Plaintiff has failed to mitigate his damages, if any, and that any recovery should be

17  reduced or denied accordingly.

18  ## FIFTEENTH SEPARATE AND ADDITIONAL AFFIRMATIVE DEFENSE

19  ### (Damages)

20  Plaintiff's remaining claims do not entitle him to compensatory damages, statutory

21  damages, prejudgment interest, costs and expenses, punitive damages, or attorneys' fees.

22  Accordingly, Plaintiff's prayer for such relief is inappropriate.

23  ## SIXTEENTH SEPARATE AND ADDITIONAL AFFIRMATIVE DEFENSE

24  ### (Statute of Limitations)

25  The claims of class members may be barred, in whole or in part, by the applicable statute

26  of limitations.

27  ///

28  ///

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PHILADELPHIA

**HP'S ANSWER TO PLAINTIFF'S
COMPLAINT**                    12                    CASE NO. 11-00454-LBB

1

**SEVENTEENTH SEPARATE AND ADDITIONAL AFFIRMATIVE DEFENSE**

2

**(Jury Trial)**

3

Plaintiff is not entitled to a jury trial on any of his remaining claims.

4

**EIGHTEENTH SEPARATE AND ADDITIONAL AFFIRMATIVE DEFENSE**

5

**(Lack of Standing/Injury)**

6

Plaintiff's claims are barred, in whole or in part, because he did not purchase the product

7

that is the subject of his claims against HP.

8

**NINETEENTH SEPARATE AND ADDITIONAL AFFIRMATIVE DEFENSE**

9

**(Reservation)**

10

HP has insufficient knowledge or information upon which to form a basis as to whether it

11

may have additional, as yet unstated, separate defenses available.  HP reserves the right to amend

12

this Answer to add, delete, or modify defenses based upon legal theories that may or will be

13

divulged through clarification of Plaintiff's Complaint, through discovery, or through further

14

legal analysis of Plaintiff's positions in this litigation.

15

**PRAYER**

16

WHEREFORE, HP prays as follows:

17

1.      That Plaintiff and members of the putative class take nothing by their Complaint;

18

2.      That the Complaint and each and every purported claim for relief alleged therein

19

be dismissed with prejudice and/or that class certification be denied;

20

3.      That the Court award HP its costs of suit incurred herein, including reasonable

21

attorneys' fees;

22

4.      For such other and further relief as the Court deems just and appropriate.

23

Dated: January 13, 2012                    Respectfully submitted,

24

**MORGAN, LEWIS & BOCKIUS LLP**

25

26

By:      /s/Joseph Duffy
                Joseph Duffy

27

Attorneys for
HEWLETT-PACKARD COMPANY

28

**HP'S ANSWER TO PLAINTIFF'S
COMPLAINT**                    13                    CASE NO. 11-00454-LBB

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I, Joseph Duffy, hereby certify that on January 13, 2012, I caused the foregoing Answer to Plaintiff's Second Amended Class Complaint to be electronically filed and served upon the persons named below via the manners specified below.  This document is available for review and downloading from the ECF system.

**BY ECF:**

> Brian A. Barnhorst, Esq.
> Law Offices of Brian Barnhorst
> 402 West Broadway
> Suite 950
> San Diego, CA 92101
> (619) 379-7405
> Email: babarnhorst@gmail.com
>
> Attorney for Plaintiff Robert A. Waller

Dated:  January 13, 2012          By:      /s/Joseph Duffy_____
                                                      Joseph Duffy

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PHILADELPHIA