UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT A. WALLER, JR., on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HEWLETT-PACKARD COMPANY, a Delaware corporation; COSTCO WHOLESALE CORPORATION, a Washington corporation; WESTERN DIGITAL CORPORATION, a Delaware corporation; STAPLES, INC., a Delaware corporation; DOES 1-100, inclusive<br><br>Defendants. | Civil No. 11cv0454 LAB(RBB)<br><br>CASE MANAGEMENT CONFERENCE ORDER REGULATING DISCOVERY AND OTHER PRETRIAL PROCEEDINGS (Rule 16, Fed.R.Civ.P.) (Local Rule 1) |

Pursuant to rule 16 of the Federal Rules of Civil Procedure, a case management conference was held on May 17, 2012. After consulting with the attorneys of record for the parties and being advised of the status of the case, and good cause appearing,

IT IS HEREBY ORDERED:

1. All discovery shall be completed by all parties on or before February 19, 2013; this includes discovery ordered as a result of a discovery motion. "Completed" means that all discovery

under Rules 30-36 of the Federal Rules of Civil Procedure and discovery subpoenas under Rule 45 must be initiated a sufficient period of time in advance of the cut-off date, so that it may be completed by the cut-off date, taking into account the times for services, notice and response as set forth in the Federal Rules of Civil Procedure.  All motions for discovery shall be filed no later than thirty (30) days following the date upon which the event giving rise to the discovery dispute occurred.  For oral discovery, the event giving rise to the discovery dispute is the completion of the transcript of the affected portion of the deposition.  For written discovery, the event giving rise to the discovery dispute is the service of the response.  All interrogatories, requests for admission, and document production requests must be served by <u>December 17, 2012</u>.

　　　Absent a further order of the Court, discovery previously served and provided in state court will not be treated as served and provided in this Court.

　　　2.   The parties shall designate their respective case-in-chief experts in writing by <u>December 17, 2012</u>.  Rebuttal experts shall be designated on or before <u>January 14, 2013</u>.  The written designations shall include the name, address and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide.  The list shall also include the normal rates the expert charges for deposition and trial testimony.  The parties must identify any person who may be used to present evidence pursuant to Rules 702, 703 or 705 of the Federal Rules of Evidence.  This requirement is not limited to retained experts.  The designation(s) shall comply with rule 26(a)(2) of the Federal

1  Rules of Civil Procedure and be accompanied by a written report
2  prepared and signed by each witness, including in-house or other
3  witnesses providing expert testimony.  A written report is not
4  required from a witness giving testimony as a percipient expert.
5  **Please be advised that failure to comply with expert discovery or**
6  **any other discovery order of the Court may result in the sanctions**
7  **provided for in Fed. R. Civ. P. 37 including a prohibition on the**
8  **introduction of experts or other designated matters in evidence.**
9       3.   Any motion to join other parties, to amend the pleadings
10 or to file additional pleadings shall be filed and heard on or
11 before November 19, 2012.  The last day to file a motion to certify
12 the class is November 19, 2012.
13      4.   All other pretrial motions must be filed on or before
14 March 18, 2013.  Please be advised that counsel for the moving
15 party must obtain a motion hearing date from the law clerk of the
16 judge who will hear the motion.  **Be further advised that the period**
17 **of time between the date you request a motion date and the hearing**
18 **date may vary from one district judge to another.  Please plan**
19 **accordingly.**  For example, you should contact the judge's law clerk
20 in advance of the motion cutoff to calendar the motion.  Failure to
21 timely request a motion date may result in the motion not being
22 heard.
23      Questions regarding this case should be directed to the
24 judge's law clerk.  The Court draws the parties' attention to Local
25 Rule 7.1(e)(4) which requires that the parties allot additional
26 time for service of motion papers by mail.  Papers not complying
27 with this rule shall not be accepted for filing.
28

Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of the judge who will hear the motion. No reply memorandum shall exceed ten (10) pages without leave of the judge who will hear the motion.

5. Further settlement conferences shall be held at appropriate intervals during the course of the litigation in the chambers of Judge Ruben B. Brooks. A further settlement conference shall be held on <u>November 7, 2012, at 1:30 p.m.</u> A mandatory settlement conference date will be set at one of the scheduled settlement conferences.

All parties, claims adjusters for insured Defendants and non-lawyer representatives with complete authority to enter into a binding settlement, as well as the principal attorneys responsible for the litigation, must be present and legally and factually prepared to discuss and resolve the case at the mandatory settlement conference and at all settlement conferences. Retained outside corporate counsel shall not appear on behalf of a corporation as the sole party representative who has the authority to negotiate and enter into a settlement. Failure to attend or obtain proper excuse will be considered grounds for sanctions.

