# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT A. WALLER, JR., on behalf of himself and all others similarly situated,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>HEWLETT-PACKARD COMPANY, etc., et al.,<br><br>　　　　Defendants. | CASE NO. 11cv0454-LAB (RBB)<br><br>**ORDER DENYING MOTION FOR LEAVE TO AMEND OR, IN THE ALTERNATIVE, TO REMAND** |

## I.   Introduction

Pending before the Court is Waller's motion for leave to file a third amended complaint. The operative complaint is a putative class action brought by California residents alleging violations of California law. Waller now wants to add common law claims for unjust enrichment and breach of implied warranty to turn this case into a nationwide class action.

But there's a caveat here. It's not that Waller *wants* this case to be nationwide in scope. He just thinks it must be in order for this Court to retain jurisdiction over it, considering that certain diverse Defendants have been dismissed and only HP remains. Waller is also of the mind that he has to add common law claims in order for this case to be a nationwide class action, because under *Mazza v. American Hond Motor Co.*, non-California

//

residents can't avail themselves of California's consumer protection laws. *See* 666 F.3d 581 (9th Cir. 2012). In the alternative, Waller would like the case simply remanded to state court.

## II. Discussion

This case arrived in federal court when Hewlett-Packard removed it from California Superior Court on March 4, 2011. The basis for removal was the Class Action Fairness Act, which provides that "district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000 . . . and . . . in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)–(d)(2)(A). The Court subsequently denied Waller's motion to remand, finding that it had original jurisdiction under CAFA *and* that the so-called "local controversy" exception didn't prevent it from exercising that jurisdiction. This was on May 10, 2011.

Months later, in January of 2012, Waller dismissed Defendants Staples, Western Digital, and Costco from this case, and he now worries that this destroyed the minimal diversity that must exist for the Court to have jurisdiction under CAFA. He is mistaken. First, if the Court had jurisdiction under CAFA *when this case was removed*, it has jurisdiction under CAFA now. *See Cleary v. Philip Morris Inc.*, 656 F.3d 511, 515 (7th Cir. 2011) ("A federal court's jurisdiction under CAFA is determined at the time of removal."); *Strotek Corp. v. Air Transport Ass'n of America*, 300 F.3d 1129, 1131–32 (9th Cir. 2002). Second, while HP pointed only to Costco's Washington citizenship as the basis for minimal diversity when it removed this case, minimal diversity didn't disappear when Costco did because HP is itself diverse. To be sure, it is a citizen of California, where its principal place of business is, but it is also a citizen of Delaware, where it is incorporated. 28 U.S.C. § 1332(c).

That really settles Waller's motion. It is premised entirely on the assumption that with Costco and Staples gone from this case the Court no longer has subject matter jurisdiction, but that's simply not true. Nowhere in his motion does Waller indicate that he has some independent interest in broadening the scope of this putative class action; in fact, he now accuses HP of "fighting to limit WALLER to what he wanted in the first place: a class action

on behalf of California-based residents who purchased the SimpleSave device in California." (Reply Br. at 8.) But here is what Waller seems not to understand: limiting his putative class action to California plaintiffs and California's consumer protection laws doesn't also limit it to California courts. CAFA gives federal courts original jurisdiction over any class action in which the amount in controversy is greater than $5 million and the plaintiffs and defendants are minimally diverse. This case meets those requirements, as the Court previously determined when it denied Waller's motion to remand. From the beginning, Waller has defined the putative class as "[a]ll persons who reside in California and who purchased an HP SimpleSave external hard drive in California during the relevant period." (SAC ¶ 33(a).) The Court will not let him add non-California claims now when, first, it isn't jurisdictionally necessary, and second, Waller hasn't indicated that he actually wants to vindicate the interests of SimpleSave purchasers nationwide.

    HP devotes a substantial portion of its opposition brief to the futility of amendment and the argument that Waller's proposed additional claims aren't viable. The Court doesn't need to even approach this issue. Waller's motion, as the Court has said, is premised entirely on assumptions about CAFA jurisdiction that are mistaken. Waller doesn't *want* to add non-California plaintiffs and claims to this case; he just thinks he *has to*:

> The proposed Third Amended Complaint removes defendants Costco and Staples from the operative complaint and adds new causes of action for unjust enrichment and breach of implied warranty. These new causes of action are necessary to provide standing for non-California putative class members and to allow this court to retain jurisdiction over this action. If the court denies leave to amend remand is appropriate because the court will lack jurisdiction over the action because of a lack of diversity and because the action will be limited to California-only putative class members in accordance with the holding in *Mazza*. (Barnhorst Decl. ¶ 7.)
>
> Unless the court permits the proposed amendments the federal court lacks jurisdiction pursuant to the Class Action Fairness Act (CAFA) because there is no diversity of citizenship between Plaintiff WALLER and Defendant HP. Moreover, there are no causes of action contained in the currently operative complaint (the Second Amended Complaint) which vest the federal court with jurisdiction over, or which apply or provide any remedy to, consumers residing outside the state of California. Thus, if the federal court and/or defendant HP desires that this action remain in federal court, the court should allow the filing of the proposed

Third Amended Complaint. (Mot. at 2.)

In his reply brief, Waller does evince an interest in broadening the scope of this class action that's not tied to his confusion about CAFA jurisdiction, but it's too little too late:

> The irony of the instant motion is that it seeks to accomplish what HP appeared to desire when it removed this action on the ground that the action was covered by the Class Action Fairness Act—*viz.*, nationwide resolution of the claims . . . . With Waller now attempting to state his claims in a manner that would resolve all potential claims on a nationwide basis (in furtherance of the intent of CAFA), HP is fighting to limit Waller to what he wanted in the first place: a class action on behalf of California-based residents who purchased the SimpleSave device in California . . . .
>
> In light of the holding in *Mazza*, plaintiff WALLER has sought to amend the operative complaint so that this action, should it be certified as a class action, will once and for all resolve any and all claims against HP as they relate to the SimpleSave external back up device.

(Reply Br. at 8–9.) The fact is that Waller, in his original complaint and in both of his amended complaints, has limited the putative class to California residents. If he really wanted to resolve all claims against HP relating to the SimpleSave in one lawsuit, he could have defined the putative class differently. Indeed, the Court might see this motion differently if Waller's complaint did define a *national* putative class, and he sought to add common law claims only upon learning in *Mazza* that non-California residents couldn't obtain relief under California's consumer protection laws.

But that's not how this has gone. From the beginning, Waller has limited this class action to California residents with California claims. It was only *after* the Court found that it had original jurisdiction over the case under CAFA, and *after* two diverse Defendants were dismissed, that Waller asked to add common law claims—and only on the mistaken assumption that without the claims the case would be jurisdictionally defective. At this point, Defendants have already endured a first and second amended complaint, the Court has ruled on a motion to remand and a rather substantive motion to dismiss, and a scheduling order has been issued setting pretrial deadlines. This case was removed to

//
//

federal court over a year ago. It should continue to move forward, and it must do so in its present form. Waller's motion for leave to file a third amended complaint, or in the alternative to remand, is **DENIED**.

**IT IS SO ORDERED**.

DATED: June 1, 2012

*[signature: Larry A. Burns]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge