# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT A. WALLER, JR., on behalf of himself and all others similarly situated,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>HEWLETT-PACKARD COMPANY, etc., et al.,<br><br>　　　　　　　　　　　Defendants. | CASE NO. 11cv0454-LAB (RBB)<br><br>**ORDER STAYING CASE** |

　　　Now pending before the Court is Waller's motion for class certification. After considering the parties' briefs and familiarizing itself with the relevant caselaw, the Court is inclined to stay this case pending the appeal of the denial of class certification in *O'Shea v. Epson America, Inc.*, Case No. 9-CV-8063 (C.D. Cal.), Doc. No. 596.

　　　Front and center here is the question whether unnamed class members in a putative UCL class action must satisfy Article III standing requirements when that class action is in federal court. There is no unambiguous, controlling Ninth Circuit authority on that question, but in the wake of *Stearns v. Ticketmaster Corp.*, 655 F.3d 1013 (9th Cir. 2011), district courts in California have drifted in different directions. In *O'Shea*, for example, one judge in the Central District of California held that "absent class members must satisfy the requirements of Article III." 2011 WL 4352458 at *10. But in *Bruno v. Quten Research*

*Institute, LLC*, 280 F.R.D. 524 (C.D. Cal. 2011), another judge in the Central District held that "the Ninth Circuit in *Stearns* did not subtly announce a new rule requiring courts to analyze unnamed class members' standing." *Id.* at 533.

After both of those decisions, the Ninth Circuit did hold in a putative UCL class action that "[n]o class may be certified that contains members lacking Article III standing," *Mazza v. American Honda Motor Co., Inc.*, 666 F.3d 581, 594 (9th Cir. 2012), but there is an ambiguity in the opinion, at least as the Court reads it. It explains that standing requires an actual injury that's traceable to the challenged conduct, but then seems to find class standing based on injury alone, namely the fact that consumers allegedly paid more for a good than it was really worth to them. *Id.* at 595. The opinion continues, though, to the question whether a presumption of reliance is justified, and it's not clear whether this is simply the traceability prong of the standing requirement, or some free-standing requirement that the Court assesses in the Rule 23(b)(3) predominance analysis. *See id.* at 595–96. If the latter, where exactly does that reliance requirement come from, given that a California UCL claim doesn't require it[1] except for the named plaintiff in a class action?[2] (The answer may be that *Mazza* also involved a claim under the Consumer Legal Remedies Act, which does require an additional showing of reliance. *Id.* at 595.[3])

---

[1] *See Brakke v. Economic Concepts, Inc.*, 213 Cal.App.4th 761, 772 (Cal. Ct. App. 2013) ("Unlike common law fraud, a Business and Professions Code section 17200 violation can be shown even without allegations of actual deception, reasonable reliance, and damage. Historically, the term 'fraudulent,' as used in the UCL, has required only a showing that members of the public are likely to be deceived.").

[2] *See Tobacco II Cases*, 46 Cal.4th 298, 306 (2009) ("We conclude that standing requirements are applicable only to the class representatives, and not all absent class members."); *In re Steroid Hormone Product Cases*, 181 Cal.App.4th 145, 154 (Cal. Ct. App. 2010) ("[W]hile a named plaintiff in a UCL class action . . . must show that he or she suffered injury in fact and lost money or property as a result of the unfair competition, once the named plaintiff meets that burden, no further individualized proof of injury or causation is required to impose restitution liability against the defendant in favor of absent class members.").

[3] Indeed, the case *Mazza* cites to, *Davis-Miller v. Automobile Club of Southern California*, 201 Cal.App.4th 106, 125 (Cal. Ct. App. 2011), is somewhat clear that the reliance inquiry is necessitated by the CLRA rather than the UCL. The Court limited Waller's CLRA claim to injunctive relief in its order on HP's motion to dismiss (Doc. No. 45), and Waller subsequently dismissed the claim entirely (Doc. No. 80).