If Plaintiff is incarcerated in a penal institution or other facility, the Plaintiff's presence is not required at conferences before Judge Brooks, and the Plaintiff may participate by telephone. In that case, defense counsel is to coordinate the Plaintiff's appearance by telephone.

**Confidential written settlement statements for the mandatory settlement conference shall be lodged directly in the chambers of**

4

11cv0454 LAB(RBB)

**Judge Brooks no later than five court days before the mandatory settlement conference.**  The statements need not be filed with the Clerk of the Court or served on opposing counsel.  The statements will not become part of the court file and will be returned at the end of the conference upon request.  Written statements may be lodged with Judge Brooks either by mail or in person.  **ALL PARTICIPANTS SHOULD PLAN TO ENGAGE IN MEANINGFUL SETTLEMENT DISCUSSIONS AND COME PREPARED TO NEGOTIATE AND SETTLE THE CASE ON TERMS OTHER THAN THOSE WHICH THEY HAVE PREVIOUSLY PROPOSED.**

Any statement submitted should avoid arguing the case. Instead, the statement should include a neutral factual statement of the case, identify controlling legal issues, and concisely set out issues of liability and damages, including any settlement demands and offers to date and address special and general damages where applicable.

If appropriate, the Court will consider the use of other alternative dispute resolution techniques.

6.  Counsel shall make their Pretrial Disclosures required by Fed. R. Civ. P. 26(a)(3) on or before <u>June 17, 2013</u>.

7.  Counsel may object to Pretrial Disclosures on or before <u>June 24, 2013</u>.

8.  Despite the requirements of Civil Local Rule 16.1(f), neither party is required to file Memoranda of Contentions of Fact and Law at any time.  The parties shall instead focus their efforts on drafting and submitting a proposed pretrial order by the time and date specified by Local Rule 16.1(f)(7)(b).

9.  Counsel shall confer and take the action required by Local Rule 16.1(f)(4) on or before <u>July 5, 2013</u>.  The parties shall

1  meet and confer and prepare a proposed pretrial order.  A personal
2  meeting between an incarcerated Plaintiff, acting in pro per, and
3  defense counsel is not required.
4       At this meeting, counsel shall discuss and attempt to enter
5  into stipulations and agreements resulting in simplification of the
6  triable issues.  Counsel shall exchange copies and/or display all
7  exhibits other than those to be used for impeachment, lists of
8  witnesses and their addresses including experts who will be called
9  to testify and written contentions of applicable facts and law.
10 The exhibits shall be prepared in accordance with Local Rule
11 16.1(f)(2)(c).  Counsel shall cooperate in the preparation of the
12 proposed final pretrial conference order.
13      10.  The proposed final pretrial conference order, including
14 objections to any party's Fed. R. Civ. P. 26(a)(3) pretrial
15 disclosures, shall be prepared, served and lodged with the trial
16 judge on or before July 8, 2013, and shall be in the form
17 prescribed in and in compliance with Local Rule 16.1(f)(6).
18 Counsel shall also bring a court copy of the pretrial order to the
19 pretrial conference.
20      11.  The final pretrial conference shall be held before the
21 Honorable Larry A. Burns, United States District Judge, on July 15,
22 2013, at 11:15 a.m.
23      12.  A post-trial settlement conference before a magistrate
24 judge may be held within thirty days of verdict in the case.
25      13.  The dates and times set forth herein will not be modified
26 except for good cause shown.
27      14.  Briefs or memoranda in support of or in opposition to any
28 pending motion shall not exceed twenty-five (25) pages in length

without leave of the judge who will hear the motion.  No reply memorandum shall exceed ten (10) pages without such leave of court. Briefs and memoranda exceeding ten (10) pages in length shall have a table of contents and a table of authorities cited.

    15.  Plaintiff's(s') counsel shall serve a copy of this order on all parties that enter this case hereafter.

Dated:  May 17, 2012

RUBEN B. BROOKS  
United States Magistrate Judge

cc:   All Parties of Record

**CASE RESOLUTION GUIDELINES**

**Attendance**

All parties and claims adjusters for insured Defendants and representatives with complete authority to enter into a binding settlement, as well as the principal attorney(s) responsible for the litigation, must be present and legally and factually prepared to discuss and resolve the case.  Failure to attend or obtain proper excuse will be considered grounds for sanctions.

**Case Resolution Conference Briefs**

Written statements, when specifically requested, shall be lodged in the chambers of Judge Brooks no later than five court days before the scheduled conference.  The statements will not become part of the court file.  Written statements may be submitted on a confidential basis and lodged with Judge Brooks either by mail or in person.

Any statement submitted should avoid arguing the case. Instead the statement should include a neutral factual statement of the case and concisely set out issues of liability and damages, including any settlement demands and offers to date, and address special and general damages where applicable.

If appropriate, the court will consider the use of other alternative dispute resolution techniques.

If you have any further questions, please feel free to contact my research attorney, at (619) 557-3404.