On November 15, 2011, the Ninth Circuit granted a petition in *O'Shea* to appeal the court's order denying class certification. On this appeal, the Ninth Circuit will address head-on the question on which *O'Shea* and *Bruno* are split, and which, even after *Mazza*, is the source of much confusion here and in other putative UCL class actions that land in federal court. If unnamed plaintiffs have to satisfy Article III standing requirements simply because a case is in federal court—requirements, to be clear, that aren't present in state court—Waller's motion for class certification is in serious trouble. Article III standing requires an injury that's caused by the alleged misconduct, *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992), and it will likely be impossible to show causation on a class-wide basis, at least here. That is, even if Waller can show that the alleged injury is the same—the value differential between the SimpleSave consumers bought and a SimpleSave that truly backs up *everything*, automatically—he'll have a very hard time showing that this injury, for all purchasers, was caused by alleged misrepresentations on the packaging. *See Mazza*, 666 F.3d at 596 (suggesting that reliance may be presumed only where all class members were actually exposed to the alleged misrepresentations and guided by them). Did they all read the alleged misrepresentations? Did they all buy the SimpleSave because of them? Individual considerations will necessarily predominate in answering those questions.[4]

The Court's intuition, for what it is worth, is that *O'Shea* is probably right and the Court must take *Mazza* at its word, and this putative class cannot satisfy Rule 23(b)(3).[5] But the proper course might then be to either dismiss the class claims without prejudice or actually

//

---

[4] *Mazza* originated in the Central District, and it is also curious that the opinion makes no mention of the *O'Shea-Bruno* split, nor does it recognize the Article III standing issue to be a divisive one in the first instance.

[5] Waller also seeks certification under Rule 23(b)(2), but this is a nonstarter. Rule 23(b)(2) is reserved for cases in which a putative class seeks *primarily* injunctive relief, and Waller's complaint couldn't be more clear that it seeks primarily damages. *See Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541, 2557 (2011) (holding that claims can't be certified under Rule 23(b)(2) "where . . . the monetary relief is not incidental to the injunctive or declaratory relief"); *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1195 (9th Cir. 2001) ("Class certification under Rule 23(b)(2) is appropriate only where the primary relief sought is declaratory or injunctive.").

remand this case, if the Court has made a determination that it cannot proceed as a class action here on standing grounds.[6]

Removal of this case was no doubt proper, as the Court has held (*see* Doc Nos. 29, 68), and the Court acknowledges that the Ninth Circuit has held that the denial of class certification doesn't divest a district court of jurisdiction under CAFA.[7] *See United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1092 (9th Cir. 2010) ("If a defendant properly removed a putative class action at the get-go, a district court's subsequent denial of Rule 23 class certification does not divest the court of jurisdiction, and it should not remand the case to state court.").

But *Shell Oil* also recognized an exception when courts lacked jurisdiction to begin with—and standing is jurisdictional. *Id.* at 1092 n. 2; *Doe No. 1 v. Reed*, 697 F.3d 1235, 1238 (9th Cir. 2012). Running with these principles, at least one district court has held that when class certification is denied on Article III standing grounds, rather than for failure to satisfy Rule 23, the court lacks subject matter jurisdiction over the class claims and can dismiss them without prejudice. *Robinson v. Hornell Brewing Co.*, 2012 WL 6213777 at *8 (D.N.J. Dec. 13, 2012). Another district court has actually remanded a case that was removed under CAFA when it determined that the plaintiff lacked Article III standing. *Range v. Cincinnati Life Ins. Co.*, 2012 WL 1035728 (N.D. Ohio 2012). Whatever the result, it doesn't seem to be within the spirit and purpose of CAFA that a defendant can remove a case to federal court and then seize on federal law to insist that plaintiffs lack standing to go forward.

---

[6] CAFA jurisdiction isn't exclusive, after all. *Guenther v. Crosscheck Inc.*, 2009 WL 1248107 at *5 (N.D. Cal. Apr. 30, 2009) ("CAFA gave federal courts 'original' jurisdiction over class actions that satisfy certain criteria, but it did not give federal courts *exclusive* jurisdiction over this action."); *Vallier v. American Fidelity Assurance Corp.*, 2008 WL 4330028 at *3 (D. Kans. Sept. 16, 2008) ("CAFA does not mandate that class actions of any variety—'multi-state' or otherwise—be filed in federal court.").

[7] In a very brief scheduling order earlier in this case, the Court mistakenly suggested that the denial of class certification would result in remand. (*See* Doc. No. 88 at 1.) That is obviously not the law.

This is a vexing issue, and it's one the Court wants to get right. The Ninth Circuit will speak to it definitively when it considers the class certification denial in *O'Shea*, which, like this case, involves UCL and FAL claims only and was originally filed in state court and then removed. If the parties care to brief this issue, they may file one supplemental brief each, no more than 5 pages in length, within two weeks of the date this Order is entered. This case is otherwise stayed until the Court can proceed under the guidance of the Ninth Circuit's opinion in *O'Shea*.

**IT IS SO ORDERED**.

DATED: May 24, 2013

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge